IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-440-O |
| | § | ECF |
| RAYTHEON COMPANY, | § | |
| | § | |
| Defendant. | § | |

## SCHEDULING ORDER

## I.  SUMMARY OF CRITICAL DATES

| | |
|---|---|
| Deadline for Joinder of Parties or Amendment of Pleadings (¶ 2) | November 27, 2009 |
| Plaintiff's Expert Designation & Report (¶ 4 a.) | December 15, 2009 |
| Defendant's Expert Designation & Report (¶ 4 b.) | December 31, 2009 |
| Rebuttal Expert Designation (¶ 4 c.) | 20 days after disclosure made by other party |
| Deadline for Expert Objections (¶ 4 d.) | January 29, 2010 |
| Deadline for Dispositive Motions (¶ 3) | March 15, 2010 |
| Deadline for Mediation (¶ 5) | March 1, 2010 |
| Deadline for Completion of Discovery (¶ 6) | January 29, 2010 |
| Deadline for Pretrial Disclosures and Objections (¶ 7) | June 1, 2010, Objections due 14 days thereafter |
| Deadline for Pretrial Materials  (pretrial order etc.) (¶ 8) | June 21, 2010 |
| Exchange of Exhibits (¶ 9) | No later than three days before trial |
| Pretrial Conference (¶ 11) | To be set if necessary. |
| Trial Date (¶ 1) | July 5, 2010 |

## II.  SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**Please note that the Court has attempted to adhere to the schedule requested by the parties.  In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.**

1. **Trial Date:**  This case is **set for trial** on this Court's four-week docket beginning **July 5, 2010.** Counsel and the parties shall be ready for trial on **two days** notice at any time during this four-week period.

2. **Joinder of Parties or Amendment of Pleadings:**  By **November 27, 2009**, all motions requesting **joinder** of additional parties or **amendments** of pleadings shall be filed.

3. **Dispositive Motions:**  By **March 15, 2010,** all motions that would dispose of all or any part of this case (including motions for **summary judgment**) shall be filed.

4. **Experts:**

   a. **Designation of Expert(s) by Plaintiff:**  Unless otherwise stipulated or directed by order, the plaintiff shall file a written designation of the name and address of each **expert witness** who will testify at trial for the plaintiff and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, on or before **December 15, 2009.** (Unless otherwise noted, all references to Rules in this Order shall refer to the Federal Rules of Civil Procedure.)

  b. **Designation of Expert(s) by Defendant or Third Party:** Each defendant or third party shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **December 31, 2009.**

  c. **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within **20 days** after the disclosure made by the other party.

  d. **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including *Daubert* motions), no later than **January 29, 2010.**

**5.** **Mediation Deadline:** The parties shall jointly select a mediator and mediate on or before **March 1, 2010**.

**6.** **Completion of Discovery:** By **January 29, 2009**, all **discovery** -- including discovery concerning expert witnesses -- shall be completed. The parties may agree to extend this discovery deadline, provided (a.) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b.) **written notice** of the extension is given to the Court.

**7.** **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)-(B) by **June 1, 2010.** With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use. (Modification of Rule 26(a)(3)(A)(ii)). Within **14 days thereafter**, a party must serve and file a list disclosing any **objections**, together with the grounds therefor, to: (a.) the use under Rule 32(a) of a deposition

designated by another party under Rule 26(a)(3)(A); (b.) the admissibility of

materials identified under Rule 26(a)(3)(A)(iii); and (c.) the use of any witnesses

(except for expert objections) identified under Rule 26(a)(3)(A)(i),[1] if any.

Objections not so disclosed, other than objections under Rules 402 and 403 of the

Federal Rules of Evidence, are waived unless excused by the Court for good

cause.

8.    **Pretrial Materials:**   By **June 21, 2010**, except as otherwise noted below, all

**pretrial materials** shall be filed.  Specifically, by this date:

**a.  Pretrial Order:**  A **joint pretrial order** shall be submitted by the Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**.  (Modification of Local Rule 16.4).  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.  If submitted on paper, the parties must submit the original and one copy of the proposed pretrial order (styled as the "Pretrial Order") directly to the Court's chambers.  Do not file it with the clerk.  The Court will direct the clerk to file it after the Court signs it.  If submitted electronically, it must be transmitted to the electronic address used for receipt of proposed orders (o'connor_orders@txnd.uscourts.gov) and a paper courtesy copy must be physically delivered to the Court's chambers no later than **June 21, 2010.**

**b.  Witness List:**  A **list of witnesses** shall be filed by each party -- which divides the persons listed into groups of "**probable witnesses,**" "**possible witnesses,**" "**experts,**" and "**record

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations (Rule 26(a)(3)(A)(ii)) and exhibits (Rule 26(a)(3)(A)(iii)).

**custodians**" and which provides:

> **(i)**    the **name and address** of each witness;
>
> **(ii)**    a **brief narrative summary** of the testimony to be covered by each witness;
>
> **(iii)**    whether the witness has been **deposed;** and
>
> **(iv)**    the **expected duration** of direct or cross-examination of the witness.[2]

The Witness list will include three columns. The first column will contain a brief statement of the subject matter to be covered by a particular witness. The second column will bear the heading "Sworn" and the third column will bear the heading "Testified" so that the Court can keep track of the witnesses at trial.

If any witness needs an interpreter, please note this on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

(Modification of Local Rule 26.2(b))

**c.  Exhibit List and Deposition Testimony Designations:  A list of exhibits (including demonstrative exhibits)** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C). The Exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to

---

[2] Pursuant to Rule 16(c)(2)(O) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the time allowed for presenting evidence in this case. *See* Commentary - 1993 Amendment to the Federal Rules of Civil Procedure (court should ordinarily impose time limits only after receiving appropriate submissions from the parties).

each exhibit shown on the list,

> **(i)**  the parties agree to the admissibility of the exhibit; or

> **(ii)**  the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer.  This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner.  In addition, objections not identified in the statement may be waived.

A **list of each party's exhibits** to which no objection will be lodged (preadmitted) must be submitted at the **pretrial conference**.[3]  The Court expects the parties to confer and agree to admit the <u>majority</u> of their exhibits prior to trial.

**d.  <u>Jury Instructions:</u>  Requested jury instructions (annotated)**[4] shall be filed as set forth below.  In order to minimize time after commencement of the trial in resolving differences in the language to be included in the Court's charge to the jury:

(i) Counsel for the Plaintiff shall deliver to counsel for Defendant by **June 14, 2010**, a copy of its proposed Court's charge to the jury.

(ii) Counsel for Defendant shall deliver to counsel for the Plaintiff by **June 16, 2010** (A) a statement, prepared with specificity, of any objection his client had to any part of the proposed charge that

---

[3]  This does not change the sequential manner in which each side should number its exhibits.  In other words, a party should not separately number its exhibits into "objected to" and "unobjected to" categories.

[4]  "Annotated" means that **each** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions.  It is not sufficient to submit a proposed instruction without citation to supporting authority.

counsel for Plaintiff has delivered pursuant to this paragraph and (B) the text of all additional instructions his client wishes to have included in the Court's charge to the jury.  Each objection and each such additional instruction shall be accompanied by citations of authorities supporting defendant's objection or request.

(iii) At 10:00 a.m. on **June 18, 2010**, the lead attorneys for the parties to this action shall meet face-to face at either (A) a mutually agreeable place, or (B) at the office of counsel for the Plaintiff located in Dallas, Texas or within 50 miles of the Dallas Division of the Northern District of Texas, for the purposes of (1) discussing, and tying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (2) identifying areas of disagreement that cannot be resolved.  Such meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement.  Each attorney shall cooperate fully in all matters related to such a meeting.

(iv) By 2:00 p.m. on **June 21, 2010**, counsel for Plaintiff shall file a document titled "Agreed Charge" which in a single document shall contain, in logical sequence, all language to be included in the charge about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement.  All language of the proposed charge about which there is disagreement shall be (A) in bold face, (B) preceded by an indication of the identity of the party requesting the language, and (C) followed by a listing of citations of authorities in favor of and in opposition to the proposed language.  Objections to instructions may be waived if not stated in the Agreed Charge.

**e.  Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course.  If filed counsel must file them with the Court and serve them on the opposing party by **June 21, 2010**.  Responses must be filed with the Court and served on the opposing party by **June 28, 2010**.  Replies to responses are not permitted except by leave of Court.  Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (good faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are *actually* in dispute). Motions in limine that contain boilerplate requests, that exceed ten topics or that cover undisputed issues will be stricken.

**f.  Voir Dire:**  The parties shall file any **proposed voir dire**

**questions** which the Court is requested to ask during its examination of the jury panel by **June 21, 2010.**

**g.** **Trial Briefs:**  Trial briefs may be filed by each party.  In the absence of a specific order of the Court, trial briefs are not required, but are welcomed.  The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

**NOTE**:  Deadlines in this order regarding pretrial materials are dates for **filing** or **delivery**, **not mailing** dates.

9.    **Exchange of Exhibits**:   No later than **three days before trial**, counsel for each party intending to offer exhibits shall **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel and shall **deliver, a set of marked exhibits to the Court's chambers** (except for large or voluminous items that cannot be easily reproduced).

10.    **Settlement Conference and Status Report:**

**(a)  Settlement Conference:**  At least **14 days** before trial, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case.  Individual parties and their counsel shall participate in person, not by telephone or other remote means.  All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means.  If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means.  At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

**(b)  Joint Settlement Report:**  Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

11.  **Pretrial Conference:**  A **pretrial conference** will be conducted, in person, if the Court determines such a conference is necessary.  If the Court anticipates imposing time limits on the presentation of evidence that *significantly* reduces the parties' estimated trial length, the Court will schedule a pretrial conference and advise of such deadlines so that counsel will have reasonable notice of such limits.  Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend.  FED. R. CIV. P. 16 (c)(1) & (e).  Lead counsel and *pro se* parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial.  *Id.*  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed.  At the final pretrial conference, it should be possible to assign the specific date for trial during the four-week docket.  **Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial to counsel or the Court staff.**

12.  **Modification of Scheduling Order:**  As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court**.  FED. R. CIV. P. 16(b)(4).  Any request that the

**trial date** of this case be modified must be made (a.) **in writing** to the Court; (b.) **before** the deadline for completion of discovery; and (c.) **in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).

13.   <u>**Sanctions**</u>**:**  Should any party or counsel fail to cooperate in doing anything required by this Order, such party or counsel or both may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, the case will be dismissed.  If the *defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial.  Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f).  **Failure to list a witness, exhibit, or deposition excerpt as required by this Order** shall be grounds for exclusion of that evidence.  This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

14.   <u>**Electronic Filing Procedures**</u>**:**  This case has been designated for enrollment in the Electronic Case Filing System (CM/ECF).  (For more information on the ECF system, please see <u>http://www.txnd.uscourts.gov/filing/ecf.html</u>). Now that the case is designated an ECF case, all documents must be filed electronically; however, the Court still requires that courtesy copies of dispositive motions (and

accompanying briefs and appendices) be sent to Chambers.  Proposed orders are **required** to be submitted with **EVERY** motion. (Modification to Local Rule 7.1(c)).  Proposed orders must be submitted via e-mail in a WordPerfect or Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event.  The proposed orders must be e-mailed to: o'connor_orders@txnd.uscourts.gov and include the case number and the document number of the referenced motion in the subject line.

15.   All briefs filed with the Court shall comply with the most recent edition of The Bluebook, A Uniform System of Citation.  Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide jump cites when citing cases, i.e., provide the page where the stated legal proposition can be found.  See <u>Bluebook</u> Rules 3.3(c) & 3.4(a) (Colum. L. Rev. et al. eds., 2000) (regarding jump cites and subsections, respectively).  Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

16.   **Inquiries:**  Questions relating to this scheduling order or any other matters shall be  directed to **Chambers** at **(214) 753-2650**.  Questions regarding electronic notice or electronic case files shall be directed to the **Help Desk** at **1-(866) 243-2866**.

**SO ORDERED** on this 22nd day of June, 2009.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**