IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MILLER | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:09-cv-0440 |
| | § | ECF |
| RAYTHEON COMPANY | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT RAYTHEON COMPANY'S OBJECTIONS
### TO PLAINTIFF'S FEDERAL RULE 26(a)(3) PRETRIAL DISCLOSURES

Defendant Raytheon Company ("Raytheon" or "Defendant"), pursuant to this Court's March 25, 2010 Trial Setting Order and Federal Rule 26(a)(3)(B), files its Objections to Plaintiff's Federal Rule 26(a)(3) Pretrial Disclosures ("Disclosures"), including its objections to Plaintiff's designation of witnesses, deposition designations and exhibits, and respectfully states as follows:

*I.   Plaintiff's Witnesses*

Raytheon objects to Plaintiff calling the following witnesses identified in his Disclosures for any purpose, for the grounds stated below:

| Witnesses | Objections |
|---|---|
| Kenneth L. Barham<br>Patricia Fine<br>Rhonda Goins Brown<br>Tina Moore<br>Mike Paquee<br>Ina D. Robinson<br>Matthew Sheppard | FED. R. CIV. P. 26(a)(1); FED. R. CIV. P. 37(c)(1) (failure to disclose witness). Plaintiff did not designate any of these witnesses in his initial Rule 26(a)(1) Disclosures, or any supplemental or amended disclosures thereto. Pursuant to Rule 37(c)(1):<br><br>"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use…that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." |

| Witnesses | Objections |
|---|---|
|  | FED. R. CIV. P. 37(c)(1); see also *Paulsen v. State Farm Ins. Co.*, No. 06-9546, 2008 U.S. Dist. LEXIS 12096 (E.D. La. Feb. 15, 2008) (striking plaintiff's witnesses who were not disclosed pursuant to 26(a)(1), rather only disclosed in plaintiff's pre-trial witness list, even though defendant had had prior knowledge of these witnessses' existence).<br><br>Thus, Raytheon objects on grounds that it will be prejudiced if Plaintiff is allowed to use any of these witnesses at trial, in that it had no opportunity to obtain written discovery responses from Plaintiff concerning these witnesses, or to depose them in the discovery phase of this case. |
| William E. Anderson<br>Kenneth L. Barham<br>Maggie Carter<br>Patricia Fine<br>Rhonda Goins Brown<br>Tina Moore<br>Mike Paquee<br>Ina D. Robinson<br>Matthew Sheppard | FED. R. EVID. 403 (relevance); FED. R. EVID. 602 (lack of personal knowledge). Raytheon objects to each of these witnesses on the grounds that Plaintiff has no evidence that they have personal knowledge of matters related to Plaintiff's termination or his application for rehire. |
| William E. Anderson<br>Kenneth L. Barham<br>Maggie Carter<br>Rhonda Goins Brown<br>Vivek Kamath<br>Ina D. Robinson | Raytheon objects to each of these witnesses on the grounds that they are outside the subpoena range of the place of trial. FED. R. CIV. P. 45(b)(2). |

II.   *Plaintiff's Deposition Designations*

Raytheon objects to Plaintiff using any of the following deposition testimony identified in his Disclosures for any purposes, for the grounds stated below. Raytheon further designates its deposition designations in response to the designations made by Plaintiff in order to ensure a

complete, fair and accurate reflection of the witnesses' testimony,[1] which it may use for any purpose permissible under Rule 37, if necessary.

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
| William E. Anderson | 16:2 to 16:12 – Plaintiff designates only the answer, but not the question. The answer alone is irrelevant without the preceding question. | 7:5 to 7:9<br>7:19 to 8:6; 8:18 to 9:7<br>14:12 to 15:1<br>17:7 to 17:9; 17:16 to 17:20<br>19:12 to 19:23<br>49:6 to 49:9<br>50:10 to 51:1; 51:2 to 51:13<br>66:16 to 68:4<br>68:23 to 69:4<br>69:14 to 70:5<br>72:24 to 73:19<br>75:8 to 75:21<br>76:9 to 77:2<br>85:6 to 85:8 |
|  | 30:3 to 31:7 – Irrelevant; any probative value substantially outweighed by unfair prejudice and confusion of the issues. Lack of foundation and testimony addresses inadmissible matters related to the components of items that may be used to calculate the amount of back pay damages, which is an equitable remedy to be decided by the Court. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003). |  |
|  | 36:16 to 37:1 – Irrelevant; any probative value substantially outweighed by unfair prejudice and confusion of the issues. Lack of foundation and addresses inadmissible matters related to the components of items that could be used to calculate the amount of back pay damages, which is an equitable remedy to be decided by the Court. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003). |  |
|  | 38:18 to 47:18 – Testimony is speculation, and not based on witness's personal knowledge. Lack of foundation; witness testified that he was not familiar with the information in the document (RAYTHEON/Miller 287-288) as to |  |

---

[1] *See* FED. R. CIV. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.").

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
|  | Plaintiff. Witness testified that he did not know the meaning of certain categories of information set forth in the document about which he was questioned. |  |
|  | 79:18 to 79:21 – Testimony is speculation, and not based on witness' personal knowledge. Testimony potentially subject to motion in limine to exclude any evidence, reference or argument concerning or related to Plaintiff's "I" performance rating. |  |
|  | 99:17 to 100:7 – Lack of foundation. |  |
| Vivek Kamath | 77:20 to 78:13 – The witness was questioned about a document he had never seen. Testimony is speculation, and not based on witness's personal knowledge. | 5:7 to 5:24<br>6:3 to 6:19<br>11:1 to 11:25<br>12:1 to 12:27<br>13:1 to 13:24<br>17:14 to 17:25<br>18:1 to 18:15<br>19:13 to 19:25, 20:3<br>25:19 to 25:25<br>38:20 to 38:25<br>39:1 to 39:25<br>40:5<br>41:4 to 41:25<br>42:1 to 42:4<br>42:15 to 42:25<br>43:1 to 43:25<br>44:1 to 44:18<br>49:24 to 49:25<br>50:1 to 50:25<br>51:1 to 51:2<br>58:16 to 58:23<br>59:1 to 59:25<br>60:1 to 60:25<br>61:1 to 61:6<br>72:1 to 72:7<br>73:20 to 73:25<br>74:10 to 74:25<br>75:1 to 75:12<br>81:7 to 81:25 |

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
|  |  | 82:1 to 82.25<br>83:1 to 83:25<br>84:1 to 84:25<br>85:1 to 85: 23<br>91:18 to 91:25<br>92:1 to 92:19<br>98:10 to 98:25<br>99:1 to 99:25<br>123:5 to 123:9<br>123:15 to 123:25<br>124:3 to 125:25<br>125:1 to 125:23 |
| James Lam |  | 5:24 to 6:3<br>6:13 to 7:5<br>8:12 to 8:17<br>17:13 to 18:11<br>18:12 to 18:16<br>18:21 to 18:24; 19:3 to 19:17<br>19:21 to 19:24; 20:2 to 20:12<br>23:9 to 23:19<br>23:23 to 23:25; 24:1 to 24:21<br>25:1 to 25:6<br>29:24 to 30:3<br>30:6 to 30:17; 30:23 to 30:25 |
| Allen Reid | 18:21 to 18:24; 35:4 to 35:18 – Testimony about termination decisions made by those other than Plaintiff's supervisor, Robert Lyells ("Lyells") is irrelevant. The motivation of others not at issue; only Lyells' motivation is relevant.<br><br>51:5 to 51:11 – Lack of foundation. Testimony calls for a legal conclusion and/or interpretation.<br><br>52:8 to 52:25; 53:1 to 53:9 – Misleading and confusion of the issues; lack of foundation as to the "meeting" witness is questioned about. Irrelevant; testimony about meetings with those managers other than Lyells is irrelevant. |  |

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
| | 56:5 to 56:9 – Lacks foundation. | |
| | 57:7 to 57:11 – Testimony about termination decisions made by those other than Lyells is irrelevant. | |
| | 59:24 to 60:4 – Confusing; designation of answer, but not question. The answer alone without the preceding question is irrelevant. | |
| | 63:3 to 63:4 – Confusing; designation of portion of answer only, but not the question. The excerpt of the answer alone is irrelevant. | |
| | 110:22 to 111:1 – Plaintiff designates only the question, but not the answer. The question alone is irrelevant. | |
| | 117:9 to 117:11 – Plaintiff designates only the answer, but not the question. The answer alone is irrelevant | |
| | 123:10 to 124:1 -- Testimony is about document that requires sponsorship/foundation and document lacks authenticity. FED R. EVID. 901, 902. | |
| | 164:1 – Plaintiff designates only the answer, but not the question. The answer alone is irrelevant. | |
| | 182:6 to 187:19 – Testimony covers information designated confidential subject to the Agreed Protective order. | |
| | 193:15 to 196:13; 198:4 to 199:5 – Irrelevant; any probative value substantially outweighed by unfair prejudice and confusion of the issues. Lack of foundation and testimony addresses inadmissible matters related to the components of | |

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
| | items that may be sued to calculate the amount of back pay damages, which is an equitable remedy to be decided by the Court. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003). Testimony is speculation, and not based on witness's personal knowledge. FED R. EVID. 602. | |
| | 205:16 to 208:13 – Testimony is speculation, and not based on witness's personal knowledge. FED R. EVID. 602. Testimony regarding document that witness cannot sponsor. | |
| Loretta Sweeney | 5:16 – Plaintiff designates an incomplete question. | |
| | 10:16 to 11:3 – Lacks foundation. Testimony is based on speculation, not based on witness's personal knowledge. FED R. EVID. 602. | |
| | 18:6 to 18:9 – Plaintiff designates an incomplete answer. The answer and preceding question are irrelevant if the answer is incomplete. | |
| | 27:7 to 27:12; 28:15 to 31:6 – Testimony about document that witness testified she had not seen before. | |
| | 54:12 to 54:14 – Lacks foundation. Testimony is speculation, and not based on witness's personal knowledge. FED R. EVID. 602. | |
| | 55:19 to 55:25 – Nonresponsive. | |
| | 64:1 to 64:5 – Plaintiff designates an incomplete question. | |
| | 104:13 to 104:15 – Testimony is speculation, and not based on witness's personal knowledge. FED R. EVID. 602. | |

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
| Amos Wilson | 25:21 to 28:3; 31:1 to 39:22 – This is testimony on document reflecting terminations made by decision makers other than Lyells. Only Lyells's motivation is relevant. | 4:11 to 4:25<br>5:7 to 5:9<br>9:13 to 10:25<br>11:1 to 11:16<br>12:11 to 12:25<br>13:1 to 13:4<br>17:12 to 18:6<br>43:7 to 44:13<br>46:18 to 47:13<br>49:16 to 50:11<br>51:2 to 52:11<br>54:6 to 56:21<br>63:17 to 64:25<br>65:1 to 66:25<br>67:1 to 67:20<br>71:8 to 72:9<br>73:12 to 75:6<br>76:13 to 76:22<br>76:25 to 77:12<br>79:13 to 79:18<br>80:3 to 80:12<br>99:8 to 99:20<br>110:12 to 110:17<br>141:16 to 142:4<br>142:11 to 142:16<br>143:19 to 146:7<br>148:24 to 150:18<br>151:7 to 152:3 |
| | 71:12 to 72:17 – Hearsay. FED. R. EVID. 802. | |
| | 73:12 to 74:16 – Hearsay. FED. R. EVID. 802. | |
| | 76:25 to 77:8 – Hearsay. FED. R. EVID. 802. | |
| | 77:19 to 80:2 – Hearsay. FED. R. EVID. 802. | |
| | 93:11 to 95:1 – Hearsay. FED. R. EVID. 802. | |
| | 96:8 to 96:10; 96:14 – This is testimony about Plaintiff's receipt of an "I," when on p.99, Wilson admits he has no knowledge of why Miller received an "I." | |
| | 106:15 to 107:18 – Wilson's opinion on the RIF is irrelevant and lacks foundation, as Wilson was not a decision maker. | |
| | 113:20 to 114:3 – There is no foundation for the assertion that Wilson had any duty to help Plaintiff find a job, or that Plaintiff was qualified for any other jobs. | |
| | 121:2 to 122:6; 123:6-16; 123:19-124:10 – This is testimony regarding the Raytheon leadership program. Judge Fish, in *Bell, et al. v. Raytheon*, No. 3:08-cv-0702-G, 2009 U.S. Dist. LEXIS 67016, at *22-*23 (N.D. Tex. July 31, 2009), held that a leadership program is not relevant, as a matter of law, to an age claim. | |

| Witness | Objections to Plaintiff's Deposition Designations | Raytheon's Designations |
|---|---|---|
| | 132:21 to 133:5; 133:19 to 134:13; 135:19 to 136.7 – This is testimony regarding a document that Wilson cannot authenticate or sponsor. Therefore, the document lacks foundation. | |
| | 160:12-15; 161:8 to 164:22 – There is no foundation for the testimony that Wilson's duties included assisting Plaintiff in his job search, and there is no testimony to provide such foundation. | |

If Plaintiff is permitted to make any additional designations, either in response to Raytheon's designations or otherwise, Raytheon reserves the right to assert additional objections pursuant to FED. R. EVID. 402 and 403. *See* FED. R. CIV. P. 26(a)(3)(B).

III.   *Plaintiff's Exhibits*

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| 2. | Performance Development Summaries re: Richard Miller | Raytheon/Miller 186, 193-196 | Raytheon objects to these exhibits, as it will stipulate that through the course of his employment, Plaintiff received 28 performance evaluations of "meets expectations" or higher, including 17 years where he "exceeded" performance expectations. Therefore, these exhibits are unnecessary, and their exclusion will aid in the efficiency of the trial proceeding. |
| 3. | Additional Performance Development Summaries re: Richard Miller | RM 1022-1133 | FED. R. EVID. 901, 902 (lacking authenticity). Raytheon further objects to these exhibits, as it will |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | stipulate that through the course of his employment, Plaintiff received 28 performance evaluations of "meets expectations" or higher, including 17 years where he "exceeded" performance expectations. Therefore, these exhibits are unnecessary, and their exclusion will aid in the efficiency of the trial proceeding. |
| 4. | Excerpts of Miller's notes | RM 206-219 | Raytheon objects to these exhibits to the extent they contain Plaintiff's recorded recollections in the form of handwritten notes. Such recorded recollections are not admissible in evidence, but rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). <br><br> Raytheon further objects to these exhibits to the extent they include hearsay regarding statements made to or from its third-party administrator (e.g., Raytheon's Benefit Center). FED. R. EVID. 802. |
| 5. | 2007 Performance Screen re: Richard Miller | Ex. 11/RM 585-90 | Raytheon objects to the extent these exhibits contain Plaintiff's recorded recollections in the form of handwritten notes. <br><br> Specifically, Raytheon objects to RM 586. Such recorded recollections are not admissible in evidence, but |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). |
| 6. | Excerpts of Miller's notes re: 2007 mid-year review and staff meetings | RM 550, 563 | Raytheon objects to the extent these exhibits contain Plaintiff's recorded recollections in the form of handwritten notes. Such recorded recollections are not admissible in evidence, but rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). |
| 7. | Michael Rynbrandt Resumé | Raytheon/Miller 1018-1019 | Raytheon objects to these exhibits in that they are not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. Raytheon further objects as follows: Hearsay FED. R. EVID. 802; irrelevant, misleading jury, confusion of issues and undue prejudice substantially outweighs any probative value. FED. R. EVID. 403. |
| 8. | Performance Development Summaries re: Michael Rynbrandt | Raytheon/Miller 1020-24 | Raytheon objects to these exhibits in that they are not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. Raytheon further objects as follows: Hearsay FED. R. EVID. 802; irrelevant, misleading jury, confusion of issues and undue prejudice substantially outweighs any |

DEFENDANT RAYTHEON COMPANY'S OBJECTIONS
TO PLAINTIFF'S FEDERAL RULE 26(a)(3) PRETRIAL DISCLOSURES – Page 11

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | probative value. FED. R. EVID. 403. |
| 10. | SCM RIF ADEA worksheet (and cover e-mail) | Ex. 36/RM 141, 195-205 | Lacking authenticity. FED. R. EVID. 901, 902. |
| 15. | 2007 Performance Development Summary re: Richard Miller and cover email | Ex. 46/ Raytheon/Miller 184-85, RM 180 | Irrelevant; misleading jury, confusion of issue, undue prejudice substantially outweighs any probative value. FED. R. EVID. 403. |
| 16. | Performance Development Summaries re: Kenneth Barham | Ex. 48/ Raytheon/Miller 1109-1112 | Raytheon objects to this exhibit in that it is not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. Raytheon further objects as follows: Hearsay. FED. R. EVID. 802; irrelevant, misleading jury, confusion of issues and undue prejudice substantially outweighs any probative value. FED. R. EVID. 403. |
| 20. | HREIS report screen re: Richard Miller | Ex. 52/ Raytheon/Miller 1114 | Raytheon objects to this exhibit in that the document requires sponsorship/ foundation from a competent witness. Raytheon further objects to Plaintiff or any other witness attempting to testify as to any document they did not create. |
| 21. | Organization Chart | Ex. 53/ Raytheon/Miller 1115-1123 | Raytheon objects to this exhibit in that it is not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. |
| 22. | Organization Charts | Ex. 55/ Raytheon/Miller 9-11 | Raytheon objects to this exhibit in that it is not |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. |
| 23. | E-mail chain dated 2/27/08 | Ex. 58/ Raytheon/Miller 861-864 | Raytheon objects to this exhibit in that it is not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. |
| 24. | E-mail chain between Lyells and Miller dated 1/31/08 | Raytheon/Miller 867-68 | Raytheon objects to these exhibits in that the are not designated as "confidential" pursuant to the Agreed Protective Order applicable to this litigation. |
| 27. | J. Lam notes of telephone calls | Raytheon/Miller 224 | Raytheon objects to this exhibit as lacking foundation. This exhibit requires sponsorship by a competent witness. Raytheon further objects to the extent the plaintiff or any other witness seeks to interpret any document that (s)he did not create. |
| 28. | HREIS report screen re: Richard Miller | Ex. 74/ Raytheon/Miller 287-88 | Raytheon objects to this exhibit as lacking foundation. This exhibit requires sponsorship by a competent witness. Raytheon further objects to the extent the plaintiff or any other witness seeks to interpret any document that (s)he did not create. |
| 30. | Candidate Workflow Status re: Richard Miller | Raytheon/Miller 1044 | Duplicative of Plf's Exh. No. 19. |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| 34. | Excerpts of Raytheon Company's 2008 Annual Report | Located at www.raytheon.com | Raytheon objects to this exhibit in that Plaintiff's designation lacks specificity as to the exact pages from its Annual Report that may be used at trial. Raytheon further objects on grounds that this voluminous document will only confuse, rather than educate, the jury. This report involves technical matters, and while Plaintiff's expert may testify as to same, having it submitted to the jury is unnecessary and would cause undue confusion. Raytheon further objects that this exhibit will not be relevant, unless and until the Court decides to give a jury instruction on exemplary damages. Raytheon requests that this information not be disclosed to the jury unless and until the Court determines whether an exemplary damage charge is appropriate. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 870 (Tex. 2008) ("a defendant's wealth has a 'very real potential' for prejudice."). |
| 35. | Excerpts of Raytheon Company's 2009 Annual Report | Located at www.raytheon.com | Raytheon objects to this exhibit in that Plaintiff's designation lacks specificity as to the exact pages from its Annual Report that may be used at trial. Raytheon further objects on grounds that this voluminous document will only confuse, rather than educate, the jury. |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | The report involves technical matters, and while Plaintiff's expert may testify as to same, having it submitted to the jury is unnecessary and would cause undue confusion. |
| | | | Raytheon further objects that this exhibit will not be relevant, unless and until the Court decides to give a jury instruction on exemplary damages. Raytheon requests that this information not be disclosed to the jury unless and until the Court determines whether an exemplary damage charge is appropriate. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 870 (Tex. 2008) ("a defendant's wealth has a 'very real potential' for prejudice."). |
| 36. | SEC Form 8-K re: Raytheon Company, dated 1/28/10 | Raytheon/Miller 1362-86 | Raytheon objects to this exhibit in that Plaintiff's designation lacks specificity as to the exact pages that will be used at trial. |
| | | | Raytheon further objects on the grounds that this voluminous document will only confuse, rather than educate, the jury. The report involves technical matters, and while Plaintiff's expert may testify as to same, having it submitted to the jury is unnecessary and would cause undue confusion. |
| | | | Raytheon further objects that this exhibit will not be relevant, unless and until the Court decides to give a jury |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
|  |  |  | instruction on exemplary damages. Raytheon requests that this information not be disclosed to the jury unless and until the Court determines whether an exemplary damage charge is appropriate. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 870 (Tex. 2008) ("a defendant's wealth has a 'very real potential' for prejudice."). |
| 38. | Various documents concerning Miller's earnings relied upon by Dr. Burkman | Raytheon/Miller 39-68, 197-209; RM 91-114, 569-80, 595-97, 610-13, 623-24, 628-30, 632 637, 641-42, 1305-06. | Exhibits attached to Dr. Burkman's report involve technical matters, and while Dr. Burkman may testify as to same, having same submitted to the jury is unnecessary and would cause undue confusion. |
| 40. | Richard Miller – Job Search Log | RM 230-32 | Raytheon objects to the extent this exhibit contains Plaintiff's recorded recollections in the form of handwritten notes. Such recorded recollections are not admissible in evidence, but rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). Raytheon further objects to these exhibits to the extent they include hearsay pursuant to FED. R. EVID. 802. Raytheon further objects pursuant to FED. R. EVID. 901, 902 (lacking authenticity). |
| 41. | Richard Miller – supplemental job search | To be supplemented | Lacks specificity. Raytheon further objects to the extent this exhibit contains Plaintiff's recorded recollections in the form of |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
|  |  |  | handwritten notes. Such recorded recollections are not admissible in evidence, but rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). Raytheon further objects to these exhibits to the extent they include hearsay pursuant to FED. R. EVID. 802. Raytheon further objects pursuant to FED. R. EVID. 901, 902 (lacking authenticity). |
| 42. | Documents relating to Miller's job search | RM 244-439 | Raytheon objects to the extent this exhibit contains Plaintiff's recorded recollections in the form of handwritten notes. Such recorded recollections are not admissible in evidence, but rather only to refresh Plaintiff's memory if needed pursuant to FED. R. EVID. 803(5). Raytheon further objects to these exhibits to the extent they include hearsay pursuant to FED. R. EVID. 802. Raytheon further objects pursuant to FED. R. EVID. 901, 902 (lacking authenticity). |
| 46. | Severance offer and release of claims re: Richard Miller | RM 115-117 | Raytheon objects to the extent this exhibit lacks authenticity. There is no signature, although there is a space for a signature. This exhibit requires sponsorship by a competent witness. Raytheon further objects to the extent the plaintiff or any other |

| Plf's. Exh. No. | Exhibit/Summary | Identifier | Objections |
|---|---|---|---|
| | | | witness seeks to interpret any document that (s)he did not create. |
| 47. | Richard Miller's charge of age discrimination (#450-2008-04615) | RM 6-7 | Hearsay. FED. R. EVID 802. |
| 50. | Timeline of Events (demonstrative) | | Lacks specificity. |
| 51. | Summary of Damages (current through time of trial) | | Lacks specificity. |
| 52. | Evidence Summary Charts (demonstrative) | | Lacks specificity. |

Respectfully submitted,

By:      */s/ Buena Vista Lyons*
**Michael P. Maslanka**
Texas State Bar No. 13148800
mmaslanka@fordharrison.com
**Buena Vista Lyons**
Texas State Bar No. 00797630
vlyons@fordharrison.com

**FORD & HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANT RAYTHEON COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June 2010, the undersigned counsel-of-record for Defendant electronically filed the above and foregoing ***Defendant Raytheon Company's Objections to Plaintiff's Federal Rule 26(a)(3) Pretrial Disclosures*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

> Hal K. Gillespie, Esq.
> Yona Rozen, Esq.
> James D. Sanford, Esq.
> Edith Thomas, Esq.
> Gillespie, Rozen & Watsky, P.C.
> 3402 Oak Grove Avenue, Suite 200
> Dallas, Texas  75204

                                                                    */s/ Buena Vista Lyons*
                                                                      Buena Vista Lyons

Dallas:19599.1