IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD MILLER** | § | |
| | § | |
| *Plaintiff,* | § | CIV. A. NO. 3:09-cv-0440-O |
| | § | ECF |
| *v.* | § | |
| | § | |
| **RAYTHEON COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION IN LIMINE AND BRIEF IN SUPPORT

TO THE HONORABLE REED O'CONNOR:

In accordance with the Court's March 25, 2009 trial setting order, Plaintiff Richard Miller submits the following *Motion in Limine* after conference with opposing counsel. Plaintiff respectfully states as follows in support of his motion:

### I.    NATURE OF THIS CASE

Miller contends Defendants Raytheon Company violated federal and state laws prohibiting age discrimination in employment by firing him on March 13, 2008 after nearly 29 years of highly productive employment. Miller brings this action for damages and other legal and equitable relief under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001 *et seq.* Miller requested a jury trial on all issues triable of right to a jury.

### II.    GROUNDS FOR THIS MOTION

The evidentiary matters addressed in this motion are inadmissible into evidence for some or all purposes upon proper and timely objection. Among these matters are evidence of Miller's wife's income and earning capacity. Plaintiff also seeks exclusion of certain species of argument and evidence generally inadmissible in any civil suit, as detailed below.

If Raytheon were to inject the matters below into the trial of this case through a party, attorney, or witness, or through documentary or other evidence, it would cause irreparable harm to Miller's case. Moreover, no jury instruction would adequately cure the harm resulting from Raytheon's injection of this inadmissible evidence into the trial. Accordingly, in order to avoid undue prejudice, Miller respectfully asks the Court to prohibit Raytheon from offering any of the following evidence without first seeking a ruling—outside of the jury's presence—on the evidence's admissibility. *See* FED. R. EVID. 103(c)("In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means....)

1. **Any reference to potential Attorney's fees and costs, and any statement or suggestion that a finding for Plaintiff or an award of damages would entitle him to recover attorney's fees and/or costs from Defendant.**

The only issues for jury determination in this case are those involving liability and damages. Miller's request for attorneys' fees and costs is in issue only after he succeeds on his underlying claims. Consequently, any evidence or information relating to a potential award of attorney's fees during the liability/damages portion of trial is irrelevant to any issue that the jury is to decide. Indeed, a party seeking attorney's fees must file a separate motion under Federal Rule of Civil Procedure 54(d)(2), and the Court's trial setting order indicates that the Court will "consider attorney's fee claims on motion made after entry of judgment." *See* Mar. 25, 2009 Order (citing Fed. R. Civ. P. 54(d)). The Court should therefore exclude any such evidence under Federal Rule of Evidence 402.

Furthermore, the issue of potential attorney's fees and costs to be awarded to Plaintiff, should he prevail, has no bearing on liability and damages in this case and the probative value of such information is necessarily substantially outweighed by the danger of misleading and

confusing the jury. Therefore, any such information should be excluded under Federal Rule of Evidence 403.

2. **Any reference to statutory caps on damages under federal or state law.**

Miller seeks compensatory and punitive damages under Texas Labor Code § 21.2585. Raytheon should not be permitted to suggest to the jury of the statute's cap on those types of damages, which would serve to bias its consideration of the scope and extent of Miller's damages.

3. **Any statement, argument, or evidence Concerning the value of Cheryl Miller's income, assets, or earning capacity.**

Raytheon's counsel deposed Cheryl Miller, Plaintiff's spouse, and inquired into her compensation and benefits from employment, among other issues. Specifically, in one exchange, Raytheon's counsel directly asked for Mrs. Miller's current salary:[1]

Q. (BY MS. LYONS) Okay. Mrs. Miller, I had one follow-up question for you with respect to your job with Golden Living. What is your current annual salary with them?
A. My base salary is ***.
Q. Okay. And what other forms of compensation do you have with them?
A. There would be a discretionary annual bonus.
Q. Uh-huh.
A. And actually, I'm not familiar enough with how they pay that out yet, but I would expect it to be at least ** percent.
Q. Okay. Anything else that you're aware of?
A. Other than the relocation package.

*See, e.g.*, Miller, Cheryl depo. 44:5-18.

*Ms.* Miller's income, earning capacity, and assets are in no way material to *Mr.* Miller's claims for lost wages and benefits or to any claim that Raytheon might have to an offset for interim earnings. This information is irrelevant and inadmissible. *See* FED. R. EVID. 401, 402.

Further, reference to Ms. Miller's earnings and assets is inadmissible for the additional reason that it poses a substantial risk of confusing the issues and misleading the jury. *See* FED.

---

[1] The parties agreed to treat Mrs. Miller's salary and bonus as "Confidential" information under the protective order. Thus, Plaintiff has redacted the actual information from this motion.

**Plaintiff's Motion in Limine – Page 3**

R. EVID. 403. By injecting this evidence, Raytheon apparently means to suggest to the jury that Mr. Miller should not be made whole because his wife earns a certain amount and is able to support their family. The Court should therefore require Raytheon to obtain a ruling on admissibility prior to presenting any such evidence.

### III.   CONCLUSION AND PRAYER

For reasons set out above, Plaintiff respectfully asks the Court to instruct Raytheon and its counsel to refrain from mentioning, referring to, or attempting to convey to the jury in any manner—either directly or indirectly—any of these matters without first obtaining the Court's permission, outside of the jury's presence and hearing. Plaintiff further requests that the Court instruct Raytheon and its counsel to caution each of their witnesses to abide by the same instructions.

DATED: June 18, 2010

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Tel: (214) 720-2009
Fax: (214) 720-2291

/s/ James D. Sanford
Hal K. Gillespie
*Attorney-in-Charge*
Texas Bar No. 07925500
hkg@grwlawfirm.com
Yona Rozen
Texas Bar No. 17958500
yrozen@grwlawfirm.com
Edith K. Thomas
Texas Bar No. 24060717
ethomas@grwlawfirm.com
James D. Sanford
Texas Bar No. 24051289
jsanford@grwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

     Counsel for Raytheon Company, Michael Maslanka, met with Plaintiff's counsel, Yona Rozen and Jim Sanford, on Friday, June 18, 2010 to discuss the contents of Plaintiff's *Motion in Limine*, among other topics.  In an e-mail exchange following the Friday afternoon meeting, Mr. Maslanka indicated that Raytheon does not object to and is not opposed to Plaintiff's request for an order as to issues one and two above.  Raytheon opposes Plaintiff's third limine issues, concerning Mrs. Miller's earnings.

                                  */s/ James D. Sanford*
                                    One of Plaintiff's Counsel

## CERTIFICATE OF SERVICE

     The undersigned certifies that on June 18, 2010 he electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to the following individuals, who have consented in writing to accept this Notice as service of this document by electronic means:  Michael P. Maslanka, Esq., and Buena Vista Lyons, Esq., of FORD & HARRISON LLP, attorneys for Defendant Raytheon Company.

                                  */s/ James D. Sanford*
                                    One of Plaintiff's Counsel