**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD MILLER** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | **CIV. A. NO. 3:09-cv-0440-O** |
| | § | **ECF** |
| *v.* | § | |
| | § | |
| **RAYTHEON COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

**AGREED CHARGE**

In accordance with the Court's March 25, 2010 trial setting order, the parties submit the following "Agreed Charge." Because the parties could not reach agreement on the structure and content of issues of liability and damages, each is submitting proposed liability and damages sections, including instructions and jury questions, and the opposing parties' objections are noted below each proposed instruction.

AGREED AS TO FORM
AND AS TO SUBSTANCE UNLESS OBJECTED
TO OR OTHERWISE INDICATED:

DATED:  June  21 , 2010                           Respectfully submitted,

FORD & HARRISON LLP                          GILLESPIE, ROZEN & WATSKY, P.C.
1601 Elm St., Suite 4450                        3402 Oak Grove Ave., Suite 200
Dallas, Texas 75201                              Dallas, Texas 75204
Tel:    214.256.4700                             Tel:    214.720.2009
Fax:    214.256.4701                             Fax:    214.720.2291

By: */s/ Michael P.*                            By: */s/ Hal K. Gillespie*
*Maslanka (by permission)*                       *(by permission)*
      Michael P. Maslanka                              Hal K. Gillespie
      Texas Bar No. 13148800                           *Attorney-in-charge*
      MMaslanka@fordharrison.com                       hkg@grwlawfirm.com
      Buena Vista Lyons                                Texas Bar No. 07925500

Texas Bar No. 00797630
VLyons@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

Yona Rozen
Texas Bar No. 17958500
yrozen@grwlawfirm.com
James D. Sanford
Texas Bar No. 24051289
jsanford@grwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

The undersigned certifies that on June  21 , 2010 he electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.   The electronic case files system sent a "Notice of Electronic Filing" to the following individuals, who have consented in writing to accept this Notice as service of this document by electronic means:  Michael P. Maslanka, Esq., and Buena Vista Lyons, Esq., of FORD & HARRISON LLP, attorneys for Defendant Raytheon Company.


_/s/ James D. Sanford_
One of Plaintiff's Counsel

**[I.   GENERAL INSTRUCTIONS]**

**INSTRUCTION NO. 1**
**(Preliminary Instruction – Trial Procedure and Evidence)**
**(Requested to be given to the jury at the beginning of the trial)**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury, you will decide disputed questions of fact.

As the judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, Richard Miller will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, Mr. Miller may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.[1]

Pay close attention to the testimony and evidence.  [Do not take notes.]  The evidence in the case will consist of the following:

1.     The sworn testimony of all witnesses, no matter who called a witness.

2.     All exhibits received in evidence, regardless of who may have produced the exhibits.

3.     All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  A deposition may be read to you or

---

[1] See Defendant's Proposed Instruction No. 1(a) below concerning "Bias Instruction-Corporate Party Involved".  Plaintiff objects to the inclusion of this instruction and proposes alternative language in the event that some form of the instruction is given.  If a bias instruction is given, Plaintiff proposes that it be inserted here.

played for you on videotape.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

[(*)]  At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

[Alternate 1:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.]  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.  [If given, insert Alternative 1 at (*) above.]

Until this trial is over, do not discuss the case with anyone and do not permit anyone to discuss this case in your presence.  Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant-messaging service, any Internet chat room, blog or website, such as Facebook, MySpace, YouTube or Twitter, to communicate to anyone any information about this case, until I accept your verdict.  Do not discuss the case even

with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.]  [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**Source:** **Adapted from 5th Cir. Pattern Jury Instructions (Civil Cases) Instruction No. 1.1 (2006) and O'Malley, Kevin F. *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.40 (5th ed. 2001).**

Given: _____          Denied: _____


_____
Honorable Reed O'Connor

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1(A)

**Bias Instruction—Corporate Party Involved**[2]

Do not let bias, prejudice or sympathy play any part in your deliberations. You must make your decision based upon the facts of this case, and not let sympathy or emotion sway your decisions. A corporation like Defendant and all other persons are equal before the law and must be treated as equals in a court of justice.

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____    _____
                                        The Honorable Reed O'Connor
                                        United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1. Plaintiff objects to the issuance of this instruction because it singles out Defendant. If the instruction is given, Plaintiff requests that it give equal treatment to the parties, as follows:

"Do not let bias, prejudice or sympathy play any part in your deliberations. You must make your decision based upon the facts of this case, and not let sympathy or emotion sway your decisions. **Corporations like Raytheon Company and individuals like Mr. Miller** are equal before the law and must be treated as equals in a court of justice."

If given, Plaintiff proposes that this instruction be inserted into Instruction No. 1 at p. 3.

---

[2] Adapted from Fifth Circuit Pattern Jury Instructions Civil § 2.13 (2006).

**INSTRUCTION NO. 2**
**(General Instructions for Charge)**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

The parties have agreed, or stipulated, that:

[Enter stipulations here.]

This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

Answer each question presented to you from the facts as you find them. [Do not decide who you think should win and then answer questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. A "preponderance of the evidence" means evidence that persuades you that a claim or defense is more likely true than not true. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Miller's claims by a preponderance of the evidence, you should find for the defendant. Similarly, if the proof fails to establish any essential part of the defendant's affirmative defenses by a preponderance of the evidence, you should find for Mr. Miller as to that affirmative defense.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.[3]

---

[3] See Defendant's Proposed Instruction No. 2(a) below concerning "Preponderance of the Evidence". Instruction No. 2 already includes an explanation of the "preponderance of the evidence" standard. Plaintiff therefore sets out below his objections to Defendant's proposed instruction.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.)]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters.  He or she is called an expert witness.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness. The other is indirect, or circumstantial, evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as the] exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Source:      Adapted from the 5th Cir. Pattern Jury Instructions (Civil Cases)(2006) Instruction Nos. 2.3, 2.11, 2.19, 2.20, and 3.1; O'Malley, Kevin F. et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 104.01 (5th ed. 2001).**

Given: _____          Denied: _____


_____
Honorable Reed O'Connor

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(A)

**Preponderance of the Evidence**[4]

In this case, and unless otherwise instructed, Plaintiff must prove every essential part of his claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that Plaintiff claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

You are the sole decision maker on a witness' credibility. If an expert witness is called to testify in this case, you need not give that witness' testimony any greater weight because they are denoted as an expert witness.

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____ |
| | The Honorable Reed O'Connor |
| | United States District Court Judge |

---

**PLAINTIFF'S OBJECTION(S):**

1.  Plaintiff objects because this instruction is redundant of other instructions already included in this charge. Preliminary Instruction No. 2 already instructs the jury on the "preponderance of the evidence" standard and the testimony of expert witnesses. *See supra* at 7 and 8.

---

[4]  Modified from Fifth Circuit Pattern Jury Instructions Civil §2.20 (2006).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(B)

**Selecting Employees for Inclusion in Reduction-In-Force (RIF) Based on Compensation Does Not Constitute Age Discrimination[5]**

It is not discriminatory under the law for an employer to make an employment decision based upon an employee's compensation level.  Employment discrimination laws prohibit discrimination solely on the basis of age, not on the basis of tenuously-related factors such as compensation level or seniority.  To the extent an employer, like Defendant, takes any action against an employee because of his salary, this does not constitute unlawful age discrimination.

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____ <br> The Honorable Reed O'Connor <br> United States District Court Judge |

## PLAINTIFF'S OBJECTION(S):

1.  Plaintiff objects that this instruction is improper and irrelevant and potentially confusing to the jury.  Plaintiff does not allege that Defendant terminated him because of his compensation level.

2.  Plaintiff objects that this instruction includes an improper statement of the law in that it includes a "sole cause" instruction, whereas the ADEA bars discrimination "because of" age. *See* 29 U.S.C. § 623(a); 5th Cir. Labor and Employment Pattern Jury Charges (2009)

---

[5]  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (holding that ADEA does not prohibit employers from acting out of concern for cost, even if cost arises from age-related facts); *Jefferson v. Christus St. Joseph Hosp.*, 2010 WL 835587, at *5 (5th Cir. March 11, 2010) (holding termination of older employees to cut costs and prevent the vesting of pension benefits does not constitute age discrimination under the ADEA and TCHRA as a matter of law); *Armendariz v. Pinkerton Tobacco Company*, 58 F.3d 144, 152 (5th Cir. 1995) (holding that even if a company took a plaintiff's salary into account when making an adverse employment decision, "that would not be sufficient alone to support a finding of age discrimination because the ADEA prohibits discrimination on the basis of age, not salary or seniority); *see also James v. New York Racing Ass'n*, 233 F.3d 149, 153 (2d Cir. 2000) (ADEA does not prohibit an employer from acting out of concern for excessive costs, even if they arise from age-related facts—such as seniority); *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 763 (8th Cir. 1995) (evidence that employer terminated older employees because of their higher salaries "does not itself support an inference of age discrimination"); *Allen v. Diebold*, 33 F.3d 674, 676 (6th Cir. 1994) (holding that the ADEA "does not constrain an employer who acts on the basis of other factors—pension status, seniority, wage rate—that are empirically correlated with age").

Instruction No. 11.9.1 and companion Question No. 1; *see also id.* (noting that Fifth Circuit Advisory Committee has not articulated a causation standard "other than the one found in each of the major employment laws", that is, "because of.")

3.  Plaintiff objects because the instruction contains an incomplete statement of the law.  It may not be unlawful for an employer to take action based on an employee's salary but only if the action is not taken because of the employee's age.  *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612-13 (1993)(noting that an employer targeting employees with a particular pension status on assumption that these employees are likely to be older thereby unlawfully discriminates because of age).  If this instruction is given over Plaintiff's objection, Plaintiff requests that the instruction be revised to clarify that an action may not be taken because of a person's age.

4.  Plaintiff further objects to this instruction because it improperly and dismissively characterizes factors such as compensation level and seniority as only "tenuously-related" to a person's age.  The Supreme Court has recognized that these factors may be proxies for a person's age.  *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 613 (1993).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(C)

**Business Judgment**[6]

Employers are free under the law to use their judgment, whether you agree with it or not, in responding to changes in business. This includes whom to select or not select for termination in a RIF, and in deciding which applicant is more qualified for a position and whom to select for it.[7] A RIF is a presumptively, non-discriminatory reason for an employer's decision to terminate an employee.

You must not substitute your judgment in place of the employer's judgment. Employment discrimination laws are not intended to allow a juror to second-guess an employment decisions, nor are they intended to transform the courts or juries into personnel managers. The issue in this case is not whether the employment decisions are fair or whether you would have done the same thing in the employer's shoes; rather, the issue is whether unlawful discrimination was the reason for the employer's decisions.

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____<br>The Honorable Reed O'Connor<br>United States District Court Judge |

**PLAINTIFF'S OBJECTION(S):**

1.   If this instruction is given over Plaintiff's objection, Plaintiff respectfully requests that it be revised to state simply that:

"Employers are free under the law to use their judgment, whether you agree with it or not, so long as decisions are not made because of an individual's age."

---

[6]   *Byrom v. Accenture, Ltd.*, No. 3:02-cv-124-N, 2003 U.S. Dist. LEXIS 17118, at *21 (N.D. Tex. Sept. 29, 2003); *EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

[7]   *Lane v. Ridge*, No. 3:02-cv-1765-BF, 2005 U.S. Dist. LEXIS 328, at *9 (N.D. Tex. Jan. 10, 2005) (employer provided legitimate business reasons for applying its application process in a way that ultimately disqualified the plaintiff); *Jackson v. Principi*, No. 1:04-cv-111WJG-JMR, 2006 U.S. Dist. LEXIS 31832, at *20 (S.D. Miss. May 11, 2006) ("Disagreements over which applicant is more qualified are employment decisions not meant for a court to second guess."); *Utley v. MCI, Inc.*, No. 06-cv-4137-NKL,2008 U.S. Dist. LEXIS 22488, *8 (N.D. Tex. March 21, 2008).

This alternative instruction is a fuller statement of the business judgment rule and is more consistent with Fifth Circuit authority.  *See Boehms v. Crowell, et al.*, 139 F.3d 452, 459 (5th Cir. 1998)(stating that, "[w]hile the ADEA should not transform courts into personnel managers, it is intended to protect older employees from employment decisions which are unlawfully motivated").

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(D)

**Reason for RIF[8]**

It is not discriminatory for an employer to make employment decisions in order to realize budget savings. The law does not prohibit an employer from taking steps to reduce its workforce size because of budgetary concerns.

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____<br>The Honorable Reed O'Connor<br>United States District Court Judge |

---

**PLAINTIFF'S OBJECTION(S):**

1. Plaintiff objects to this proposed instruction because it improperly suggests that employers cannot be held liable for age discrimination when carrying out reductions in force. Rather, reductions in force often are vehicles for eliminating older employees. *See, e.g.*, *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248 (5th Cir. 1996).

2. If this instruction is given over Plaintiff's objection, Plaintiff respectfully requests that it be revised to state simply that: "Employers may take steps to reduce workforce size because of budgetary concerns so long as they do not act because of age."

---

[8] *Jefferson v. Christus St. Joseph Hosp.*, No. 09-20410, 2010 WL 835587, at *5 (5th Cir. March 11, 2010); *James v. New York Racing Ass'n*, 233 F.3d 149, 153 (2nd Cir. 2000).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(E)

**Placement**[9]

        The law does not require that a terminated employee be placed into a new or different position.  It does not impose a burden on an employer to transfer or rehire a terminated employee in a RIF.[10]  An employee, to be considered for a position, must apply for a position.[11]

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____<br>The Honorable Reed O'Connor<br>United States District Court Judge |

**PLAINTIFF'S OBJECTION(S):**

1.    Plaintiff objects because the instruction it is an incorrect statement of law.  An employer's failure to consider an employee for other positions may serve as evidence of discrimination. *See Norris v. Hartmarx*, 913 F.2d 253, 256 (5th Cir. 1990)(holding that district court's finding that defendant's refusal to recall plaintiff supported inference of race discrimination was not error); *Florer v. Electronic Data Sys. Corp.*, Civ. A. No. 3:03-cv-1175-H, 2004 WL 1898266 (N.D. Tex. Aug. 24, 2004)(noting that one way to show *prima facie* case in RIF case is evidence that discharge occurs even though plaintiff is qualified to assume another position but is not considered due to discrimination).

---

[9]  *Jefferson v. Christus St. Joseph Hosp.*, No. 09-20410, 2010 WL 835587, at *5 (5th Cir. March 11, 2010); *James v. New York Racing Ass'n*, 233 F.3d 149, 153 (2nd Cir. 2000)
[10]  *Smith v. J. Smith Lanier Company*, 352 F.3d 1342 (11th Cir. 2003).
[11]  *Celestine v. Petroleos de Venezuela*, 266 F.3d 343 (5th Cir. 2001).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2(F)

**Age Differential**[12]

In an age discrimination context, an inference of age discrimination cannot be drawn from one employee being treated differently than another when the age difference between them is insignificant.[13]

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____

_____
The Honorable Reed O'Connor
United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1. Plaintiff objects because, as worded, the requested instruction is vague and ambiguous and invites confusion.  If this instruction is given over Plaintiff's objection, he requests that the instruction go on to explain that the jury may find that a five-year age difference is significant.  *Bienkowski. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 (5th Cir. 1988); *see also Rachid, v. Jack in the Box*, 376 F.3d 305, 313 n. 12 (5th Cir. 2004) (holding that employee made out a *prima facie* case though only five years older than replacement given other evidence of discrimination); *Ratcliff v. Exxon-Mobil Corp.*, Civ. A. No. 01-2618, 2002 WL 1315625, *5 (E.D. La. Jun. 13, 2002); *accord Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999)(holding that a five-year age difference satisfied the "substantially younger" age requirement).

---

[12]  *Jefferson v. Christus St. Joseph Hosp.*, 2010 WL 835587, *5 (5th Cir. March 11, 2010); *James v. New York Racing Ass'n*, 233 F.3d 149, 153 (2nd Cir. 2000)
[13]  *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 1040 (1996).

**[II.    PLAINTIFF'S PROPOSED INSTRUCTIONS AND QUESTIONS ON LIABILITY]**

<u>VERDICT OF THE JURY</u>

## QUESTION NO. 1

Did Raytheon terminate Mr. Miller because of his age?

Answer "Yes" or "No."

_____

<u>INSTRUCTIONS FOR QUESTION NO. 1:</u>

1.    Mr. Miller claims that Raytheon terminated him because of his age.

2.    Raytheon denies Mr. Miller's claims and contends that it terminated Mr. Miller as part of a reduction in force.

3.    It is unlawful for an employer to discriminate against an employee because of the employee's age.

4.    To prove discrimination, Mr. Miller must prove by a preponderance of the evidence that:

    a.    he was terminated;

    b.    he was 40 years old or older at the time that Raytheon terminated him; and

    c.    Raytheon terminated him because of his age.

5.    Mr. Miller does not have to prove that age discrimination was the only reason for Raytheon's decision to terminate him.

6.    If you find that Raytheon has produced evidence of a clearly explained, non-discriminatory reason for its actions, Mr. Miller may nevertheless prove that Raytheon illegally discriminated against him.  He may prove that Raytheon's reason is false or unworthy of belief.  If you disbelieve the reason that Raytheon has given for its decision, you may infer that Raytheon took the actions against Mr. Miller because of his age.[14]

---

[14] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000)(in ADEA case, concluding that a jury can infer discrimination from the falsity of employer's stated reason); *Alvarado v. Texas Rangers, et al.*, 492 F.3d 605, 612-13 (5th Cir. 2007); *Ratliff v. City of Gainesville*, 256 F.3d 355, 359-62 (5th Cir. 2001).

If your answer to Question No. 1 was "Yes," then answer the following question. Otherwise, do not answer the following question and proceed to the last page.

**Authority:**     **Adapted from the 5th Cir. Labor & Employment Law Pattern Jury Charges (2009) No. 11.9.1; 29 U.S.C. § 623(a).**

Given: _____          Denied: _____

_____
Honorable Reed O'Connor

---

**DEFENDANT'S OBJECTION(S):**

(1)   Plaintiff's proposed Charge fails to adhere to the United States Supreme Court decision in *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009), which holds that age must be the sole reason.

(2)   *Gross* applies as well to claims under the TCHRA.  *Bell, et. al v. Raytheon*, No. 3:08-cv-1251-G, 2009 U.S. Dist. LEXIS 67016, at *18 (N.D. Tex. July 31, 2009); *Havanas, et. al v. American Eagle*, No. 3:09-cv-0209-B, 2010 U.S. Dist. LEXIS 51516, at *14 (N.D. Tex. May 18, 2010).

(3)   To the extent Plaintiff argues that "motivating factor" is the correct instruction, *Gross* rejects same under the ADEA.  Further, if motivating factor is correct for TCHRA (which it is not), "motivating factor" requires a showing that the reasons given by the employer are both "false *and* that discrimination was the real reason."  *Baker Hughes Oilfield Operations, Inc. v. Williams*, No. 01-08-00762-cv, 2010 Tex. App. LEXIS 4374, at *15-16 (Tex. App. – Houston [1st Dist.] June 10, 2010).

(4)   Plaintiff's Charge fails to include a separate instruction and question as to positions Plaintiff applied to and was rejected from.  There must be discrete questions as to which jobs he applied to and were rejected from, as set out in Defendant's Question No. 2(A), Page 11.  *McCullough v. Houston County*, 297 Fed.Appx. 282, 287 (5th Cir. 2008); *Celestine v. Petroles de Venezuela*, 266 F.3d 343, 354-55 (5th Cir. 2001).  Judge Lindsay so ruled in *Houchen v. The Dallas Morning News, Inc.*, No. 3:08-cv-1251-L, 2010 U.S. Dist. LEXIS 33389, at *12 (N.D. Tex. April 1, 2010).

(5)   Defendant objects, inasmuch as Plaintiff's proposed language is incorrect.  Defendant proposes that its Question Nos. 1(A) and 2(A) be inserted in lieu of Plaintiff's proposals.

(6)   Plaintiff's proposed Charge includes in 1(4)(a-c) the elements of a *prima facie* case.  These are unnecessary, and could lead a jury to erroneously conclude that Plaintiff prevails if he proves these elements.

> (7)  To the extent that the court rejects Gross's applicability to TCHRA, the court should ask the jury this question: "Would Defendant have made the same decision to terminate Plaintiff regardless of Plaintiff's age?

## QUESTION NO. 2

Was Raytheon's termination of Mr. Miller "willful"?

Answer "Yes" or "No."

_____

INSTRUCTIONS FOR QUESTION NO. 2

If you find that Raytheon terminated Mr. Miller because of his age, then you must also determine whether Raytheon's actions were "willful."  To establish willfulness, Mr. Miller must also prove that, when Raytheon terminated him, Raytheon either (a) knew that its conduct violated the federal law against age discrimination, or (b) acted with reckless disregard for compliance with the federal law making it unlawful to discriminate in employment because of a person's age.

**Authority:**    **Adapted from the 5th Cir. Labor & Employment Law Pattern Jury Charges (2009) No. 11.9.4.**

Given: _____          Denied: _____

_____
Honorable Reed O'Connor

---

**DEFENDANT'S OBJECTION(S)**:

(1)  This Instruction incorrectly conflates Plaintiff's two claims:  termination and failure-to-rehire.

(2)  This Instruction is deficient because it fails to inform the jury that willfulness is not automatically found upon a finding of liability.  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 608 (1997).

(3)  There must be separate willfulness questions on both termination and failure-to-rehire, as set-out in Defendant's Question Nos. 1(B) and 2(B) because these are separate claims requiring separate findings.

**[III. DEFENDANT'S PROPOSED INSTRUCTIONS AND QUESTIONS ON LIABILITY]**

**DEFENDANT'S PROPOSED QUESTION NO. 1(A)**

**ADEA/TCHRA—Age Discrimination (Termination)**

**QUESTION NO. 1(A):**

*Did Plaintiff prove, by a preponderance of the evidence, that Defendant terminated him solely because of his age?*

**INSTRUCTION:**

In order to establish age discrimination, Plaintiff must prove by a preponderance of the evidence that his age was the sole reason for his discharge; that is, he would not have been terminated in the RIF but for his age.[15]

**ANSWER:** _____
(Answer "Yes" or "No.")

*If you answered "Yes", go to Question No. 1(B).  If you answered "No," do not answer the following question and go to Question No. 2(A).*

| | |
|---|---|
| Given: _____ | |
| Refused: _____ | |
| Modified: _____ | |
| Withdrawn: _____ | |
| Date: _____ | _____ |

---

[15]  Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charges 11.9.1 (2009); *see Gross FBL Fin. Servs., Inc.*, 557 U.S. ___, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009) ("Thus, the ordinary meaning of the ADEA's requirement that an employer took an adverse employment action 'because of' age was the 'reason' that the employer decided to act."); *Martino v. MCI Comm. Serv. Inc.*, 574 F.3d 447, 455 (7th Cir. 2009) ("The plaintiff must prove that but for his age, the adverse employment action would not have occurred."); *Wardlaw v. City of Philadelphia Streets Dept.*, No. 09-3666, 2010 U.S. App. LEXIS 8917, at *4-5 (E.D. Pa. Aug. 11, 2009) ("Wardlaw has not presented evidence beyond her own pleadings and statements that her age was the sole cause of her discriminatory or retaliatory treatment she experienced."); *McMartin v. Officemax, Inc.*, No. 3:08-cv-0297-K, 2009 WL 2340941, at *5 (N.D. Tex. Jul. 27, 2009) (holding that a "but for" causation standard applies to claims under the TCHRA); *Cory v. Brady Indep. Sch. Dist.*, No. 03:09-cv-00098, 2009 WL 2837629, at *1 n.1 (Tex. App.—Austin, Aug. 31, 2009, no pet. h.) (mem. op.) (stating that there should be "no practical distinction" in the analysis of ADEA and TCHRA claims); *Bell, et. al v. Raytheon*, No. 3:08-cv-0702-G, 2009 U.S. Dist. LEXIS 67016 (N.D. Tex. July 31, 2009).

> The Honorable Reed O'Connor
> United States District Court Judge

---

## PLAINTIFF'S OBJECTION(S):

1. Plaintiff objects and asks that the jury be instructed on the ADEA's statutory language "because of," as set out in the Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.1 (2009).

2. Plaintiff objects that this request improperly applies the ADEA causation standard to Plaintiff's TCHRA claims. The TCHRA, unlike the ADEA, does not require a showing of "but for" causation. *See Houchen v. The Dallas Morning News, Inc.*, Civ. A. No. 3:08-cv-1251-L, 2010 WL 1267221, **11-12 (N.D. Tex. Apr. 1, 2010)(considering *Gross* but declining to apply its standard to age claims under the TCHRA). Instead, the TCHRA makes it unlawful to take employment actions where age is "a motivating factor." TEX. LAB. CODE § 21.125(a)("… an unlawful employment practice is established when the complainant demonstrates that … age … was a motivating factor for an employment practice, even if other factors also motivated the practice …."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001)(holding that "motivating factor" is the standard of causation in all THCRA discrimination claims); *see also* TEX. PATTER JURY CHARGES – BUS., CONSUMER, INS., AND EMPL. [2008 ed.], PJC § 107.6 ("A 'motivating factor' in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.")

   If the instruction is given over Plaintiff's objection, Plaintiff asks that the TCHRA's "motivating factor" definition of "because of" be given as well.

3. Plaintiff also objects because it improperly equates "but for" causation with the "sole cause" standard. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)(in ADEA case, Plaintiff must show that age "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.")(internal citations omitted)(quoted with approval in *Gross v. FBL Fin. Servs., Inc.*, __ U.S. __, 129 S. Ct. 2343, 2351 (2009)); *see also Kelly v. Moser, Patterson & Sheridan, LLP*, 348 Fed. Appx. 746 (3d Cir. 2009)(unpublished)(equating "but for" with *Hazen Paper Co.*'s "determinative influence" language). Courts in this circuit have rejected the interpretation of "but for" causation as requiring a "sole cause" showing in age discrimination cases. *See Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 253 (5th Cir. 1996)(noting that, so long as age was a determinative factor, it need not be the "sole reason"); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993-94 (5th 1996), *abrogated on other grounds by Reeves*, 530 U.S. at 148; *accord Cengr v. Fusibond Piping Syst., Inc.*, 135 F.3d 445, 451 (7th Cir. 1998)(noting distinction between "but for" and "sole cause").

4. Plaintiff objects because this instruction fails to include language on pretext. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000)(in ADEA case, concluding that a jury can infer discrimination from the falsity of employer's stated reason); Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.1 (2009). Plaintiff's proposed instruction includes an appropriate pretext instruction.

## DEFENDANT'S PROPOSED QUESTION NO. 1(B)

**ADEA—Willfulness**[16]

**QUESTION NO. 1(B)**:

*Did Plaintiff prove, by a preponderance of the evidence, that he was terminated in willful violation of the Age Discrimination in Employment Act (ADEA)?*

**INSTRUCTION**:

If you find Plaintiff was terminated solely because of his age, then you must also determine whether his termination was willful.  To establish willfulness, Plaintiff must prove that when Defendant terminated him, it acted in reckless disregard of the law.  In other words, that Defendant's managers knew that Plaintiff's termination would be a violation of the law, but proceeded with the termination decision.  Willfulness is not automatically found because there has been a violation of the ADEA.

**ANSWER**: _____
(Answer "Yes" or "No.")

*After you answer this question, go to Question 1(C).*

| | |
|---|---|
| Given: | _____ |
| Refused: | _____ |
| Modified: | _____ |
| Withdrawn: | _____ |
| Date: | _____ |

_____
The Honorable Reed O'Connor
United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1.  Plaintiff objects to this instruction because it improperly states that Plaintiff must show that age was the "sole cause" for his termination.

---

[16]  Adapted from 5th Circuit Labor and Employment Law Pattern Jury Charges § 11.9.4 (2009); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993); *Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003).

2.  Plaintiff objects because the request equates knowledge with reckless disregard.  Plaintiff may show "willfulness" by showing *either* that (a) Raytheon knew that is conducted violated the ADEA *or* (b) acted with reckless disregards for the law.  *See* Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.4 (2009).

3.  Plaintiff objects to the inclusion of a statement that willfulness is not "automatic[]" upon a finding of liability because this is implicit in the instruction's first statement (*i.e.*, "must also determine *whether* ...").  Inclusion of this statement improperly biases the jury against a finding of willfulness.

<u>**DEFENDANT'S PROPOSED QUESTION NO. 1(C)**</u>

**TCHRA—Malice/Reckless Disregard**[17]

<u>**QUESTION NO. 1(C)**</u>:

*Do you find, by clear and convincing evidence, that Defendant terminated Plaintiff because of his age with malice or with reckless indifference?*

<u>**INSTRUCTION**</u>:

"Malice" means a specific intent by Defendant's managers to cause substantial injury or harm to Plaintiff.[18]   Malice or reckless indifference requires more than a finding that Plaintiff was terminated because of his age.

Plaintiff must prove such intent by "clear and convincing" evidence.  This is evidence that produces in your mind a firm conviction as to this matter.  This means a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.

<u>**ANSWER**</u>:   _____
                  (Answer "Yes" or "No.")

*After you answer this question, go to Question 2(A).*

| | |
|---|---|
| Given: | _____ |
| Refused: | _____ |
| Modified: | _____ |
| Withdrawn: | _____ |
| Date: | _____ |

_____
The Honorable Reed O'Connor
United States District Court Judge

<u>**PLAINTIFF'S OBJECTION(S):**</u>

1.   Plaintiff objects to this instruction and requests the issuance of his proposed instructions on exemplary damages.

---

[17]   Fifth Circuit Pattern Jury Instructions Civil § 2.14 (2006); Tex. Pattern Jury Charge (hereinafter, "Tex. PJC") § 115.31B (2008 *ed.*); *see also* Tex. Civ. Prac. & Rem. Code § 41.003(c).
[18]   Tex. PJC § 115.31 (2008).

2.    Plaintiff objects to the proposed definition of "clear and convincing" and, if this instruction is given over his objection, requests that the standard be defined as: "This is evidence that produces in your mind a firm belief or conviction as to this matter."  *See* Tex. Civ. Prac. & Rem. Code § 41.001 (2).

## <u>DEFENDANT'S PROPOSED QUESTION NO. 2(A)</u>

**ADEA/TCHRA—Age Discrimination (Failure-to-Rehire)**[19]

**<u>QUESTION NO. 2(A)</u>:**

*Did Plaintiff prove, by a preponderance of the evidence, that he was rejected for any of the following positions for which he applied solely because of his age?*

**<u>INSTRUCTION</u>:**

Plaintiff claims that he applied for certain positions after his termination and was rejected for them because of his age.  In order to establish age discrimination, Plaintiff must prove that age was the sole reason for the decision; that is, he would not have been rejected for any one of these positions, but for his age.

Answer as to each.

| | | |
|---|---|---|
| (a) | Job Requisition No. NCS107643 (Material Program Manager (MPM) position) (cancelled 7/23/2008) | Answer "Yes" or "No." _____ |
| (b) | Job Requisition No. NCS107522 (MPM position) (on hold, as of 10/7/2008) | Answer "Yes" or "No." _____ |
| (c) | Job Requisition No. SAS108836 (MPM position) (filled May 12, 2008) | Answer "Yes" or "No." _____ |

*If you answered "Yes" as to any of the above, go to Question No. 2(B).*

*If you answered "No" to Questions 2(A)(a)-(c), return this verdict form.*

| | |
|---|---|
| Given: | _____ |
| Refused: | _____ |
| Modified: | _____ |

---

[19]   Adapted from Fifth Circuit Labor & Emp't Law Pattern Jury Charge U.9.1 (2009); *Gross v. FBL Financial Services, Inc.*, _____ U.S. _____, 129 S. Ct. 2343 (2009); *McMartin v. OfficeMax, Inc.*, No. 3:08-cv-0297-K, 2009 U.S. Dist. LEXIS 67469, at *11-13 (N.D. Tex. July 27, 2009); *McCullough v. Houston County, Texas*, 297 Fed. Appx. 282 (5th Cir. 2008); *Celestine v. Petroles de Venezuela*, 266 F.3d 343 (5th Cir. 2001).  Both *McCullough* and *Celestine* held that plaintiff only has claim for discriminatory failure-to-rehire if he applied for the position.

Withdrawn: _____

Date: _____

_____
The Honorable Reed O'Connor
United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1. Plaintiff objects because Defendant's instruction mischaracterizes his allegations. He objects to the issuance of a separate instruction and question on "failure-to-rehire", when that is not his allegation.

2. Plaintiff objects and asks that the jury be instructed on the ADEA's statutory language "because of," as set out in the Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.1 (2009).

3. Plaintiff objects that this request improperly applies the ADEA causation standard to Plaintiff's TCHRA claims. The TCHRA, unlike the ADEA, does not require a showing of "but for" causation. *See Houchen v. The Dallas Morning News, Inc.*, Civ. A. No. 3:08-cv-1251-L, 2010 WL 1267221, **11-12 (N.D. Tex. Apr. 1, 2010)(considering *Gross* but declining to apply its standard to age claims under the TCHRA). Instead, the TCHRA makes it unlawful to take employment actions where age is "a motivating factor." TEX. LAB. CODE § 21.125(a)("… an unlawful employment practice is established when the complainant demonstrates that … age … was a motivating factor for an employment practice, even if other factors also motivated the practice …."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001)(holding that "motivating factor" is the standard of causation in all THCRA discrimination claims); *see also* TEX. PATTERN JURY CHARGES – BUS., CONSUMER, INS., AND EMPL. [2008 ed.], PJC § 107.6 ("A 'motivating factor' in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.")

   If the instruction is given over Plaintiff's objection, Plaintiff asks that the TCHRA's "motivating factor" definition of "because of" be given as well.

4. Plaintiff also objects because it improperly equates "but for" causation with the "sole cause" standard. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)(in ADEA case, Plaintiff must show that age "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.")(internal citations omitted)(quoted with approval in *Gross v. FBL Fin. Servs., Inc.*, __ U.S. __, 129 S. Ct. 2343, 2351 (2009)); *see also Kelly v. Moser, Patterson & Sheridan, LLP*, 348 Fed. Appx. 746 (3d Cir. 2009)(unpublished)(equating "but for" with *Hazen Paper Co.*'s "determinative influence" language). Courts in this circuit have rejected the interpretation of "but for" causation as requiring a "sole cause" showing in age discrimination cases. *See Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 253 (5th Cir. 1996)(noting that, so long as age was a determinative factor, it need not be the "sole reason"); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993-94 (5th 1996), *abrogated on other grounds by Reeves*, 530 U.S. at 148; *accord Cengr v. Fusibond Piping Syst., Inc.*, 135 F.3d 445, 451 (7th Cir. 1998)(noting distinction between "but for" and "sole cause").

5.   Plaintiff objects because this instruction fails to include language on pretext.  *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000)(in ADEA case, concluding that a jury can infer discrimination from the falsity of employer's stated reason); Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.1 (2009).  Plaintiff's proposed instruction includes an appropriate pretext instruction.

## DEFENDANT'S PROPOSED QUESTION NO. 2(B)

**ADEA—Willfulness**[20]

**QUESTION NO. 2(B)**:

*Did Plaintiff prove, by a preponderance of the evidence, that he was rejected for any of these positions in willful violation of the ADEA?*

**INSTRUCTION**:

If you find that Plaintiff was rejected solely because of his age for any of these positions, then you must also determine whether any one of these rejections was unlawful.  To establish willfulness, Plaintiff must prove that when Defendant rejected him for a position, it acted in reckless disregard of the law.  In other words, that its managers knew such rejection would be in violation of the law, but proceeded to reject him.  Willfulness is not automatically presumed because you have found a violation of the law.

Answer as to each.

| | | |
|---|---|---|
| (a) | Job Requisition No. NCS107643 (Material Program Manager (MPM) position) (cancelled 7/23/2008) | Answer "Yes" or "No." _____ |
| (b) | Job Requisition No. NCS107522 (MPM position) (on hold, as of 10/7/2008) | Answer "Yes" or "No." _____ |
| (c) | Job Requisition No. SAS108836 (MPM position) (filled May 12, 2008) | Answer "Yes" or "No." _____ |

*If you answered "Yes" as to any of the above, go to Question No. 2(C).*

*If you answered "No" to Questions 2(B)(a)-(c), return this verdict form.*

| | |
|---|---|
| Given: | _____ |
| Refused: | _____ |
| Modified: | _____ |

---

[20]  Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charges § 11.9.4 (2009); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993); *Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003).

| | |
|---|---|
| Withdrawn: _____ | |
| Date: _____ | _____ |
| | The Honorable Reed O'Connor |
| | United States District Court Judge |

---

**PLAINTIFF'S OBJECTION(S):**

1.  Plaintiff objects because Defendant's instruction mischaracterizes his allegations.  He objects to the issuance of a separate instruction and question on "failure-to-rehire", when that is not his allegation.

2.  Plaintiff objects to this instruction because it improperly states that Plaintiff must show that age was the "sole cause" for his termination.

3.  Plaintiff objects because the request equates knowledge with reckless disregard.  Plaintiff may show "willfulness" by showing *either* that (a) Raytheon knew that is conducted violated the ADEA *or* (b) acted with reckless disregards for the law.  *See* Fifth Circuit's Labor & Employment Pattern Jury Charges § 11.9.4 (2009).

4.  Plaintiff objects to the inclusion of a statement that willfulness is not "automatic[]" upon a finding of liability because this is implicit in the instruction's first statement (*i.e.*, "must also determine *whether* ….").  Inclusion of this statement improperly biases the jury against a finding of willfulness.

## DEFENDANT'S PROPOSED QUESTION NO. 2(C)

**TCHRA—Malice/Reckless Disregard[21]**

**QUESTION NO. 2(C)**:

*Do you find, by clear and convincing evidence, that Defendant rejected Plaintiff for any position for which he applied with malice or with reckless indifference?*

**INSTRUCTION**:

"Malice" means a specific intent by Defendant's managers to cause substantial injury or harm to Plaintiff.[22]  Malice or reckless indifference requires more than a finding that Plaintiff was terminated because of his age.

Plaintiff must prove such intent by "clear and convincing" evidence.  This is evidence that produces in your mind a firm conviction as to this matter.  This means a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.

Answer as to each.

| | | |
|---|---|---|
| (a) | Job Requisition No. NCS107643 (Material Program Manager (MPM) position) (cancelled 7/23/2008) | Answer "Yes" or "No." _____ |
| (b) | Job Requisition No. NCS107522 (MPM position) (on hold, as of 10/7/2008) | Answer "Yes" or "No." _____ |
| (c) | Job Requisition No. SAS108836 (MPM position) (filled May 12, 2008) | Answer "Yes" or "No." _____ |

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____          _____
                              The Honorable Reed O'Connor

---

[21]  Fifth Circuit Pattern Jury Instructions Civil § 2.14 (2006); Tex. PJC § 115.31B (2008 *ed.*).
[22]  Tex. PJC § 115.31 (2008).

| |
|---|
| United States District Court Judge |

---

**PLAINTIFF'S OBJECTION(S):**

1.   Plaintiff objects to this instruction and requests the issuance of his proposed instructions on exemplary damages.

2.   Plaintiff objects to the proposed definition of "clear and convincing" and, if this instruction is given over his objection, requests that the standard be defined as: "This is evidence that produces in your mind a firm belief or conviction as to this matter."   *See* Tex. Civ. Prac. & Rem. Code § 41.001 (2).

**[IV.   PLAINTIFF'S PROPOSED INSTRUCTIONS AND QUESTIONS ON DAMAGES]**

## DAMAGES

If you find by a preponderance of the evidence that Raytheon illegally discriminated against Mr. Miller because of his age, then you must determine the amount of damages to which Mr. Miller is entitled.  You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that Mr. Miller should, or should not, win this case.  It is your task first to decide whether Raytheon is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Raytheon is liable and that Mr. Miller is entitled to recover money from Raytheon.

If you find that Raytheon illegally discriminated against Mr. Miller, you must also decide if he is entitled to recover compensatory damages.  You also will be asked to determine if Raytheon is liable for punitive damages, and, if so, you will be asked to fix the amount of those damages.  Because the method of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages.  The instructions I now give you apply only to your award, if any, of compensatory damages.

The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Mr. Miller for the damage that the he has suffered.  You may award compensatory damages only for injuries that Mr. Miller proves were proximately caused by Raytheon's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of Mr. Miller's damages—no more and no less.  [Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.]  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require Mr. Miller to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:  back pay and benefits, front pay and benefits, and physical pain and mental anguish.  You are instructed that any monetary recovery for back pay and benefits, front pay and benefits, and compensatory damages for non-physical injuries, such as mental anguish, are subject to income tax.

### 1.   Damages Accrued to Date – Back Pay and Benefits

In determining damages, you may award Mr. Miller past damages or "back pay," which means that you are to award him an amount equal to the compensation and fringe benefits that he

would have received from Raytheon had it not illegally discriminated against him.  He is entitled to recover an amount that will fairly compensate him for any damages that he has suffered to date.

---

**DEFENDANT'S OBJECTION(S)**:

(1)   Back pay is an equitable remedy, to be decided by the Court.  *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 391-92 (5th Cir. 2003).

(2)   Because Plaintiff alleges two discrete causes of action, there must be separate instructions, as set-out in Defendant's Question No. 3, for both termination and failure-to-rehire.

(3)   The jury should be instructed that, in determining if plaintiff acted reasonably in mitigating his damages, it should consider whether he made good faith efforts to find another job at Raytheon, post termination.  The jury should further be instructed that if he did not, then he is not entitled to back pay damages.

---

### 2.      Future Damages – Front Pay and Benefits

If Mr. Miller proves by a preponderance of the evidence that Raytheon discriminated against him because of his age, you may award him damages for future lost wages and benefits, sometimes called "front pay".  You may award Mr. Miller front pay only if you determine that Raytheon's discriminatory actions caused these damages.

If you determine that Mr. Miller is entitled to front pay, you must consider the following factors in arriving at an amount:

(a)      Mr. Miller's job prospects for a similar job;
(b)      the length of time that it should take him to obtain such a job; and
(c)      the number of years remaining before he most probably would retire.

---

**DEFENDANT'S OBJECTION(S)**:

(1)   Front pay is an equitable remedy, to be decided by the Court.  *Palasota v. Haggar Clothing Co.*, 499 F3d 474, 488 (5th Cir. 2007).

(2)   Any amount of front pay must be reduced to present value.

(3)   This proposal fails to state that front pay is not designed to be windfall.

---

### 3. Physical Pain and Mental Anguish

Mr. Miller alleges that, as a result of Raytheon's discrimination, he has suffered emotional pain, inconvenience, mental anguish, damage to personal and professional reputation, humiliation, undue stress, and anxiety. "Mental anguish" is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. Mr. Miller has the burden of proving any compensatory damages by a preponderance of the evidence. If Mr. Miller does not establish that Raytheon caused his emotional pain, inconvenience, mental anguish, damage to personal and professional reputation, undue stress, or anxiety, then he may not recover them as compensatory damages.

If you determine that Mr. Miller has proven these losses by a preponderance of the evidence, you may award him damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering needs to be introduced into evidence. The damages that you award must be fair compensation—nothing more and nothing less. You are not trying to assess value, but to determine an amount that will fairly compensate Mr. Miller for the damages that he has suffered or reasonably expects to suffer. There is no exact standard for fixing the compensation to be awarded for these elements of damage, but any award that you make should be fair in light of the evidence.

When considering the amount of monetary damages to which Mr. Miller may be entitled, you should consider the nature, character, and seriousness of any pain, inconvenience, mental anguish, damage to personal and professional reputation, loss of enjoyment of life, or other loss that he felt (or continues to feel). You must also consider its extent or duration, as any award you make must cover the damages endured by Mr. Miller since his termination—and even into the future, if you find as fact that the evidence presented justifies the conclusion that his emotional distress and its consequences have continued to the present time or can reasonably be expected to continue into the future.

---

**DEFENDANT'S OBJECTION(S):**

(1) There must be separate Instructions as to damages for termination and damages for failure-to-rehire. The damages for failure-to-rehire must be segregated by positions applied for, and for which he was rejected.

(2) The Instruction includes defamation-type damages, such as "loss of reputation," which are not recoverable, as well as physical pain.

(3) The Instruction fails to follow *Saenz v. Fidelity*, 925 S.W.2d 607 (Tex. 1996), which is used in determining TCHRA damages; *Parkway Co. v. Woodruff*, 901 S.W.2d 434,444 (Tex. 1995).

TCHRA: *Bay Area Health Group, Ltd. v. Rayburn*, No. 13-99-275-cv, 2000 Tex. App. LEXIS 8649, at *32-33 (Tex. App.—Corpus Christi, December 28, 2000); *Autozone v. Reyes*, 273 S.W.3d 644, 656 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds*,_272 S.W.3d 588_ (Tex. 2008).

(4) Defendant objects, inasmuch as Plaintiff's proposed language is incorrect and fails to follow case law. Further, it fails to tell the jury what is *not* compensable as mental anguish. Without such an Instruction, the jury has no baseline on determining whether to

---

award damages, and if so, the amount.  Defendant proposes that the following Instruction be inserted in lieu of Plaintiff's proposals:

> Mr. Miller alleges that as a result of Raytheon's actions, he has suffered damages in the form of mental anguish.
>
> To recover damages for mental anguish, Mr. Miller must present either direct evidence of the nature, duration, and severity of her mental anguish, establishing a substantial interruption of his daily routine, or evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment or anger.[23]
>
> Hurt feelings, anger, embarrassment, and frustration do not give rise to recoverable damages for mental anguish.  Mr. Miller must present evidence of the existence, nature, and severity of his mental anguish resulting from Raytheon's unlawful conduct, and must prove a sufficient causal connection between the unlawful conduct and his alleged mental anguish to warrant an award of damages.  Damages for mental anguish are not awarded for the natural consequences following the loss of a job, or a rejection from a position for which a person has applied.  While anxiety and stress may follow from such events, the law does not allow for damages to be awarded for such anxiety or stress.
>
> You may award damages for mental anguish only if Mr. Miller proves his mental anguish was caused by Raytheon's allegedly-wrongful conduct.

If your answer to Question No. 1 was "Yes," then answer Question No. 3.  Otherwise, do not answer the following question and proceed to the last page.


**QUESTION NO. 3:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Miller for his damages, if any, that resulted from Raytheon's actions?

Answer in dollars and cents, or answer "none".


(a)     back pay and benefits

$_____


(b)     front pay and benefits

$_____

---

[23] *Latham v. Castillo*, 972 S.W.2d 66, 70 (Tex. 1998).

    (c)    emotional pain and/or mental anguish

$_____

Proceed to Question No. 4.

**Source:**    **Adapted from 5th Cir. 2006 Pattern Jury Instructions (Civil Cases) Instruction Nos. 15.2, 15.3, 15.4, and 15.15; ABA LITIGATION SECTION, EMP'T & LABOR REL. LAW COMMITTEE, MODEL JURY INSTRUCTIONS EMPLOYMENT LITIGATION, § 1.07[1] and [2] (1994) & §1.08[10][b]; *Palasota v. Haggar Clothing Co.*, 499 F3d 474, 486 (5th Cir. 2007)(affirming jury award of back pay); *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1470 (5th 1989)(concluding that, once the court determines the infeasibility of reinstatement, then the jury must determine the amount of future damages); *see also* Tex. Pattern Jury Charge – Bus., Consumer, Ins. & Empl. [2008 ed.], PJC § 115.30.**

Given: _____    Denied: _____

                                               _____
                                             Honorable Reed O'Connor

---

**DEFENDANT'S OBJECTION(S)**:

(1)  Plaintiff's Instructions and Questions conflate his claims for unlawful termination and those for failure-to-rehire.  These are separate and discrete claims.  It would be impossible, upon appeal, to segregate-out which damages flowed from which acts. Defendant's proposed Question No. 3 correctly sets-out positions that Plaintiff applied for and was rejected from, as well as back pay losses from termination.  There must be separate Questions on failure-to-rehire as to liability and as to damages and termination.

(2)  There is no recovery under the TCHRA for physical pain.

(3)  It is incorrect to inform the jury of tax implications.

**QUESTION NO. 4:**

Do you find by a preponderance of the evidence that Mr. Miller failed to take reasonable steps to mitigate his damages?

Answer "Yes" or "No."

_____

If your answer to Question No. 4 was "Yes," then answer Question No. 5.  If your answer to Question No. 4 was "No," then do not answer Question No. 5 and proceed to Question No. 6.


**QUESTION NO. 5:**

If you found that Mr. Miller unreasonably failed to mitigate his damages, what amount, if any, do you find by a preponderance of the evidence he could have earned through reasonable diligence and therefore should be deducted from his back pay and benefits?

Answer in dollars and cents, or answer "none".

$_____

Proceed to Question No. 6.


INSTRUCTIONS FOR QUESTION NOS. 4 and 5:

Raytheon asserts that Mr. Miller failed to mitigate his damages.  To prevail on this defense, Raytheon must show, by a preponderance of the evidence, that:  (a) there were "substantially equivalent employment" positions available; (b) Mr. Miller failed to use reasonable diligence in seeking those positions; and (c) the amount by which Mr. Miller's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost.  Mr. Miller does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, one that would be demeaning, or one that would require him to move to another city or state.  The reasonableness of Mr. Miller's diligence should be evaluated in light of the individual characteristics of Mr. Miller and the job market.

**Source:**    **Adapted from 5th Cir. Labor & Employment Law Pattern Jury Charges (2009) No. 11.9.3; RESTATEMENT (2ND) AGENCY § 455 Comment d (stating that a wrongfully discharged employee is not necessarily obligated to mitigate damages by accepting alternative employment "at a distance from his home");** *NLRB v. Madison Courier, Inc.,* **472 F.2d 1307, 1319 (D.C. Cir. 1971);** *Sellers v. Delgado College (Sellers III),* **902 F.2d 1189, 1193 (5th Cir. 1990),** *cert. denied,* **498 U.S. 987 (1990).**

Given: _____          Denied: _____

                                        _____
                                        Honorable Reed O'Connor

**QUESTION NO. 6:**

Do you find by a preponderance of the evidence that Raytheon terminated Mr. Miller's employment with malice or reckless indifference to his rights under the state law against age discrimination?

Answer "Yes" or "No."

_____

If your answer to Question No. 6 is "Yes," then answer Question No. 7.  Otherwise, do not answer Question No. 7 and proceed to the last page.

---

**DEFENDANT'S OBJECTION(S)**:

(1)  Plaintiff's Instruction incorrectly conflates his two claims.  There must be separate Questions as to liability and damages.  Further, the decisions made as to termination and as to failure-to-rehire were made by different individuals at different times.  Discrimination is a matter of motivation, and the jury must assess motivation separately.  Further, there is no legal obligation to place a terminated employee in a new or different position.  *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003).  This Instruction therefore misstates applicable law.  Finally, the Instruction fails to state that punitive damages cannot be awarded merely upon a showing of an unlawful termination.  Judge Lindsay so ruled in *Houchen v. The Dallas Morning News, Inc.*, No. 3:08-cv-1251-L, 2010 U.S. Dist. LEXIS 33389, at *12 (N.D. Tex. April 1, 2010).

(2)  The Instruction fails to state that there must be "specific intent" to substantially harm Mr. Miller.

(3)  Defendant's proposed Question Nos. 4 and 5 set-out the correct instruction.

---

**QUESTION NO. 7:**

What amount, if paid now, should be assessed against Raytheon as punitive damages, if any?

Answer in dollars and cents, or answer "none".

$_____

<u>INSTRUCTIONS FOR QUESTION NOS. 6 AND 7:</u>

If you find that Raytheon discriminated against Mr. Miller, you must also decide if he is entitled to recover punitive damages, which are awarded in some cases for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  An award of punitive damages is appropriate in this case if you find from a preponderance of the evidence that Raytheon acted with malice or with reckless indifference to Mr. Miller's federally and state-protected rights.  In employment cases, "malice" and "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of state law.

You are not required to find that Raytheon's actions constituted outrageous or egregious misconduct to award punitive damages.  While that kind of conduct may show malice or reckless indifference, your ultimate focus should be on Raytheon's state of mind, not on its actions.

If you determine that the facts justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish Raytheon for shocking conduct and to deter Raytheon and other employers from engaging in similar conduct in the future.

The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of damages.  The amount of a punitive damages award must not reflect bias, prejudice, or sympathy toward any party.  It should be presumed that Mr. Miller has been made whole by compensatory damages, so punitive damages should be awarded only if Raytheon's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.  You may consider Raytheon's financial resources in fixing the amount of punitive damages.

Awards for punitive damages are subject to income tax.

**Authority**:     **Adapted from Model Jury Instructions, Employment Litigation, American Bar Association, Section of Litigation, § 1.07[4]; 5th Cir. 2006 Pattern Jury Instructions (Civil Cases) Instruction No. 15.13; TEX. LAB. CODE § 21.2585; *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999); *Smith v. Wade*, 461 U.S. 30, 46-48, 51 (S. Ct. 1983).**

Given: _____          Denied: _____

                                                        _____
                                                        Honorable Reed O'Connor

**<u>DEFENDANT'S OBJECTION(S)</u>**:

(1)  See objections to Question No. 6.

(2)  It is incorrect to inform the jury of tax implications.

(3)  Defendant correctly sets-out the law in its proposed Question No. 5.  Plaintiff fails to (a) have an instruction on clear and convincing evidence necessary to establish punitive damages, (b) fails to follow and list guidelines set forth in *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 20 (Tex. 1994) to assist the trier-of-fact in determining the amount, if any, of punitive damages, (c) fails to explain the heavier burden needed for imposition of punitive damages, (d) fails to explain proportionality requirements, and (e) fails to state that employer's "good faith" precludes punitive damages.

**[V.    DEFENDANT'S PROPOSED INSTRUCTIONS AND QUESTIONS ON DAMAGES]**

<u>**DEFENDANT'S PROPOSED QUESTION NO. 3**</u>

**ADEA/TCHRA—Back Pay/Front Pay Damages**

<u>**QUESTION NO. 3**</u>:

*What amount of back pay, if any, should be awarded Plaintiff as a result of his termination?*

<u>**INSTRUCTION**</u>:

Back pay is the difference from what Plaintiff would have earned and what he did earn from his termination to today, including lost benefits. Plaintiff seeks back pay resulting from his termination as well as pay from his failure-to-rehire claim. You should reduce back pay by any amount that he did earn or could have earned. In determining the reasonableness of Plaintiff's job search, you may consider whether he made good faith efforts to obtain another job at Raytheon post termination.

**(a)    <u>Back pay for termination</u>:**
If you answered "no" to Question No. 1(A), then write "None" in the answer. If you answered "Yes," then write the amount of back pay, if any.

<u>**ANSWER**</u>:    _____
(As an equitable remedy, to be decided by the Court)
(Answer in dollars and cents, or "None." Do not add any interest to your answer).

**(b)    <u>Back pay for refusal to rehire</u>:**
If you answered "No" to any of Question Nos. 2(A)(a)-(c), then write "None" in the answer. If you answered "Yes," then write the amount of back pay, if any. Such back pay is from the date of the rejection to today, less any amount he did earn or could have earned.

| (a) | Job Requisition No. NCS107643 (Material Program Manager (MPM) position) (cancelled 7/23/2008) | Answer in dollars and cents, or "None." _____ |
|---|---|---|
| (b) | Job Requisition No. NCS107522 (MPM position) (on hold, as of 10/7/2008) | Answer in dollars and cents, or "None." _____ |
| (c) | Job Requisition No. SAS108836 (MPM position) (filled May 12, 2008) | Answer in dollars and cents, or "None." _____ |

**PLAINTIFF'S OBJECTION(S):**

1. Plaintiff objects and requests issuance of his proposed damages instructions.

2. Plaintiff objects to the reference to "an equitable remedy[] to be decided by the court," because it unnecessarily risks confusion.

3. Plaintiff objects to this instruction because it fails to explain Defendant's burden to prove that Plaintiff failed to mitigate his damages.

4. Plaintiff objects to Defendant's Question No. 3(b) because it mischaracterizes Plaintiff's allegations.  He objects to the issuance of a separate instruction and question on "failure-to-rehire", when that is not his allegation.

5. Plaintiff objects to the instruction to the extent that it suggests that Plaintiff must seek substantially equivalent employment at Raytheon in order to mitigate damages, as this is an incorrect statement of law.

**(c)** **Front pay (Defendant asserts this must be tried to the Court; thus, Defendant submits this out of an abundance of caution.  *Thomas v. Texas Dep't of Criminal Justice*, 297 F.3d 361 (5th Cir. 2004).  (Front pay question for the Court.)**:

**QUESTION NO. 3(A)**:

*What amount, if any, should be awarded as front pay damages judgment?*

**INSTRUCTION**:

Front pay is not to be a windfall to a Plaintiff.  Front pay is only awarded if a Plaintiff demonstrates that reinstatement is not feasible.  Further, do not use speculation in finding an amount of front pay.  If you believe the Plaintiff will ultimately find another position, then front pay is inappropriate.  If front pay is awarded, it must be reduced to present value.

Factors to consider in deciding whether an award of front pay is appropriate, and the amount, if any, of it:

 (1) whether plaintiff has made good faith efforts to obtain employment and whether the plaintiff will continue to diligently search for employment
 (2) the period of time that plaintiff could reasonably be expected to work
 (3) any evidence that plaintiff intended to retire  or planned on retirement.

If you answered "no" to Question No. 1(A), then write "None" in the answer.  If you answered "Yes," then write the amount of back pay, if any.

**ANSWER**: _____
(As an equitable remedy, to be decided by the Court)
(Answer in dollars and cents, or "None."  Do not add any interest to your answer).


*After you answer this question, go to Question No. 4.*


Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____

_____
The Honorable Reed O'Connor
United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1.  Plaintiff objects to the extent that the instruction suggests that the amount Plaintiff's front pay is not a question for the jury.  *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1470 (5th 1989)(concluding that, once the court determines the infeasibility of reinstatement, then the jury must determine the amount of future damages).

2.  Plaintiff objects to the reference to "an equitable remedy[] to be decided by the court," because it unnecessarily risks confusion.  Similarly, Plaintiff objects to the reference to the feasibility of reinstatement, which is an issue for the court.  Its inclusion here risks unnecessary confusion.

3.  Plaintiff objects to the instruction's reference to a "windfall" because it improperly biases the jury against awarding make-whole relief as the law requires.

4.  Plaintiff objects to the statement that front pay is inappropriate if "you believe the Plaintiff will ultimately find another position" because it is an incorrect statement of law.  Defendant is entitled to an offset only to the extent that Plaintiff is able to replace his lost employment compensation.  If the jury believes that Plaintiff will only be able to replace a part of his lost employment income, Defendant is entitled only to an offset for that partial amount.

5.   Plaintiff objects to Defendant's proposed explanation of the factors that may be considered in awarding front pay.  Plaintiff has proposed such an instruction.  Further, Plaintiff objects because the record contains no evidence that Plaintiff intended or planned to retire at any particular point in time.

<u>**DEFENDANT'S PROPOSED QUESTION NO. 4**</u>

**TCHRA—Mental Anguish**

<u>**QUESTION 4**</u>:

*What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his mental anguish, if any, caused by the conduct in (a) and/or (b)?*

<u>**INSTRUCTION**</u>:

Plaintiff alleges that as a result of Defendant's actions, he has suffered damages in the form of mental anguish.

To recover damages for mental anguish, Plaintiff must present either direct evidence of the nature, duration, and severity of her mental anguish, establishing a substantial interruption of his daily routine, or evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment or anger.[24]

Hurt feelings, anger, embarrassment, and frustration do not give rise to recoverable damages for mental anguish. Plaintiff must present evidence of the existence, nature, and severity of his mental anguish resulting from Defendant's unlawful conduct, and must prove a sufficient causal connection between the unlawful conduct and his alleged mental anguish to warrant an award of damages. Damages for mental anguish are not awarded for the natural consequences following the loss of a job, or a rejection from a position for which a person has applied. While anxiety and stress may follow from such events, the law does not allow for damages to be awarded for such anxiety or stress.

You may award damages for mental anguish only if Plaintiff proves his mental anguish was caused by Defendant's allegedly-wrongful conduct.

<u>**ANSWER:**</u>

| | |
|---|---|
| (a)  Termination on March 13, 2008. | Answer in dollars and cents, or "None." <br> _____ |
| (b)  Failure to rehire Plaintiff for positions to which he applied for at Defendant after March 13, 2008. | Answer in dollars and cents, or "None." <br> _____ |

---

[24] *Latham V. Castillo*, 972 S.W.2d 66, 70 (Tex. 1998); *West Telemarketing Corp. v. McClure*, 225 S.W.3d 658 (Tex.App.—??? 2006); *Bay Area Health Group, Ltd. v. Rayburn*, 2000 Tex. APP. LEXIS 8649 (Corpus Christi 2000); *Autozone, Inc. v. Reyes*, 272 S.W.3d 644 (Tex.App.—Corpus Christi 2006).

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____

_____
The Honorable Reed O'Connor
United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1.  Plaintiff objects to Defendant's Question No. 4(b) because it mischaracterizes Plaintiff's allegations.  He objects to the issuance of a separate instruction and question on "failure-to-rehire", when that is not his allegation.

2.  Plaintiff objects to this instruction because it overstates Plaintiff's burden.  Plaintiff has proposed an instruction explaining the proper standard for awarding mental anguish damages as compensation.

## DEFENDANT'S PROPOSED QUESTION NO. 5

**TCHRA—Exemplary Damages**

## QUESTION NO. 5:

*What sum of money, if any, if paid now in cash, should be assessed against Defendant and given to Plaintiff as exemplary damages, if any, for Defendant's conduct.*

## INSTRUCTION:

In order to give exemplary damages to Plaintiff, you must all agree. Your decision on this question must be unanimous. The award of exemplary damages cannot be based solely upon your finding of age discrimination. Rather, you must find that Defendant's managers acted with malice in their actions regarding Plaintiff.

"Malice" is more than negligence. It is a specific intent by a Defendant manager, acting in the scope of his or her duties, to cause substantial injury or harm to Plaintiff.[25] Further, Plaintiff's burden to show malice is not met through a "preponderance" of the evidence, which is simply something that is more likely true than not. Instead, his burden is one of showing malice or reckless disregard by "clear and convincing" evidence—that is, evidence that produces a firm belief or conviction of the truth of the allegations sought to be established.[26]

If you decide to give exemplary damages to Plaintiff, the amount you decide upon must likewise be unanimous. You must all agree.

Here are the rules for determining the amount, if any:[27]

√       do not be influenced by bias towards Defendant or sympathy towards Plaintiff;

√       consider the nature of the wrong and the type of conduct involved;

√       look to the degree of Defendant's culpability; that is, its evil motive, if any;

√       Defendant's net worth[28];

√       consider the amount, if any, the degree of reprehensibility of Defendant's conduct;

√       in determining an amount, if any, there must proportionately between the exemplary damages and Plaintiff's actual damages. An award of punitive damages is not designed nor intended to be a windfall.

---

[25] Tex. PJC § 115.31 (2008).
[26] Tex. PJC § 115.31 (2008).
[27] *Transp. Ins. Co. v. Moriel*, 879 S.W. 2d 10, 16-17 (Tex. 1994).
[28] Tex. PJC § 115.37 (2008).

Finally, you may not award exemplary damages if you find that Defendant acted in good faith in efforts Defendant made trying to prevent its managers from violating the law prohibiting age discrimination.

Answer as to termination: _____
(Answer in dollars and cents, or "None.")

Answer as to rehire: _____
(Answer in dollars and cents, or "None.")

Given: _____

Refused: _____

Modified: _____

Withdrawn: _____

Date: _____            _____
                                          The Honorable Reed O'Connor
                                          United States District Court Judge

**PLAINTIFF'S OBJECTION(S):**

1.   Plaintiff objects to Defendant's Question No. 5(b) because it mischaracterizes Plaintiff's allegations.  He objects to the issuance of a separate instruction and question on "failure-to-rehire", when that is not his allegation.

2.   Plaintiff objects to this instruction because it overstates Plaintiff's burden.  Plaintiff has proposed an instruction explaining the proper standard for awarding punitive damages.

3.   Plaintiff objects to the instruction's multiple references to jury unanimity.  The jury has already been instructed that its verdict must be unanimous.  Similarly, the inclusion of the malice definition is redundant of Defendant's earlier instruction and question.  Each of these references improperly biases the jury against finding malice and/or awarding punitive damages.

4.   Plaintiff objects to the statement that the list of factors to consider are "the rules for determining the amount" of punitive damages.  They are merely factors to consider.  *See* TEX. PATTERN JURY CHARGE – BUS., CONSUMER, INS. & EMPL. [2008 ed.], PJC § 115.37. Further, Plaintiff objects because the proposed language misstates Texas's pattern instruction.  If Defendant's instruction is given in place of Plaintiff's proposed instruction

and his objection, Plaintiff asks that the language from Texas's pattern jury charge be used. That is, the jury may consider: "(a) The nature of the wrong[,] (b) The character of the conduct involved[,] (c) The degree of culpability of [Raytheon,] (d) The situation and sensibilities of the parties concerned[,] (e) The extent to which such conduct offends a public sense of justice and propriety[, and] (f) The net worth of [Raytheon]."

5.  Plaintiff objects because this proposed instruction fails to instruct the jury that exemplary damages are designed "as a penalty or … punishment" for wrongful conduct.   TEX. PATTERN JURY CHARGE – BUS., CONSUMER, INS. & EMPL. [2008 ed.], PJC § 115.37.

**[VI.    GENERAL INSTRUCTIONS CONCERNING JURY DELIBERATIONS]**


**INSTRUCTIONS ON JURY DELIBERATIONS**

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.

[Return this charge together with your written answers to the questions.]  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone—not even to me—your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.


**Source:        5th Cir. Pattern Jury Instructions (Civil Cases) Inst. No. 2.12 [2006 ed.]**


Given: _____        Denied: _____


                                       _____
                                       Honorable Reed O'Connor

## <u>CERTIFICATION</u>

      We, the jury, have answered the above questions as indicated and return this to the Court as our verdict.


DATE: _____     BY: _____
                                           Foreperson