

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUL - 8 2010

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MILLER | § | |
| | § | |
| *Plaintiff,* | § | CIV. A. NO. 3:09-cv-0440-O |
| | § | ECF |
| *v.* | § | |
| | § | |
| RAYTHEON COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## JOINT PRETRIAL ORDER

In accordance with the Court's March 25, 2010 trial setting order, its June 21, 2010 order, and Northern District Local Rule 16.4, Plaintiff Richard Miller ("Miller") and Defendant Raytheon Company ("Raytheon") jointly submit the following proposed pretrial order:

1. **Summary of the Parties' Claims and Defenses**

A. **Summary of Plaintiff's Claims**

Miller contends that Raytheon selected him for a reduction in force in March 2008 because of his age (53 years old at the time). He brings this suit for legal and equitable under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, *et seq.*

For nearly 29 years Richard Miller was a top performing employee for Raytheon and its predecessor company, where he went to work directly out of college. It was the only professional job that he ever held, and Miller was a dedicated employee who took considerable pride in the work that he did for Raytheon. Over that period, Raytheon (and its predecessor) rated Miller as meeting expectations or higher in each year; in at least 17 of those years, Miller exceeded the company's expectations.

Raytheon abruptly ended Miller's sterling career in early 2008. Raytheon terminated Miller as part of a reduction in force carried out in February and March 2008 in Raytheon Company's Space and Airborne Systems (SAS) Supply Chain Management ("SCM") organization. The RIF disproportionately impacted older SCM employees. Raytheon shielded younger employees from the RIF's impact. Miller contends that Raytheon's supposed non-discriminatory reason for selecting him was a pretext for terminating him because of his age. He intends to offer substantial evidence showing that Raytheon's explanation is unworthy of belief. By showing pretext and/or other evidence of Raytheon's age bias, the jury is entitled to infer that Raytheon terminated him because of his age.

Following termination, Raytheon systematically failed and refused to consider Miller for multiple available positions for which Miller was fully qualified given his years of experience, skills, training, and long track record of productivity. Raytheon's drive to prevent him from obtaining alternative employment at the company is additional evidence undermining its alleged non-discriminatory reason.

Raytheon's discriminatory actions inflicted substantial harm on Miller—personal and professional, pecuniary and non-pecuniary—from which he has not recovered. The abrupt, wrongful termination, justified by a fabricated "I" (improvement required) rating, not only foreclosed any hope that Miller had of continuing with Raytheon but made it practically impossible for Miller to obtain another position in his field. As a consequence of the discriminatory termination, Miller has suffered actual damages in the form of lost wages and benefits and non-pecuniary damages in the form of, *inter alia*, humiliation, undue stress, anxiety, mental distress and anguish, and damage to professional and personal reputation. He seeks back pay and benefits and compensation for this non-pecuniary harm. Miller seeks to be made whole for his losses.

Raytheon contends that Miller has failed mitigate his damages. Miller, conversely, contends that Raytheon cannot meet its burden to show that he failed to mitigate damages. Since his termination in March 2008, Miller has consistently and diligently sought substantially equivalent replacement employment. Raytheon is not able to show that substantially equivalent positions were available. Instead, Miller will submit evidence that he has applied for numerous positions but, due in part to the discriminatory firing and "I" rating, but that none of these applications resulted in an offer of employment. Despite repeated rebuffs Miller continues his search for substantially equivalent replacement employment. Raytheon therefore cannot show that he has failed to mitigate damages.

In addition to actual and compensatory damages, Miller seeks equitable relief in the form reinstatement and restoration of his benefits in the Raytheon TI Systems Employees Pension Plan to the point he would have reached absent the discriminatory firing. If, however, reinstatement is not feasible, Miller seeks front pay and benefits.

Miller also seeks liquidated damages because Raytheon's discrimination was willful. Raytheon acted intentionally, was fully aware of Miller's rights under the ADEA, and lacked any good-faith basis for terminating him and then systematically failing and refusing to consider him for open positions. Similarly, Miller contends that Raytheon acted with malice and/or reckless indifference to his state-protected rights. Raytheon's biased treatment of Miller during the RIF, the performance review process, and Miller's job search was oppressive and malicious. He therefore seeks punitive damages.

Last, Miller seeks pre- and post-judgment to the maximum extent allowed by law. Because he was forced to obtain the assistance of counsel, Miller also contends that he is entitled to recover his attorney's fees, expert costs, and costs of court.

**B.      Summary Raytheon's Claims and Defenses**

Miller alleges Raytheon discriminated against him because of the following two, discrete

employment actions under both the Age Discrimination in Employment Act ("ADEA") and the

Texas Commission on Human Rights Act ("TCHRA"): (1) that he was wrongfully terminated

because of his age in a reduction-in-force ("RIF") in March 2008; and (2) that shortly after the

RIF, Raytheon rejected his employment applications for three open positions for which he

applied also because of his age.  Raytheon denies Miller's claims.

*First*, Miller cannot establish that he was wrongful terminated because of his age, 53 at

the time, in violation of either the ADEA or TCHRA for the following reasons:

(1)      Miller cannot establish that his age was the "but-for" cause of his termination.[1]  In

2008, Raytheon conducted a reduction-in-force ("RIF") necessary due to severe budgetary

shortfalls.  Miller's supervisor, Robert Lyells ("Lyells"), was the sole decision-maker responsible

for grouping employees in his organizational division into decisional units.  Lyells placed Miller

and another employee, Kenneth Barham ("Barham"), in the same decisional unit because of the

similarities in their work functions, duties and responsibilities.  The work performed by both

Miller and Barham was confined to stand-alone projects separate from other parts of Lyells'

department.  While Miller's and Barham's projects were separate from each other, both were

segregated from all other projects that Lyells supervised.

Moreover, both Miller and Barham were "indirect contributors" whose jobs created

overhead costs and who did not generate revenue for the company.  Raytheon provides products

and services to a variety of customers, but primarily to the federal government – the Department

of Defense, and it generally charges the government for time its employees spend working

---

[1]   The United States Supreme Court held last year that an age discrimination plaintiff must "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009).  Gross applies as well to claims under TCHRA.  *Bell, et. al. v. Raytheon*, No. 3:08-cv-1251-G, 2009 U.S. Dist. LEXIS 67016, at *18 (N.D. Tex. July 31, 2009); *Havanas, et. al. v. American Eagle*, No. 3:09-cv-0209-B, 2010 U.S. Dist. LEXIS 51516, at *14 (N.D. Tex. May 18, 2010).

directly on such products and services.   Those employees are "direct contributors" who contribute to generating revenue for Raytheon.  Miller and Barham, however, did not charge their time to a program for the government, and so they contributed only to overhead but not revenue.

In short, there were several legitimate, nondiscriminatory reasons for Miller's placement in the decisional unit in which he was placed.  Age was not a factor *at all*, much less the *only* factor.   Lyells decided to eliminate the entire decisional unit that included Miller.  Lyells' decision to terminate Miller in the March 2008 RIF was approved by Raytheon's Long Service Review Board to ensure that it was appropriate and consistent with Raytheon's RIF selection processes and procedures.

(2)      Miller was not replaced after the March 2008 RIF.  His job duties were absorbed by three incumbent employees, all of whom were within the protected age group.  Two of them, in fact, were *older* than Miller at the time of the RIF.

*Second*, Miller cannot establish that Raytheon wrongful rejected his applications for rehire.  Miller understood that he could apply for other positions at Raytheon, and he knew how to do so.  Raytheon had no duty or obligation to assist him in finding another job or to place him in an open position.

Miller only applied to three open job requisitions.  He was not selected for any of the three for legitimate, nondiscriminatory reasons.

The first job requisition ("NCS #107643") was cancelled.  No one was selected to fill the position; thus, there could be no discrimination between Miller and any other candidate.

The second ("NCS #107522") required an affirmative "yes" response to each of the qualifying questions.  Miller responded "no" to one of the questions and; thus, did not meet the minimum qualifications for the job.  His application was not considered further.

The third ("SAS #108836") was filled by another candidate, Karl Vanzant ("Vanzant"), who was 51 at the time. There is only a two-year age difference between Vanzant and Miller. As a matter of law, a two-year age difference does not support a *prima facie* case of age discrimination.

Thus, Miller was treated equally to other candidates in the consideration of his three applications for rehire. Accordingly, he cannot establish that his age was the sole reason for Raytheon's decision not to rehire him for the positions to which he applied.

## 2.   Statement of Stipulated Facts

The parties stipulate to the following facts:

1.   Jurisdiction is proper in this court under 28 U.S.C. § 1331 and 29 U.S.C. § 626.

2.   Venue is proper in this district and division.

3.   Raytheon employed more than 500 people in more than 20 calendar weeks in each year from 2008 to 2010.

4.   Raytheon is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

## 3.   List of Contested Issues of Fact and Law

The parties agree that any contested issue of fact listed below that more properly should be characterized as a contested issue of law should be so construed, and vice-versa.

## A.   Contested Issues of Fact

### (i)   *Plaintiff's Contested Issues of Fact*

1.   Whether Raytheon unlawfully discriminated against Miller because of his age in terminating his employment.

2.   Whether Raytheon treated Miller less favorably than similarly situated younger co-workers.

3.    Whether Raytheon has produced evidence of a sufficiently clear, legitimate, and non-discriminatory reason for terminating Miller.

4.    Whether Raytheon's alleged non-discriminatory reason for terminating Miller is false and/or unworthy of belief.

5.    Whether Raytheon failed and/or refused to consider Miller for open positions and, if so, whether that evidences discrimination.

6.    Whether Raytheon has a policy and/or practice locating alternative positions for employees impacted by a reduction in force.

7.    Whether Miller's "I" rating is evidence of pretext.

8.    Whether the proportion of employees in their late 40s and 50s terminated in the March 2008 RIF evidences Raytheon's discriminatory intent.

9.    Whether Raytheon's reason for selecting Miller for the RIF has evolved or changed over time and, if so, whether that evidences pretext.

10.    Whether Raytheon made misrepresentations to the EEOC and, if so, whether that evidences pretext.

11.    Whether Linda Keenan is significantly younger than Miller.

12.    Whether Raytheon acted intentionally in terminating Miller because of his age.

13.    Whether Raytheon acted willfully in terminating Miller because of his age.

14.    Whether Raytheon acted maliciously or recklessly in terminating Miller because of his age.

15.    The amount that, if paid now, would compensate Miller for the damages that he has incurred to date.

16.    Whether Raytheon has met its burden to show that Miller failed to use reasonable diligence to mitigate his damages.

17.    If Raytheon shows that Miller failed to use reasonable diligence to mitigate his damages, what amount, if any, could Miller have avoided by mitigating his damages.

18.    Whether reinstatement is feasible.

19.    If reinstatement is infeasible, the amount that, if paid now, would compensate Miller for the damages that he will suffer in the future.

20.    Whether and to what extent Miller may recover monetary damages to compensate him for emotional pain and suffering, inconvenience, mental anguish, loss of

enjoyment of life, damage to professional and personal reputation, and/or mental distress.

21. Raytheon's net worth in 2008 through 2010.

22. The amount that, if paid now, should be assessed against Raytheon as punitive damages.

23. Whether Raytheon has shown by a preponderance of the evidence that Miller failed to take reasonable steps to mitigate his damages.

24. The amount of pre- and post-judgment interest to which Miller is entitled.

25. The amount of attorney's fees, expert costs, and court costs that Miller has reasonably incurred in bringing this lawsuit.

## (ii) *Defendant's contested issues of fact*

1. Whether Lyells' decision to place Miller into the SCM-Operations Special Projects decisional unit was made solely because of Miller's age.

2. Whether Lyells' decision to eliminate all positions in Miller's decisional unit was solely because of Miller's age.

3. Whether Raytheon would have made the same decision to terminate Miller in the RIF regardless of Miller's age.

4. Whether Raytheon would have made the same decision to reject Miller's applications for rehire in the positions for which Miller applied regardless of his age.

5. Whether Miller can show that he was not hired for the following positions solely because of his age: "NCS #107522," "NCS #107643" or "SAS #108836".

6. Whether Raytheon has legitimate, non-retaliatory reasons for the employment actions it took as to Miller.

7. Whether Raytheon's actions were in good faith.

8. Whether Miller made good faith efforts to find comparable employment, including employment at Raytheon.

9. Whether Raytheon acted in knowing or reckless disregard of the ADEA.

10. Whether Raytheon acted with malice or reckless indifference of Miller's statutorily-protected rights under TCHRA.

11. Whether reinstatement of employment is feasible.

12.   Whether Miller plans to work to age 70.

**B.**   **Contested Issues of Law**

**(i)**   *Plaintiff's contested issues of law*

1.   Whether Raytheon discriminated against Miller because of his age in violation of the ADEA and/or TCHRA.

2.   Whether the statutory phrase "because of" is the proper standard of causation to be articulated to the jury under (a) the ADEA, and (b) the THCRA.

3.   Whether Raytheon has articulated a sufficiently clear, legitimate and non-discriminatory reason for Miller's termination.

4.   Whether Miller is entitled to back pay.

5.   Whether reinstatement is feasible.

6.   Whether Miller is entitled to front pay.

7.   Whether Miller is entitled to non-pecuniary damages and/or other compensatory damages.

8.   Whether Raytheon has met its burden to show that Miller has failed to use reasonable diligence to mitigate his damages.

9.   Whether Raytheon is entitled to an offset for any amounts that Miller has earned in the interim since his termination.

10.   Whether Miller is entitled to liquidated damages.

11.   Whether Miller is entitled to pre-judgment interest on all amounts owing through the time of trial.

12.   Whether Miller is entitled to post-judgment interest on amounts owing after trial.

13.   The rate of pre- and post-judgment interest to which Miller is entitled.

14.   Whether Miller is entitled to further equitable relief.

**(ii)**   *Defendant's contested issues of law*

1.   Whether Raytheon's decision not to rehire Miller post-termination can be used as evidence that Raytheon discriminated against him solely because of his age when it terminated him.

2.   Whether Miller was terminated in violation of the ADEA and TCHRA solely because of his age.

3.   Whether Miller was not rehired for positions for which he applied with Raytheon in violation of the ADEA and TCHRA solely because of his age.

4.   Should the Court determine that *Gross* does not apply to TCHRA, then would Raytheon have taken the same employment action with respect to Miller in deciding to terminate Miller.

5.   Should the Court determine that *Gross* does not apply to TCHRA, then would Raytheon have taken the same employment action with respect to Miller in deciding not to rehire him for positions to which he applied.

6.   Should the Court determined that *Gross* does not apply to TCHRA, the issue then is whether Miller has established that the reasons given by Raytheon for Miller's termination are both false and that age discrimination was the real reason for its actions.

7.   Should the Court determined that *Gross* does not apply to TCHRA, the issue then is whether Miller has established that the reasons given by Raytheon for rejecting Miller's applications for rehire are both false and that age discrimination was the real reason for its actions.

8.   Whether Miller can show that Raytheon willfully violated the ADEA.

9.   Whether Miller can show that Raytheon acted with malice or reckless indifference to his statutorily protected rights under TCHRA.

10.   Whether Raytheon would have made the same decision to terminate Miller in conjunction with its March 2008 RIF regardless of Miller's age.

11.   Whether Raytheon would have made the same decision not to rehire Miller regardless of Miller's age.

12.   Whether Miller is entitled to back pay and lost benefits, if any.  If so, in what amount (to be decided by the Court as an equitable remedy)?

13.   Whether Miller should be reinstated.

14.   Whether Miller is entitled to front pay, if any.  If so, in what amount (to be decided by the Court as an equitable remedy)?

14.   Whether Miller is entitled to liquidated damages (to be decided by the Court as an equitable remedy).

15.   Whether Miller is entitled to recover damages for mental anguish, if any.  If so, in what amount (subject to the statutory damage caps under TCHRA)?

16.   Whether Miller is entitled to recover exemplary damages, if any.  If so, in what amount (subject to the statutory damage caps under TCHRA)?

17.   Whether Miller is entitled to recover his attorneys' fees, if any.  If so, in what amount?

18.   Whether Miller made reasonable efforts to mitigate his back pay damages, if any, including applying for jobs at Raytheon.

19.   Whether Raytheon is entitled to recover its attorneys' fees.  If so, in what amount?

20.   Whether Raytheon acted in good faith pursuant to *Kolstad*, and therefore, an award of punitive damages is unavailable.


**4.      Estimate of Trial Length**

Miller requested a jury trial on all claims triable of right to a jury.  He estimates that trial will take five days, excluding jury selection.  Raytheon estimates that the trial will take four to five days.


**5.      Additional Matters That Might Aid in the Case's Disposition**

**A.      *Miller's list of additional matters***

Miller requests that the issue of reinstatement be handled by the Court after the jury trial but that the amount of front pay be addressed to the jury.  *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1470 (5th 1989)(concluding that, once the court determines the infeasibility of reinstatement, then the jury must determine the amount of future damages).

**B.**     *Raytheon's list of Additional matters*

Miller is attempting to use discrete decisions regarding his applications for rehire as evidence of age discrimination in his termination.  The evidence is that the decision-maker on the termination is different from the decision-makers on his applications for rehire.  Consequently, it would be erroneous to allow Miller to use evidence on Raytheon's failure to rehire him post-termination by different decision-makers to establish proof of age discrimination on his termination.

Further, evidence should not be permitted on positions which were open after Miller's termination for which he did not apply for.  This is only evidence that Miller elected not to apply for certain jobs, not that Miller was terminated because of his age.

Apart from the matters above, the parties are not aware at this time of any other information that would assist in the case's disposition.

SIGNED this 8ᵗʰ day of July, 2010.

REED C. O'CONNOR
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

AGREED AS TO FORM
AND SUBSTANCE:

FORD & HARRISON LLP
1601 Elm St., Suite 4450
Dallas, Texas 75201
Tel:     214.256.4700
Fax:    214.256.4701


By: /s/ Michael P.
Maslanka (by permission:
JDS)
    Michael P. Maslanka
    Texas Bar No. 13148800
    MMaslanka@fordharrison.com
    Buena Vista Lyons
    Texas Bar No. 00797630
    VLyons@fordharrison.com

**ATTORNEYS FOR DEFENDANT
RAYTHEON COMPANY**

DATED:  June _23_ , 2010

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Ave., Suite 200
Dallas, Texas 75204
Tel:     214.720.2009
Fax:    214.720.2291


By: /s/ Hal K. Gillespie
(By permission: JDS)
    Hal K. Gillespie
    *Attorney-in-charge*
    hkg@grwlawfirm.com
    Texas Bar No. 07925500
    Yona Rozen
    Texas Bar No. 17958500
    yrozen@grwlawfirm.com
    James D. Sanford
    Texas Bar No. 24051289
    jsanford@grwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**