UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| RICHARD MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:09-CV-440-O (ECF) |
| RAYTHEON COMPANY, | § | |
| | § | |
| Defendant. | § | |

### CHARGE OF THE COURT

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or that I make in these instructions as an indication that I have any opinion about the facts of this case.

Throughout these instructions, I will refer to Plaintiff Richard Miller as "Mr. Miller" or "Plaintiff" and to Defendant Raytheon Company as "Raytheon" or "Defendant." In these instructions, when I refer to actions taken by Raytheon, I am actually referring to the conduct of the officers, employees, or agents of Raytheon. An act or omission of such a person is deemed by the law to be attributable to the corporation for which the person is acting.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. You are instructed that statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

After the attorneys make their closing arguments, I will give you some additional instructions, after which you will retire to commence your deliberations. Answer each question from the facts as you find them. Do not decide who you think should win and then answer

33 accordingly. Your answers and your verdict must be unanimous.

**Equality of Parties**

Do not let bias, prejudice or sympathy play any part in your deliberations. You must make your decision based upon the facts of this case, and not let sympathy or emotion sway your decisions. The parties to this litigation, whether an individual, a corporation, or whatever their character, are equal before the law and must be treated as equals in a court of justice.

**Burden of Proof**

Unless I instruct you otherwise, you must answer all questions from a preponderance of the evidence. A "preponderance of the evidence" means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, and unless otherwise instructed, Mr. Miller must prove every essential part of his claim by a preponderance of the evidence. If the proof fails to establish any essential part of Mr. Miller's claim by a preponderance of the evidence, you should find for Raytheon as to that claim. Similarly, Raytheon must prove every essential part of its affirmative defense of failure to mitigate damages by a preponderance of the evidence. If the proof fails to establish any essential part of Raytheon's affirmative defense by a preponderance of the evidence, you should find for Mr. Miller as to that affirmative defense.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.

**Credibility of Witnesses**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness

62 gave before you during the trial.

63 You should keep in mind, of course, that a simple mistake by a witness does not
64 necessarily mean that the witness was not telling the truth as he or she remembered it, because
65 people may forget some things or remember other things inaccurately. So, if a witness has made
66 a misstatement, you need to consider whether that misstatement was an intentional falsehood or
67 simply an innocent lapse of memory; and the significance of that may depend on whether it has
68 to do with an important fact or with only an unimportant detail.

69 **Evidence and Inferences**

70 While you should consider only the evidence in this case, you are permitted to draw such
71 reasonable inferences from the testimony and exhibits as you feel are justified in the light of
72 common experience. In other words, you may make deductions and reach conclusions that
73 reason and common sense lead you to draw from the facts that have been established by the
74 testimony and evidence in the case.

75 The testimony of a single witness may be sufficient to prove any fact, even if a greater
76 number of witnesses may have testified to the contrary, if after considering all the other evidence
77 you believe that single witness.

78 There are two types of evidence that you may consider in properly finding the truth as to
79 the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is
80 indirect, or circumstantial, evidence the proof of a chain of circumstances that indicates the
81 existence or nonexistence of certain other facts. As a general rule, the law makes no distinction
82 between direct and circumstantial evidence, but simply requires that you find the facts from a
83 preponderance of all the evidence, both direct and circumstantial.

84 You have heard evidence that the EEOC issued Mr. Miller a dismissal and notice of right
85 to sue letter in this case. You are instructed that this action of the EEOC is not determinative, but
86 rather, it is your job to decide the age discrimination questions in this case.

87 **Expert Witnesses**

88 When knowledge of technical subject matter may be helpful to the jury, a person who has
89 special training or experience in that technical field is permitted to state his opinion on those
90 technical matters. He or she is called an expert witness. However, you are not required to accept

91 that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

92 **Testimony by Deposition**

93 Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial, by attorneys representing the parties in this case. These witnesses were questioned under oath, and a court reporter was present and recorded the testimony. The questions and answers were read to you or played for you by video throughout this trial. Deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witnesses had been present and had testified from the witness stand in court.

100 **Stipulations of the Parties**

101 The parties have agreed, or stipulated, that:

102 1. Raytheon employed more than 500 people in more than 20 calendar weeks in each year from 2008 to 2010.

104 2. Raytheon is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

106 This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

108 **Contentions of the Parties**

109 The Court sets forth the contentions of the parties to aid you in understanding the nature of Plaintiff's claims and the defenses asserted by Defendant. These are strictly the parties' respective positions. As members of the jury, you will decide the facts of this case.

112 <u>Plaintiff's Contentions</u>

113 Plaintiff contends that Defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and in violation of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, *et seq.* Specifically, Mr. Miller contends that in March 2008 Raytheon selected him for inclusion in a reduction in force because of his age. Mr. Miller seeks compensatory damages and punitive damages.

119 <u>Defendant's Contentions</u>

120  Defendant denies Plaintiff's claims. Raytheon contends that Mr. Miller was terminated in the
121  reduction in force for nondiscriminatory reasons.

122  **ADEA Age Discrimination Claim**

123  The Age Discrimination in Employment Act of 1967 (ADEA), as amended, is a federal
124  law that prohibits discrimination in employment against individuals 40 years of age and older.
125  The ADEA prohibits discrimination because of age with respect to any term, condition, or
126  privilege of employment, including hiring, firing, promotion, layoff, compensation, benefits, job
127  assignments, and training. The ADEA applies to employers with 20 or more employees.

128  Under the ADEA, it is "unlawful for an employer to discharge any individual or
129  otherwise discriminate against any individual with respect to his compensation, terms,
130  conditions, or privileges of employment, because of such individual's age." 28 U.S.C. § 623
131  (a)(1).

132  To succeed under the ADEA, Plaintiff must establish that discrimination was the but-for
133  cause of Defendant's decision to discharge him. If you disbelieve the reason(s) Defendant has
134  given for its decision, you may infer it discharged Plaintiff because of his age.

135  The ADEA prevents discrimination on the basis of age, not salary or seniority. Therefore,
136  an employer's decision to terminate older employees to cut costs and prevent the vesting of
137  pension benefits, standing alone, is insufficient to prove age discrimination. Employers are free
138  under the law to use their judgment, whether you agree with it or not, so long as decisions are not
139  made because of an individual's age.

140  **TCHRA Age Discrimination Claim**

141  The Texas Commission on Human Rights Act ("TCHRA") is a state law that prohibits
142  discrimination in employment against individuals 40 years of age and older. The TCHRA
143  prohibits discrimination based on age with respect to any term, condition, or privilege of
144  employment, including hiring, firing, promotion, layoff, compensation, benefits, job assignments,
145  and training. The TCHRA applies to employers with 20 or more employees.

Under the TCHRA, an "employer commits an unlawful employment practice if because of . . . age the employer. . . discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LABOR CODE § 21.051.

The TCHRA prevents discrimination on the basis of age, not salary or seniority. Therefore, an employer's decision to terminate older employees to cut costs and prevent the vesting of pension benefits, standing alone, is insufficient to prove age discrimination. Employers are free under the law to use their judgment, whether you agree with it or not, so long as decisions are not made because of an individual's age.

If you disbelieve the reason(s) Defendant has given for its decision, you may infer it discharged Plaintiff because of his age.

**Question No. 1: Did Defendant discharge Plaintiff because of his age, in violation of the ADEA?**
Instruction:
To prove discrimination under the ADEA, Plaintiff must prove by a preponderance of the evidence that Defendant discharged him because of his age.

Answer "Yes" or "No": __YES__

If you answered "Yes" to Question No. 1, then please proceed to Question No. 2.
If you answered "No" to Question No. 1, then please proceed to Question No. 3.

**Question No. 2: Was Defendant's discharge in violation of the ADEA of Plaintiff "willful"?**
Instructions:
If you find that Raytheon terminated Mr. Miller because of his age, in violation of the ADEA, then you must also determine whether Raytheon's actions were "willful."

To establish willfulness, Plaintiff must also prove that, when Defendant discharged Plaintiff, Defendant either:
  (a) knew that its conduct violated the ADEA, or
  (b) acted with reckless disregard for compliance with the ADEA.

Answer "Yes" or "No": __YES__

176   Please proceed to Question No. 3.

177   **Question No. 3: Did Defendant discharge Plaintiff because of his age, in violation of the**
178   **TCHRA?**
179   Instructions:
180   To prove discrimination under the TCHRA, Plaintiff must prove by a
181   preponderance of the evidence that Defendant discharged him because of
182   his age.

183   To meet his burden under the TCHRA, Plaintiff must establish that age
184   was a "motivating factor" in Defendant's decision to discharge him.

185   A "motivating factor" in an employment decision is a reason for making
186   the decision at the time it was made. There may be more than one
187   motivating factor for an employment decision.

188   **Answer "Yes" or "No":** _Yes_

189   If you answered "No" to Question No. 1 and you also answered "No" to Question No. 3,
190   then you are finished. The Foreperson should sign on the space provided on the last page of this
191   charge and then alert the court security officer that you have reached a verdict.
192   If you answered "Yes" to Question No. 3, please proceed to Question No. 4.

193   **Question No. 4: Would Defendant have taken the same action inquired about in Question**
194   **No. 3 when it did, in the absence of the impermissible motivating factor?**
195   Instruction:
196   On this question, Defendant has the burden of proof by a preponderance of the
197   evidence.
198
199   **Answer "Yes" or "No":** _No_

200   If you answered "No" to Question No. 1 and you also answered "Yes" to Question
201   No. 4, then you are finished. The Foreperson should sign on the space provided on the
202   last page of this charge and then alert the court security officer that you have reached a
203   verdict.
204   Otherwise, please proceed to the "Damages" section.

205   **Damages**

206   If you found that Defendant violated the ADEA and/or the TCHRA, then you
207   must determine whether Defendant has caused Plaintiff damages and, if so, you must
208   determine the amount, if any, that is fair compensation for those damages. These

209 damages are called compensatory damages.

210 If you found that Defendant violated the TCHRA, then you also will be asked to determine if Raytheon is liable for punitive damages and, if so, you will be asked to fix the amount of those damages. Because the method of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I now give you apply only to your award, if any, of compensatory damages.

**Compensatory Damages**

The purpose of compensatory damages is to make the plaintiff whole–that is, to compensate Plaintiff for the damage that the he has suffered. You may award compensatory damages only for injuries that Plaintiff proves, by a preponderance of the evidence, were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of compensatory damages, to the extent you find them proved by a preponderance of the evidence: (1) economic loss, which includes back pay and benefits; and (2) non-economic loss, which includes emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

You should not award compensatory damages for speculative injuries. Rather, as to compensatory damages for economic loss, you may only award damages for those injuries which Plaintiff has actually suffered, if any. In the case of compensatory

damages for non-economic loss, such as mental anguish, you may only award damages for those injuries which Plaintiff has actually suffered or is reasonably likely to suffer in the future, if any.

### Economic Loss/Back Pay and Benefits

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant, and includes fringe benefits such as life and health insurance, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, Defendant proves by a preponderance of the evidence Plaintiff received in the interim. You may award an amount that will fairly compensate Plaintiff for any damages that he has suffered to date. You should separately consider Plaintiff's past pension benefits from his back pay and other past benefits.

Defendant asserts an affirmative defense that Plaintiff failed to mitigate his damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

Any amount you award Plaintiff in back pay must be based solely on Mr. Miller's earnings history. Mrs. Miller's earnings should not be considered in your calculations in any manner.

### Non-economic Loss/Mental Anguish

Plaintiff alleges that as a result of Defendant's actions, he has suffered damages in the form of physical pain and mental anguish. You may award damages for any physical

pain or mental anguish that Plaintiff proves he has experienced in the past or will experience in the future as a result of Defendant's conduct.

Mr. Miller has the burden of proving any compensatory damages, including mental anguish, by a preponderance of the evidence. "Mental anguish" is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages, if any, he has suffered.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence. You should consider the nature, character, and seriousness of any pain or mental anguish that you determine was caused by Defendant, and you must also consider its extent or duration. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has shown that he has actually suffered or is reasonably likely to suffer in the future.

**Question No. 5: What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff?**

Answer in dollars and cents for the following items and none other:

(A) Back pay and benefits (excluding pension benefits): $352,179.00

(B) Past pension benefits: $227,000.00

(C) ~~(B)~~ Mental anguish: $1,000,000.00

If you answered "Yes" to Question No. 3 and you also answered "No" to Question No. 4, then please proceed to "Punitive Damages under the TCHRA".
Otherwise, you are finished. The Foreperson should sign on the space provided on the last page of this charge and then alert the court security officer that you have reached a verdict.

**Punitive Damages under the TCHRA**

Punitive damages are those damages designed to punish a defendant and to deter a

defendant and others from engaging in similar conduct in the future.

If you find that Defendant is liable for Plaintiffs injuries, you must award the Plaintiff the compensatory damages that he has proven, as addressed earlier in this charge. In addition, you may award punitive damages under the TCHRA if you find that Plaintiff has proven by clear and convincing evidence that Defendant acted with malice or willfulness in its actions regarding Plaintiff or with reckless indifference to the right of Plaintiff to be free from discriminatory practices.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial harm to Plaintiff.

One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

In making any award of punitive damages under the TCHRA, you should consider the nature of the wrong, the character of the conduct involved, the degree of culpability of Defendant, the situation and sensibilities of the parties concerned, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of Defendant.

You may not award punitive damages if you find that Defendant acted in good faith in efforts it made trying to prevent its managers from violating the law prohibiting age discrimination.

**Question No. 6: Do you find by clear and convincing evidence that Defendant terminated Plaintiff's employment with malice or reckless indifference to his rights under the TCHRA?**

**Answer "Yes" or "No":** YES

If you answered "Yes" to Question No. 6, then please proceed to Question No. 7.
If you answered "No" to Question No. 6, then you are finished. The Foreperson should sign on the space provided on the last page of this charge and then alert the court security officer that you have reached a verdict.

**Question No. 7: What sum of money, if any, if paid now in cash, should be assessed against Defendant and awarded to Plaintiff as punitive damages, if any, for the conduct referenced in Question No. 6?**

**Answer in dollars and cents, or answer "none":** $15,000,000.00

You are finished. The Foreperson should sign on the space provided on the last page of this charge and then alert the court security officer that you have reached a verdict.

## INSTRUCTIONS ON JURY DELIBERATIONS

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, win this case.

After I finish reading this charge, you will retire to the jury room. I will send you this charge and the exhibits that have been admitted into evidence. You will first select one member of the jury to act as your Foreperson. The Foreperson will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

In order to return a verdict your verdict must be unanimous. It is your sworn duty as jurors to consult one another and to deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if you become convinced that you are wrong. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because others think differently, or merely to finish the case. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If, during your deliberations, you desire to communicate with me, your Foreperson will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. I will always first show the attorneys your question and my response before I answer your question. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

When you have reached unanimous agreement as to your verdict, the Foreperson shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

You may now retire to the jury room to conduct your deliberations.

_____
United States District Judge

**Certification of Jury Verdict**

The foregoing is the unanimous verdict of the jury.

Dated: 7/13/10

_____
Foreperson

PATRICIA J. ROSENGRANTS
Printed Name of Foreperson