# TAB 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**



| | |
|---|---|
| **RICHARD MILLER** § | |
| § | |
| § | |
| *Plaintiff,* § | **CIV. A. NO. 3:09-cv-0440-O** |
| § | **ECF** |
| *v.* § | |
| § | |
| **RAYTHEON COMPANY,** § | |
| § | |
| *Defendant.* § | |
| § | |

**DECLARATION OF HAL K. GILLESPIE**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

I hereby declare pursuant to 28 U.S.C. § 1746:

1.      My name is Hal K. Gillespie.  I am over the age of eighteen (18) years, of sound mind, and fully capable of making this affidavit.  I am fully competent to testify to the matters stated in this affidavit, all of which is true, and of which I have personal knowledge.

2.      I am a shareholder of Gillespie, Rozen, & Watsky, P.C. ("GRW").

3.      I obtained a B.A. Degree with Honors from the University of Texas at Austin in 1969 and a J.D. Degree with Honors from the University of Texas at Austin School of Law in 1972.  I was an Associate Editor of the Texas Law Review.  I was admitted to the Texas Bar in 1972, and I am admitted to practice before the United States Supreme Court, United States Court of Appeals for the Fifth, Ninth, Tenth, Eleventh, District of Columbia and Federal Circuits, the United States Court of Military Appeals, the United States District Courts for the Northern, Western, Eastern, and Southern Districts of Texas.  In 1975 I became a partner in the law firm of

MULLINAX, WELLS, MAUZY & BAAB, Inc. in Dallas, Texas.  In 1978 I became a partner in the firm of HICKS, GILLESPIE & JAMES, P.C.   I obtained Board Certification in Labor Law (now known as Labor and Employment Law) in 1985.

4.      In 1990 I became a partner in the firm that is now known as GILLESPIE, ROZEN, & WATSKY, P.C. (hereinafter "GRW"), with offices in Dallas, Texas.  I have served as a member of the Labor Law Advisory Commission of the Texas Board of Legal Specialization.  In 1993 I served as the first Chairperson of the Employment Law Section of the Dallas Bar Association. With the exception of a nine-month period in 1972 and 1973, when I held the rank of Captain and was on active duty as a member of the Judge Advocate General's Office of the United States Air Force, my practice has predominantly involved labor and employment law since I became licensed in September 1972.  I regularly write, lecture, and speak on labor and employment law issues.  I have extensive civil litigation experience, with over sixty jury trials (first chair), numerous bench trials, and hundreds of arbitrations.  I have been named as among the best 500 attorneys in the United States by Lawdragon.com. *Texas Monthly* and *Law & Politics* magazines listed me as among the top 100 attorneys in Texas in 2003 and every year thereafter.

5.      I am aware of the customary rates for attorneys of various skill levels specializing in the area of labor, employment, and other civil rights litigation within the Dallas-Fort Worth metroplex.  **Exhibit 1** is the July 27, 2010 decision of the Honorable Jane Boyle in *Nassar v. University of Tex. Southwestern Med. Cntr.*, __ F.Supp. __, 2010 WL 3000877 (N.D. Tx. 2010). **Exhibit 2** is the Declaration of Brian P. Lauten in Support of Dr. Nassar's Application for Attorneys' Fees (Doc. 146-1). **Exhibit 3** is the Declaration of Brent R. Walker in Support of Dr. Nassar's Application for Attorneys' Fees (Doc. 146-1)(attaching the resume of Charla Aldous). The Nassar decision and the declarations of Mr. Lauten and Mr. Walker   demonstrate that Judge

Boyle approved rates for Dallas attorneys in an employment law matter where the plaintiff got an excellent result as follows:

| Dallas Lawyer | Year of Admission | Approved Rate |
|---|---|---|
| Brent Walker | 2004 | $400/hour |
| Brian P. Lauten | 2001 | $500/hour |
| Charla Aldous | 1982 | $750/hour |

6.     I have been admitted to practice in Texas and in the Northern District of Texas since 1972, and I have been board certified in this area of practice since 1985. My rate for this kind of legal work from about January 2007 through the end of 2009 was $475.00 per hour. Effective January 1, 2010, I raised my hourly rate to $490.00 per hour. Effective January 1, 2011, I raised my hourly rate to $495.00 per hour. I am aware that the rate of $495.00 per hour is well below both the market rate and the reasonable rate for attorneys of my skill level, experience, expertise, and certification in Dallas. I hold my billing rate low because of my commitment to providing legal services for people who come to GRW when their employment is threatened or has been terminated. Stated another way, it is difficult for people who have just been terminated from employment or who expect they may soon be terminated to afford to pay for legal services at currently reasonable market rates. A *National Law Journal* survey for 2010 for partner billing at five Dallas law firms shows a range as to high billing partners from $617 per hour to $1,120 per hour. That survey shows high billing partners at Thompson & Knight at $825 per hour and at Gardere Wynne Sewell at $817 per hour. At age 63 and with 38 years of experience and board certification since 1985, my skill level, experience, expertise and certification is at least equal to that of the Thompson & Knight and Gardere Wynne Sewell

lawyers.   The reasonable rate for attorneys of my skill level, experience, expertise, and certification in the Dallas market is $825 per hour.

7.     Yona Rozen was an integral part of our trial team on this case.  She took most of the depositions in this case, was fully involved in all parts of discovery, and participated fully in the trial of this case.  Ms. Rozen is submitting a separate declaration in support of the application for attorneys' fees.

8.     Jim Sanford was the other main plaintiff's counsel team member of the three-lawyer GRW team in this case (along with Yona Rozen and me).  Mr. Sanford did most of the written discovery work on the case and was critically important in the briefing in opposition to Defendant's motion for summary judgment.  Mr. Sanford also played an important role in the trial of the case.  James D. Sanford obtained a Bachelor of Arts in History and Economics from Emory University in Atlanta, Georgia, in 1999.  After two years at the U.S. Department of Justice—Antitrust Division, he graduated with honors from the University of Texas at Austin School of Law in 2005 with a J.D.  He has practiced at Gillespie, Rozen & Watsky, P.C. since 2005, focusing on labor and employment matters.  Mr. Sanford is a member of the National Employment Lawyers Association (NELA), the Texas Employment Lawyers Association, and is a past member of the Dallas-Ft. Worth chapter of NELA.  He is admitted to practice in the United States Courts Appeals for the Fifth and Ninth Circuits and the United States District Courts for the Eastern, Northern, and Western Districts of Texas.  "Super Lawyers" magazine named him among its "Rising Stars" in Texas in 2009, 2010, and 2011.  The reasonable hourly rate in Dallas County currently for Jim Sanford is $400.00 per hour.

9.     Cheryl R. Drazin is a GRW attorney and shareholder who assisted in briefing Plaintiff's response to Raytheon's post-trial brief on equitable remedies while Mr. Sanford was

out of the office on vacation. Ms. Drazin obtained a Bachelor of Arts in Political Science, *magna cum laude*, from Washington University in St. Louis, Missouri in 1996. Ms. Drazin graduated from the University of Texas School of Law in 2000 with a J.D. Ms. Drazin joined Gillespie, Rozen & Watsky in September 2000 and became licensed to practice law on November 1, 2000. Ms. Drazin became board certified in Labor and Employment law in 2006. Ms. Drazin became a shareholder in Gillespie, Rozen and Watsky in 2007. She is admitted to practice in the United States Court of Appeals for the Fifth Circuit (2002) and the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas. Ms. Drazin is a member of the National Employment Lawyers Association (NELA) and the Texas Employment Lawyers Association (TELA). "Super Lawyers" magazine has named Ms. Drazin among its "Rising Stars" in Texas in 2009, 2010 and 2011. The reasonable hourly rate in Dallas County currently for Cheryl Drazin is $500.00 per hour.

10.     Joseph H. Gillespie is a GRW attorney and shareholder who assisted on the *Miller* case during trial by researching the admissibility of the EEOC determination letter after Raytheon filed a trial brief on this issue. His involvement was necessary because Yona Rozen, Jim Sanford and I were in trial on *Miller* and therefore unavailable to undertake this research and writing. Joseph Gillespie obtained a Bachelor of Arts in English Literature from the University of Texas in Austin in 1999. He obtained his J.D. from the University of Texas in Austin in 2002. During law school, he clerked at the firm of Gillespie, Rozen and Watsky, P.C. and the Austin firm of Davis and Wilkerson P.C. Since graduating from law school, Joseph Gillespie has practiced at Gillespie, Rozen and Watsky, P.C. since 2002, focusing exclusively on Labor and Employment matters. He became certified in labor and employment law by the Texas Board of Legal Specialization on December 31, 2007. Joseph Gillespie was first licensed by the State Bar

of Texas in November 2002. He is admitted to practice in: the Northern District of Texas (November 2002), Southern District of Texas (January 2003), Western District of Texas (January 2003), Eastern District of Texas (September 2003), Fifth Circuit Court of Appeals (December 2003), Supreme Court of the United States (April 2009), and the Eleventh Circuit Court of Appeals (December 2010). Joseph Gillespie is a member of the National Employment Lawyers Association (NELA), the Texas Employment Lawyers Association, and is a member of the Dallas-Ft. Worth chapter of NELA. He also is a member of William "Mac" Taylor American Inn of Court. In 2010, he became a member of the council for the Dallas Bar Association's Labor and Employment Law Section and in 2011, he became the treasure of that section. "Super Lawyers" magazine named him among its "Rising Stars" in Texas in 2007, 2008, 2009, 2010, and 2011. The reasonable hourly rate in Dallas County currently for Joseph Gillespie is $475.00 per hour.

11.   Edith K. Thomas was the original GRW associate working on the *Miller* case. Ms. Thomas worked on the EEOC proceedings, was active in filing the original complaint and in the initial stage of litigation, and provided support on discovery matters. Ms. Thomas graduated with a Bachelor of Arts in Anthropology and Government from the University of Texas at Austin in 1997 and obtained her J.D. in 2004 from Tulane University Law School. Prior to returning home to Texas, Ms. Thomas practiced in Washington D.C. for several years as a staff attorney at Zuckerman Spaeder L.L.P. Ms. Thomas has practiced law at Gillespie, Rozen, & Watsky, P.C. since 2008, where her practice focuses on labor and employment litigation and the representation of plaintiffs in state and federal court, appellate courts, and before federal and state agencies. Ms. Thomas is admitted to the Texas Bar, the District of Columbia Bar, the Maryland Bar, the Northern District of Texas, and the Eastern District of Texas. She is a member of the Texas

Employment Lawyers Association, the Dallas Bar Association, the Dallas Association of Young Lawyers, and the Dallas Women's Lawyers Association. The reasonable hourly rate in Dallas County currently for Edith Thomas is $400.00 per hour.

12.    Adam S. Greenfield joined GRW as an associate after the trial in this matter. Before obtaining his license on December 9, 2010, Mr. Greenfield conducted legal research and assisted in post-trial briefing. The reasonable hourly rate in Dallas County for Adam Greenfield after joining GRW and before he passed the bar exam was that of a senior legal assistant, $125.00 per hour. The current reasonable hourly rate in Dallas County for Adam Greenfield is $200.00 per hour. Mr. Greenfield obtained a Bachelor of Science in Kinesiology with honors from the University of Texas at Austin in 2007. After time with the Public Defender's Office— Domestic Violence Division and the Financial Industry Regulatory Authority's Arbitration and Mediation Division, he graduated with a Dean's Merit Scholarship from the University of Miami School of Law in 2010 with a J.D. He has practiced at Gillespie, Rozen & Watsky, P.C. since 2010, focusing on Labor and Employment matters. Mr. Greenfield is a member of the Texas Employment Lawyers Association and is admitted to practice in the United States District Courts for the Eastern and Northern Districts of Texas.

13.    GRW accepted this case on a contingency fee basis for Richard Miller in view of the fact that he would be unable to afford to pay legal fees at the reasonable and customary rates for the attorneys of GRW to pursue this matter. **Exhibit 4** is a true and correct copy of our (redacted) contingency fee agreement with Mr. Miller. The agreement provides that GRW will receive one-third (33 and 1/3 per cent) of any amount awarded in trial or settlement. It is customary for attorneys who handle employment law cases in the Dallas-Fort Worth metroplex to do so on a contingency basis, with a contingent amount of forty percent (40%) of the recovery

in the event of settlement.  My agreement with Mr. Miller is a "mixed" contingency agreement because it provides that Mr. Miller will pay an hourly rate to our firm for lawyer work of $100.00 per hour, regardless of the market or reasonable rate of the lawyer doing the work.  The $100.00 arrangement permits GRW to (1) reduce the contingency fee amount from 40% to 1/3rd and to have some cash flow on the case, even though the $100.00 per hour is substantially below both our market rates, reasonable rates, and our break even number.  Paragraph 3 of our July 9, 2008 fee agreement states:

> The rate of $100.00 per hour is substantially below the reasonable hourly fee an attorney of my experience and ability can command in the Dallas area (which is currently $475per hour).  This hourly rate is also far below that of any other lawyer in this firm.  We anticipate that if attorney's fees are awarded in trial, attorneys in this firm will be awarded fees based upon their customary hourly rates, and not on the greatly discounted rate of $100.00 per hour.

14.     In practice, because Mr. Miller was unable to find new employment and therefore could not afford to pay the $100 rates we were charging him under the fee agreement, GRW handled his case on practically a full contingency basis.  I was aware that Mr. Miller did not stay current with his $100 per hour commitment for attorneys fees to GRW, but I made a decision to keep him on the 1/3rd (reduced from 40%) contingency arrangement.  As of May 27, 2011, GRW had billed Mr. Miller a total of $131,602 at the $100 per hour reduced rate, and Mr. Miller had paid a total of $21,044.61 in attorneys' fees, leaving $110,557.39 owed of the attorneys' fees billed.  Mr. Miller was also responsible under the fee agreement of July 9, 2008 to repay out-of-pocket costs by GRW to GRW on a "current" basis.  Because of his inability to find a replacement job, despite diligent efforts of which I was aware, as of May 17, 2011, Mr. Miller had repaid GRW only $14,074.12 of $24,365.89 in costs GRW had billed him, so that Mr. Miller owed GRW costs totaling $10,291.77. Because of GRW's commitment to Mr. Miller's case, and

because of his good faith efforts to pay contractual fees and costs, GRW continued to handle Mr. Miller's case and GRW did not attempt to renegotiate the fee agreement to higher than the reduced 1/3rd contingency fee provided for in the July 9, 2008 fee agreement.

15.     In this case, Mr. Miller asserted claims of age discrimination under federal and state anti-discrimination laws. The work performed by the GRW attorneys participating in this case and claimed in *Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs* was reasonable and necessary—both in terms of the work done and the time expended—to obtain the results achieved for Mr. Miller. GRW attorneys conducted extensive discovery concerning these claims. GRW lawyers litigated a discovery dispute with Defendant. GRW lawyers successfully opposed Defendant's motion for summary judgment. GRW lawyers represented Mr. Miller at mediation and at settlement conferences. The parties tried the age discrimination claims to a jury from July 8, 2010 until July 13, 2010. The parties tried the equitable relief/front pay phase of the litigation to the Court on July 29, 2010.

16.     The time and effort required to fully litigate Mr. Miller's claims against Defendant necessarily precluded me from undertaking other opportunities for employment. As someone well known for my skill in the area of labor and employment law, I receive many referrals on a regular basis. Because of my commitment to Mr. Miller's case, for many weeks at a time, I was unable to commit the time to interview prospective clients, accept those cases, and pursue those legal claims. Mr. Miller has no relationship with me or any other attorney who has participated in this case that would act to reduce compensation for legal services.

17.     **Exhibit 5** is an accurate, contemporaneous listing of legal services rendered in this matter showing the initials of the GRW attorney who performed the work, and a description of the work performed. I reduced the hours included in **Exhibit 5** at the time of initial billing in

---

**DECLARATION OF HAL K. GILLESPIE**                                                          **PAGE 9**

all instances where I felt such hours were excessive in light of the work performed. I estimate that I reduced, before initial billing, at least 10% of the hours that otherwise would have been billed.

18.    **Exhibit 6** is a recap of all time spent by GRW attorneys on this matter, through May 27, 2011. Besides myself, the other GRW attorneys who spent time working on this case for Mr. Miller are: Yona Rozen, James Sanford, Cheryl Drazin, Joseph Gillespie, Edith Thomas, Tiffany Alvoid, and Adam Greenfield.   **Exhibit 6** shows amounts for the work of all GRW attorneys who worked on this matter, calculated at the below-market-rate of $100.00 per hour, per the July 9, 2008 fee agreement. As shown on **Exhibits 5 and 6** and based on the proposed hourly rates for all GRW attorneys who worked on this matter.

### *Attorney Fee Summary*

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| (HKG) Hal Gillespie | 226.40 | $825.00 | $186,780.00 |
| (YR) Yona Rozen | 278.20 | $775.00 | $215,605.00 |
| (CRD) Cheryl Drazin | 4.00 | $500.00 | $2,000.00 |
| (JHG) Joe Gillespie | 1.10 | $475.00 | $522.50 |
| (JS) Jim Sanford | 642.52 | $400.00 | $257,008.00 |
| (ET) Edith Thomas | 85.80 | $400.00 | $34,320.00 |
| (AG) Adam Greenfield after 12/9/10 | 57.50 | $200.00 | $11,500.00 |
| (AG) Adam Greenfield before 12/9/10 | 20.50 | $175.00 | $2,562.50 |
| TOTAL | 1,316 | | $711,323.00 |

19.    The lodestar amount for all attorneys work (1,316 hours combined) by GRW attorneys through the date of preparation of this declaration totals $711,323.00. The work expended by the attorneys of GRW has been reasonable and necessary, both in terms of the work done and the hours expended. In evaluating the value of the professional services rendered in this case, I have taken into consideration the twelve factors set out in *Johnson v. George*

---

**DECLARATION OF HAL K. GILLESPIE**                                                   **PAGE 10**

*Highway Express, Inc.*, referenced in our *Federal Rule 54(d) Motion for Attorney's Fees and Costs*.

20.     In my opinion, based upon my experience in this area, geographically and the area of employment law, the result obtained and the degree of success obtained for Mr. Miller in this case is exceptional.  The monetary result per the Court's Order of May 13, 2011 (Doc. 168) totals $1,444,986.  This amount does not include attorneys' fees and costs, which Mr. Miller should also recover, and which should be substantial.  This is one of the largest recoveries in an age discrimination suit in Texas, ever.  While the Court did not approve the $15,000,000 punitive damage award by the jury, that verdict may send a signal to Raytheon concerning its willful age discrimination against Mr. Miller.  The result obtained is particularly exceptional when measured against the best settlement offer Raytheon ever conveyed to Mr. Miller in this matter, a total of less than four months' worth of back pay, with no attorneys' fees or costs (and less than the severance amount Raytheon offered Miller at termination if he would sign a release).  The result is also exceptional because the jury made findings of a willful violation of federal law and a malicious violation of Texas law against age discrimination and the Court upheld these findings.  As such, Mr. Miller prevailed completely on his claims against Raytheon.

FURTHER DECLARANT SAYETH NAUGHT.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief this 27th day of May, 2011.

/s/Hal K. Gillespie
Hal K. Gillespie

**DECLARATION OF HAL K. GILLESPIE**                                    **PAGE 11**

**APP 012**

Westlaw.

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
**(Cite as: 2010 WL 3000877 (N.D.Tex.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas,
Dallas Division.
Naiel NASSAR, M.D., Plaintiff,
v.
UNIVERSITY OF TEXAS SOUTHWESTERN
MEDICAL CENTER, Parkland Health & Hospital
System, Beth Levine, M.D., and J. Gregory Fitz,
M.D., Defendants.

Civil Action No. 3:08-CV-1337-B.
July 27, 2010.

Brian P. Lauten, Amy Bryant Lauten, Sawicki &
Lauten LLP, Charla G. Aldous, Aldous Law Firm,
Dallas, TX, for Plaintiff.

Michael V. Abcarian, Jennine R. Lunceford, Paul
Michael Lanagan, Fisher & Phillips, Dallas, TX, Lars
Hagen, Darren G. Gibson, Kyle M. Jones, Office of
the Texas Attorney General, Geoffrey R. Unger,
Reagan Wm Simpson, King & Spalding LLP, Austin,
TX, Michael W. Johnston, King & Spalding, Atlanta,
GA, for Defendants.

### *MEMORANDUM OPINION AND ORDER*
JANE J. BOYLE, District Judge.

*1 Before the Court is the motion of Plaintiff,
Naiel Nassar, M.D. ("Plaintiff" or "Dr. Nassar"), for
an award of attorneys' fees and costs pursuant to 42
U.S.C. § 2000e-5 (k) following a jury verdict in his
favor on his claims of discrimination and retaliation
against Defendant UT Southwestern Medical Center
at Dallas ("Defendant" or "UT Southwestern"). (doc.
146). Upon consideration of the arguments and sub-
missions of the parties in light of the governing au-
thority, the Court **GRANTS** Plaintiffs' motion part
and **DENIES** it in part. For the reasons set forth be-
low, the Court awards attorneys' fees in the sum of
$489,927.50 and taxable costs of $10,705.61.

### I.
### BACKGROUND
Dr. Nassar, a Muslim physician of Egyptian na-
tional origin, was an Assistant Professor of Medicine

at UT Southwestern whose primary duty was to pro-
vide patient care at the HIV/AIDS clinic at Parkland
Hospital ("Parkland"). Plaintiff's lawsuit is grounded
in allegations that he faced discriminatory and ha-
rassing treatment at UT Southwestern that constituted
constructive discharge, that he reported that treatment,
and that as a result, UT Southwestern officials blocked
his attempt to gain employment at Parkland.[FN1] He
asserted claims against UT Southwestern, Parkland,
and two UT Southwestern physicians (Drs. Fitz and
Levine) for discrimination and retaliation under Title
VII and Section 1981, tortious interference with
business relations, and exemplary damages. (doc. 11).
On February 5, 2010, the Court dismissed Dr. Nassar's
claims against Defendants Dr. Levine and Dr. Fitz[FN2]
and granted summary judgment on his claim for tor-
tious interference. (doc. 99). On February 19, 2010,
the Court granted Defendant Parkland's motion for
summary judgment. (doc. 100).

> FN1. The relevant factual background is
> more fully described in the Court's rulings on
> summary judgment (docs. 99 and 100) and
> the trial transcript and is set forth here only to
> the extent necessary to frame the discussion
> of attorneys' fees and costs.

> FN2. The Court dismissed those claims
> against Drs. Levine and Fitz that were
> brought against them in their individual ca-
> pacities.

The remaining claims of discrimination and re-
taliation against UT Southwestern were tried to a jury
beginning on May 17, 2010. The Court bifurcated the
issues of liability and damages. On May 24, 2010, the
jury returned a verdict for Dr. Nassar on both claims,
finding (1) that UT Southwestern constructively dis-
charged Dr. Nassar on the basis of his race, national
origin, or religious preference and (2) that UT
Southwestern retaliated against Dr. Nassar by block-
ing or objecting to his employment by Parkland be-
cause he engaged in protected activity. (doc. 140).
Following testimony on damages, the jury returned a
verdict on May 27, 2010 awarding Dr. Nassar
$438,167.66 in back pay and benefits and
$3,187,500.00 in compensatory damages. (doc. 143).



© 2011 Thomson [...] S Gov. Works.

EXHIBIT
1

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
(Cite as: 2010 WL 3000877 (N.D.Tex.))

On June 11, 2010, Plaintiff filed his motion for attorneys' fees, seeking a total of $496,302.50 in attorneys' fees and $11,098.59 in costs and expenses. (doc. 146). The fees and expenses are divided between two law firms, Sawicki & Lauten, L.L.P. and the Aldous Law Firm, and the application is supported by the declarations of attorneys from each firm together with itemized time records. (*Id;* Lauten Decl.; Walker Decl.).

## II.
## ANALYSIS

*2 Section 706(k) of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5 (k), provides in relevant part that a "court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs." The jury found in Dr. Nassar's favor on his Title VII claims for discrimination and retaliation, awarding substantial damages. Where a statute provides for an award of attorneys' fees, an award should be given unless "special circumstances" render the award unjust. *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The Court finds no such special circumstances [FN3] in this case, and none have been argued, that would render an award unjust. Defendant does not challenge Dr. Nassar's status as a prevailing party or his entitlement to reasonable attorneys' fees. The task before the Court is to determine what award of attorneys' fees and costs is "reasonable." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

> FN3. The "special circumstances" exception is narrow and requires a "strong showing" to justify a denial of attorneys' fees to a prevailing plaintiff. *Gibbs v. Town of Frisco City Police Dep't,* 626 F.2d 1218, 1221 (5th Cir.1980).

In awarding statutorily-authorized attorneys' fees, district courts in the Fifth Circuit employ a two-step procedure. *See Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 323-24 (5th Cir.1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id.* at 324. The product of this multiplication is the base fee, or "lodestar", which the Court then either accepts or adjust upward or downward based on twelve factors enunciated in

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). [FN4] The Court may modify the lodestar if any of the *Johnson* factors not already considered in determining the lodestar warrant an adjustment. *See Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir.1993). The " 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence." *Perdue v. Kenny A.,* --- U.S. ----, ----, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010). It is presumptively reasonable and should be modified only in exceptional cases. *Watkins,* 7 F.3d at 457 (citing *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)).

> FN4. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19.

Plaintiff moves the Court to award attorneys' fees in the amount of $496,302.50 for the work of four attorneys from two law firms who have represented Dr. Nassar since 2008. (doc. 146, p. 5; Lauten Decl. 1f 5; Walker Decl. 1f 7). Plaintiff's figure is the result of a lodestar calculation described in attorney declarations, and is supported by attached documentation of the time spent on particular tasks. (*Id;* Ex. 1 to Lauten Decl; Ex. 1 to Walker Decl.). Applying the *Johnson* factors, Plaintiff further moves for an upward adjustment of the lodestar figure. (doc. 146, p. 6). Defendant objects to both the hours expended and the rates charged in the calculation of the lodestar and also moves for a downward departure from the lodestar figure. (doc. 158, pp. 1-2).

*A. Calculation of the Lodestar*

*3 "The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1232 (5th Cir.1997). The Court will evaluate each component in turn, together with Defendant's objections.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
**(Cite as: 2010 WL 3000877 (N.D.Tex.))**

The first step in the calculation of the lodestar is to determine the number of hours reasonably expended by counsel. The Court may exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary" hours or hours that lack proper documentation. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Wright v. Blythe-Nelson,* No. 3:99-cv-2522-D, 2004 WL 2870082 at *5 (N.D.Tex. Dec.13, 2004). The prevailing party, Dr. Nassar, bears the burden of establishing with sufficient documentation both that the total number of hours claimed was reasonable and that particular hours were reasonably expended. *Hensley,* 461 U.S. at 434; *Bode v. U.S.,* 919 F.2d 1044, 1047 (5th Cir.1990).

Defendant lodges several challenges to the number of hours claimed and the sufficiency of their documentation. (doc. 158, pp. 5-8). UT Southwestern's challenges can be characterized as objections to the necessity of the hours claimed and objections to the documentation of particular hours. First, UT Southwestern argues that "Plaintiff has failed to establish that engaging two separate law firms was not redundant or excessive for the nature and scope of this case." (*Id.* at p. 5). The Court will not reduce the hours on this ground in this case. Though Dr. Nassar was represented by two law firms, he requests fees only for the work of four attorneys. The Court observed the performance of the attorneys at trial and discerned a reasonable division of labor; billing records submitted by each firm reflect that division of labor and include a permissible amount of collaboration that does not appear on the Court's inspection to be redundant or excessive. *See Heasley v. Comm'r of Internal Revenue,* 967 F.2d 116, 123 (5th Cir.1992) (Noting the trial court's opportunity to observe and assess the credibility of the attorneys submitting fee application).

UT Southwestern also argues that Dr. Nassar's "billing records appear to include a number of time entries detailing work that would include previously dismissed claims." (doc. 158, p. 5). Dr. Nassar's complaint included claims against Parkland, Dr. Fitz and Dr. Levine, as well as tort claims that were dismissed. "A prevailing litigant may not recover for hours devoted solely to claims against other parties" or unsuccessful claims. *Kellstrom,* 50 F.3d at 327. Dr. Nassar contends that all hours included in his fee claim were incurred in pursuit of his successful Title

VII claims against UT Southwestern. *See* Lauten Decl., ¶ 5 ("[T]he work described [ ] was exclusively performed in the prosecution of the discrimination and retaliation alleged against UT Southwestern Medical Center."). UT Southwestern does not identify any time entries that it contends were incurred solely for claims against other defendants, incurred in pursuit of unsuccessful claims, or that are otherwise unrecoverable and the Court's review does not reveal such entries. Through attorney declarations and the attached billing records, Dr. Nassar has met his burden of establishing that the fees claimed were incurred in the prosecution of his Title VII claims against UT Southwestern. The potential applicability of some of the claimed work to dismissed claims would not undermine Dr. Nassar's entitlement to fees for "all hours necessary to litigate those issues" on which he succeeded. *Kellstrom,* 50 F.3d at 327. *See also, Hensley,* 461 U.S. at 434-35 (No reduction necessary where claims against multiple parties involve a "common core of facts" or involve "related legal theories."). Accordingly, the Court declines to reduce Dr. Nassar's claimed hours on the basis of this objection.

*4 Defendant's objection to the sufficiency of certain entries has merit. "The fee applicant has the burden of presenting adequate documentation of the hours reasonably expended." *LULAC,* 119 F.3d at 1233. A prevailing party's "documentation must be sufficient for the court to verify that the applicant has met is burden." *Kellstrom,* 50 F.3d at 324. "If the applicant's documentation of the hours claimed is 'vague or incomplete,' the district court may reduce or eliminate those hours." *LULAC,* 119 F.3d at 1233. While attorneys are not required to " 'write a book' to describe in excruciating detail the professional services rendered," they must provide sufficient detail to enable the Court to apply its discretion. *Id.* The overwhelming majority of Dr. Nassar's entries contain a "short but thorough description of the services rendered." *Walker v. City of Mesquite,* 313 F.3d 246, 252 (5th Cir.2002). Defendant specifically challenges the time entries attached to Mr. Walker's declaration consisting of "prepare for trial" or "trial preparation." (doc. 158, p. 7). The Court agrees that such "exceptionally terse descriptions of activities do not satisfy the applicant's burden." *Wright,* 2004 WL 2870082 at *5. As a result, the Court has the discretion to "reduce or eliminate those hours," which represent a value of $20,250.[FN5]

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
(Cite as: 2010 WL 3000877 (N.D.Tex.))

FN5. The Court calculates this figure by adding the values of four entries: "Begin trial preparation," in the amount of 8.6 hours, "Continued trial preparation" in the amount of 11.5 hours, and "trial preparation" in the amounts of 2.3 and 4.6 hours. Though the billing records include entries that tread close to the limit, the Court finds that in context, only the entries described here (totaling 27 hours) merit further consideration by the Court. *Kellstrom*, 50 F.3d at 327.

The Court will not eliminate the hours, which reflect the work of Charla Aldous, one of Dr. Nassar's principal trial attorneys. Spare as the descriptions are, *Ms.* Aldous' preparation was evident and her presentation at trial superb. While the description is hardly illuminating, the number of hours claimed appears to be reasonable in light of the results obtained and the Court's observation of the attorney's performance at trial. Nevertheless, the standard in the Northern District of Texas requires a fee applicant to provide more than an "exceptionally terse description[ ] of activities" and the descriptions "prepare for trial" or "trial preparation" do not permit the Court to conduct a meaningful evaluation of the challenged hours. *Id.* Upon consideration of the evidence before the Court and in exercise of discretion, the Court concludes that a ten percent reduction is appropriate for those 27 hours that, though likely necessary, were inadequately documented. With the exception of those hours, the Court finds that the remaining hours for which Dr. Nassar seeks attorneys' fees were reasonably expended and sufficiently documented. The Court declines to award fees prospectively for those services that may be incurred on post-trial motions or appeal. (*See* Lauten Decl. 1f 7; Walker Decl. 1f 9). *Wright,* 2004 WL 2870082 at * 4 n. 6 ("This court's uniform practice is to deny such requests without prejudice to awarding them on a subsequent application based on the fees incurred ")

UT Southwestern also challenges the hourly rates sought by Dr. Nassar's attorneys. (doc. 158, pp. 7-9). In computing the lodestar, the Court considers the prevailing market rates in the community to determine a "reasonable hourly rate." *League of United Latin Am. Citizens # 4552,* 119 F.3d at 1234. The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah,* 285

F.3d 357, 368 (5th Cir.2002). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Kellstrom,* 50 F.3d at 328. The prevailing party bears the burden of producing evidence that the requested rate accords with the standard. *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Id.* at 368. "The hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *LULAC,* 119 F.3d at 1234.

*5 Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. Dr. Nassar supports the claimed rates with affidavits from each law firm asserting that the rates sought are both their customary (or previously accepted) rates and within the prevailing rates in this community. (Lauten Decl., ¶ 5, Walker Decl. ¶ 6). UT Southwestern argues that Dr. Nassar's evidence is insufficient and does not include affidavits from other practicing attorneys to show that the rates are within the ranges appropriate in this market. (doc. 158, pp. 8-9), but it does not offer evidence of what would constitute an appropriate rate.

The lodestar computation is designed to produce "an award that *roughly* approximates the fee that the prevailing attorney would have secured if he or she had been representing a paying client who was billed by the hour in a comparable case." *Kenny A.,* 130 S.Ct at 1676. This reflects the Supreme Court's instruction that a "reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Id.* (citing *Blum,* 465 U.S. at 897). "There is no windfall of attorneys' fees when the district court properly considers the relationship between the extent of the success and the amount of the fee award." *EEOC v. Clear Lake Dodge,* 60 F.3d 1146, 1154 (5th Cir.1995). Dr. Nassar's failure to include affidavits of other practicing attorneys is not necessarily fatal, though such evidence would be helpful in a case where rates are disputed. *Tollett,* 285 F.3d at 368. In the Court's review, "the degree of the plaintiff's overall success goes to the reasonableness of a fee award." *EEOC v. Clear Lake Dodge,* 60

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
(Cite as: 2010 WL 3000877 (N.D.Tex.))

F.3d 1146, 1154 (5th Cir.1995); *see also Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' ") (citations omitted)).

In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception. Dr. Nassar's application includes affidavits and other evidence that describes the relevant experience and customary (or previously accepted) rates of each of his attorneys with the exception of Amy Lauten. While the Court may consider the credibility of the attorney submitting an application, it must base its conclusion on the evidence rather than its experience. *Heasley,* 967 F.2d at 123; *LULAC,* 119 F.3d at 1234. Ms. Lauten's rate is not without evidentiary support, but that evidentiary support is limited to a few unadorned lines in an attorney declaration. Accordingly, in the exercise of discretion the Court finds it appropriate to reduce her billing rate by 20% to $400, which is reasonable in light of the superior results obtained. The other rates, when applied to the number of hours as modified above, yield a lodestar calculation that both provides reasonable compensation and avoids windfall. This is not to say that these rates are typical or will be routinely accepted, only that they are supported by the record and are reasonable given the specific facts of this case and the remarkable degree of success obtained. A lodestar so calculated gives "adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought." *Migis v. Pearle Vision,* 135 F.3d 1041, 1048 (5th Cir.1998)

*B. Adjustment of the Lodestar*

**\*6** Both Dr. Nassar and UT Southwestern argue for an adjustment of the lodestar figure based on the twelve *Johnson* factors described above. *See supra,* n. 4 (listing factors that may be considered). The Supreme Court recently addressed the scope of the trial court's discretion to adjust the lodestar figure in *Perdue v. Kenny A.* --- U.S. ----, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). As a rule, the Supreme Court noted, the figure reached through the lodestar calculation is presumptively reasonable, and that presumption is a "strong one." *Id.* at 1673. The party seeking an adjustment of the lodestar bears the burden of establishing that it is justified. *See Id.* (reviewing requested upward adjustment of the lodestar) and

*Kellstrom,* 50 F.3d at 329 (reviewing requested reduction of the lodestar). This burden is met by presenting "specific evidence" that the adjustment is "necessary to provide fair and reasonable compensation," that is, to provide a sufficient inducement for a capable attorney to take meritorious cases without providing a windfall. *Kenny A.,* 130 S.Ct. at 1672-73.

"Of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan v. Delta Concrete Prods. Co., Inc.,* 447 F.3d 795, 800 (5th Cir.2006) (citing *Migis,* 135 F.3d at 1047). Of these, the most critical factor is the degree of success obtained. *Farrar,* 506 U.S. at 114. The Court may not modify the lodestar based on a *Johnson* factor that was already taken into account in determining the lodestar; "to do so would be impermissible double counting." *Saizan,* 448 F.3d at 800.

Dr. Nassar argues that the *Johnson* factors justify an upward departure and UT Southwestern contends that application of the same factors justifies a downward departure, if any. (doc. 146, pp. 3-6; doc. 158, pp. 9-13). The Court denies both parties' requests for adjustment of the lodestar. The *Johnson* factors identified as most relevant were considered in the Court's determination of the lodestar. The time and labor required (factor 1) was fully considered when determining and adjusting the number of hours reasonably expended by counsel. The novelty and difficulty of the issues (factor 2) were "fully reflected in the number of billable hours recorded by counsel." *Kenny A.,* 130 S.Ct. at 1673. Having considered these factors, the Court will not independently analyze the varying characterizations of this case offered by the parties. Similarly, the skill required (factor 3), the preclusion of other employment by the attorney (factor 4), and the customary fee charged for those services in the relevant community (factor 5)are typically-and were in this case-considered in evaluating the hourly rates used in calculating the lodestar. *See id.* ("considerations concerning the quality of a prevailing party's counsel's representation are reflected in the reasonable hourly rate") and *Kimberly-Clark,* 2008 WL at \* 8 (rates charged "take into account the fact that accepting employment on any particular matter will necessarily limit the attorneys' ability to accept other cases"). Whether the fee is fixed or contingent (factor 6) "cannot serve as a basis for enhancement of attorneys'

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 3000877 (N.D.Tex.)
(Cite as: 2010 WL 3000877 (N.D.Tex.))

fees awarded" and UT Southwestern has presented no evidence that this factor should justify a downward departure. *Shipes v. Trinity Indus.,* 987 F.2d 311, 323 (5th Cir.1993). The parties presented no evidence that time limitations (factor 7) justify an adjustment. The Court considered the results obtained (factor 8) in its lodestar analysis; the results obtained were neither partial and limited nor are they such that a reasonable lodestar would not fairly compensate Dr. Nassar's attorneys. The experience, reputation, and ability of the attorneys (factor 9) was considered in calculating the lodestar does not justify a modification. No evidence indicates that "the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation." *Kenny A.,* 130 S.Ct at 1674. Neither party has presented "specific evidence" that the remaining factors justify an adjustment of the lodestar.

*C. Costs*
    *7 Dr. Nassar also seeks to recover certain out of pocket costs incurred in this lawsuit. (doc. 146, p6). The Lauten firm seeks $10,556.59 and the Aldous firm seeks $542.00 in costs for a total of 11,098.59 (Lauten Decl. ¶ 6; Walker Decl.¶ 8). Federal Rule of Civil Procedure 54 allows a prevailing party to recover certain costs, excluding attorneys' fees. Fed.R.Civ.P. 54(d). The costs taxable to an unsuccessful litigant include fees of the clerk, marshal, and court reporter; fees for printing and witnesses; fees for exemplification and copies of papers obtained for use in the case; docket fees; and compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Dr. Nassar bears the burden of supporting his request for costs and expenses "with evidence documenting the costs incurred." *Wright,* 2004 WL 2780082 at *9.

    UT Southwestern does not object specifically to any costs claimed or challenge the documentation, reasonableness, or necessity of any claimed cost or expense. The majority of Dr. Nassar's claimed expenses are supported by appropriate documentation and may be recovered by a prevailing party. Nevertheless, Plaintiff's request includes several categories of charges that do not appear to be taxable as costs, including fees for parking ($145.00), supplies ($29.77), and meals ($218.21), and Plaintiff does not offer authority for their recovery. As a result, in its discretion, the Court declines to award those costs and will reduce its award of costs by $392.98. The Court finds that Dr. Nassar may recover the remaining costs,

in the amount of $10,705.61.

## III.
## CONCLUSION
    For the reasons stated above, the Court finds that Dr. Nassar is entitled to attorneys' fees calculated through the lodestar method as modified in this Order and declines to adjust the lodestar upwards or downwards. Accordingly, the Court **GRANTS** in part Dr. Nassar's motion and **DENIES** it in part. The Lauten firm may recover attorneys' fees in the amount of $314,720, which accounts for the reduction in the hourly rate described above. The Aldous firm may recover attorneys' fees in the amount of $175,207.50, which accounts for the reduction in hours described above. Dr. Nassar is entitled to recover costs in the amount of $10,705.61. The Court denies Dr. Nassar's prospective request for attorneys' fees that may be incurred in post trial motions or appeal.

    **SO ORDERED.**

N.D.Tex..2010.
Nassar v. University of Tex. Southwestern Medical Center
Slip Copy, 2010 WL 3000877 (N.D.Tex.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NAIEL NASSAR, M.D.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **UT SOUTHWESTERN HEALTH** | § | **CIVIL ACTION NO. 3:08-CV-1337-B** |
| **SYSTEMS a/k/a UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER,** | § | |
| **PARKLAND HEALTH & HOSPITAL** | § | |
| **SYSTEM, BETH LEVINE, M.D., and J.** | § | |
| **GREGORY FITZ, M.D.,** | § | |
| | § | |
| *Defendants.* | § | |

### DECLARATION OF BRIAN P. LAUTEN IN SUPPORT OF DR. NASSAR'S APPLICATION FOR ATTORNEY'S FEES

| | |
|---|---|
| **State of Texas** | § |
| **County of Dallas** | § |

I, Brian Lauten, subject to the penalties for perjury, declare:

1.     I am Brian Lauten, partner and an attorney at Sawicki & Lauten, L.L.P. located at 4040 N. Central Expressway, Suite 850, Dallas, Texas, 75204. I am in good standing with the Texas State Bar and have been in good standing since November of 2001. I am also in good standing with the State Bar Associations in Wyoming and in Montana where I maintain an active law license. I have had no grievances or disciplinary actions brought against me. I am familiar with the usual and customary charges for similar legal services performed in Dallas County and particularly within the Northern District of Texas, Dallas Division.

2.     The statements made below are true and correct, and they are within my personal knowledge. The statements of my opinions are true and correct statements of my opinions. All of the opinions given and detailed herein are based upon my knowledge, experience, training, and education.

**EXHIBIT**

**2**

tabbies®

3.      I have based my opinions expressed in this declaration on my knowledge of the lawyers involved in handling this case. I am the lawyer in charge of this file at our office. My role has been to take full responsibility for this file taking the lead in strategy, discovery, hearings, and the trial. My role has also been to participate in strategy meetings, to provide supervision and guidance to our staff, doing aspects of the preparation work, including taking depositions, attending hearings, preparing the case for trial, responding to motions and preparing motions, preparing witnesses, and making sure that all deadlines were properly calendared. A true and correct copy of my curriculum vitae is attached hereto as Exhibit "2" and is available on our website, www.sawickilauten.com.

4.      In July of 2008, Naiel Nassar, M.D. engaged our law firm to represent him on a contingent fee basis. Our representation of Dr. Nassar has been continuous since that time. We have reconstructed our time and work resulting from the prosecution of this case.

5.      As described in Exhibit "1" to my declaration, the attorneys at our firm spent the time stated doing the work described which was exclusively performed in the prosecution of the discrimination and retaliation alleged against UT Southwestern Medical Center. A reasonable hourly rate in Dallas County would be $500 per hour for Amy Lauten and me. I have extensive civil litigation experience that includes over twenty-five trials (including jury and bench trials). I have been named a Rising Star, Super Lawyer, by *Texas Monthly* Magazine in 2003, 2004, 2005, 2006, 2007, 2008, and 2009 and I frequently speak to trial lawyers, the state bar, and the Texas Judiciary on continuing legal education topics. The time that is documented in Exhibit "1" to this declaration are the reasonable and necessary fees for our work in this case. The total fees owed to my firm are $319,070. My declaration does not speak to the time incurred by Charla Aldous, Brent Walker, or the Aldous Law Firm. Ms. Aldous and her legal team will make their own separate submission for their portion of the attorney's fees. My timesheet enclosed herewith as Exhibit "1" also includes the attorney time of Amy Lauten who is also charging $500 an hour and that is a reasonable rate for her services. If the timesheet entry is marked as "Amy Lauten" that refers to time spent by Mrs. Lauten on this file. All other entries reflect my time on this file. Mrs. Lauten's hours consist primarily of help she provided in briefing, editing, researching, proofing, and finalizing the summary judgment response and her help with jury selection, identifying composite jurors, *voir dire*, and pretrial juror strategy. It is my opinion that

2

all of the hours she has charged to the Nassar matter are reasonable and that her services were necessary to a successful result.

6.    The total amount of expenses incurred by my firm in prosecuting this case is $10,566.59. A true and correct copy of our expenses is attached to this declaration as Exhibit "3." I have also attached as Exhibit "4" a complete copy of proof of all of our expenses in addition to the summary detail that has been marked as Exhibit "3."

7.    I anticipate that an additional 120 hours will be spent reviewing any appellate brief, post trial motions, reviewing the record, the exhibits admitted into evidence, preparing an appellee brief, and traveling to New Orleans for oral argument. It is therefore my opinion that $60,000 would be a reasonable additur for further appellate fees if this matter is unsuccessfully appealed to the United States Court of Appeals for the Fifth Circuit and not appealed further.

8.    I verify that the underlying facts in support of the 12 lodestar factors set forth and contained in the accompanying Motion to Award Attorney's fees are true and correct.

9.    I declare under penalty of perjury of the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

BRIAN P. LAUTEN

3

**Brian Lauten** grew up in Mobile, Alabama. He attended Spring Hill College where he was a Dean's List student every semester obtaining a bachelor of science degree in accounting and a Masters in Business Administration (MBA) with an accounting specialization. Brian attended law school at SMU where he excelled in trial advocacy competitions. As a second year law student, Brian won the SMU Carmody Mock Trial Competition, he was a Finalist in the University of Texas at Austin Regional Competition, he won the Association of Trial Lawyers of America Regional Competition in Albuquerque, New Mexico, and he led his team to the final four of the Association of Trial Lawyers of America National Championship in New Orleans, Louisiana. At SMU, Brian was also a member of Phi Delta Phi legal honorary society.

Brian spent the first six years of his practice working for former Senator Ted Lyon, where he tried numerous jury trials to verdict that encompassed everything from train derailments, to contract disputes, to toxic tort cases, first party insurance cases, and complex banking fraud matters. After leaving Ted Lyon's Law Firm, Brian worked for Wick Phillips, LLP in downtown Dallas handling exclusively commercial litigation disputes. After leaving Wick Phillips, LLP, Brian started his own firm and ultimately became partners with Mike Sawicki. Brian has been named a Rising Star Super Lawyer by *Texas Monthly* Magazine in 2003, 2004, 2005, 2006, 2007, 2008, and 2009. He serves on the Board of Directors of the Dallas Trial Lawyers Association, he is the past Chair of the Advocates Board for the Texas Trial Lawyers Association, and he is a member of the American Association for Justice (formerly the Association of Trial Lawyers of America). Brian is licensed to practice in Texas, Montana, and Wyoming.

Brian also has an extensive appellate practice. Published decisions upon which Brian was the lead appellate lawyer include the following: *Hani v. Jimenez*, 264 S.W.3d 881 (Tex. App. -- Dallas 2008, pet. denied); *Kaufman County v. Crow*, 176 S.W.3d 921 (Tex. App. – Dallas 2005, no pet. h.); *Sanmina SCI-Corp. v. Ogburn*, 153 S.W.3d 639 (Tex. App. – Dallas 2004, pet. denied); *Parker v. Three Rivers Flying Service, Inc.*, 220 S.W.3d 160 (Tex. App. – Eastland 2007, no pet. h.).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NAIEL NASSAR, M.D.,

                            *Plaintiff,*

v.

UT SOUTHWESTERN HEALTH SYSTEMS A/K/A
UNIVERSITY OF TEXAS SOUTHWESTERN
MEDICAL CENTER, TOM HUNT,

                            *Defendant.*

CIVIL ACTION NO. 3:08-CV-1337-B

---

**DECLARATION OF BRENT R. WALKER IN SUPPORT OF
NAIEL NASSAR, M.D.'S APPLICATION FOR ATTORNEYS' FEES**

I, Brent R. Walker, subject to the penalties for perjury, declare:

1.     I am Brent R. Walker, an attorney at the ALDOUS LAW FIRM located at 2311 Cedar Springs Road, Suite 200, Dallas, Texas 75201. I am in good standing with the State Bar of Texas and have been continuously licensed since 2004. I am also licensed to practice in the United States District Court for the Northern District of Texas. I am familiar with the customary charges for similar legal services performed in Dallas County and particularly within the Northern District of Texas, Dallas Division.

2.     The statements made below are true and correct, and they are within my personal knowledge. The statements of my opinions are true and correct statements of my opinions. All of the opinions given and detailed herein are based upon my knowledge, experience, training and education.

3.     I submit this declaration on behalf of the ALDOUS LAW FIRM. I have based my opinions expressed in this affidavit on my knowledge of the lawyers involved in handling this case. Charla G. Aldous of the ALDOUS LAW FIRM was the lawyer in charge of this file in our office as well as trial counsel. Ms. Aldous took lead in our office for strategy for the case,

---

**EXHIBIT**

tabbies

**3**

supervising and managing our office's responsibilities for this file, working with co-counsel, preparation for trial, and ultimately trying this case. Ms. Aldous is a veteran of more than 100 jury trials and is a highly regarded and sought after trial attorney. A true and correct copy of Ms. Aldous's curriculum vitae is attached hereto as Exhibit "2" and is available on our website www.aldouslaw.com.

4.     My role on this file has been to participate in strategy meetings, specific aspects of the preparation work for trial, assisting at trial in strategy and appellate review of the proceedings, arguing the charge, and to assist in handling any post verdict briefing or appeals. I have practiced in trials and proceedings in both state and federal court in Dallas County and have been lead or assisted on over a dozen appeals in state appellate courts as well as the United States Court of Appeals for the Fifth Circuit. A true and correct copy of my curriculum vitae is attached hereto as Exhibit "3" and is available on our website www.aldouslaw.com.

5.     In April 2008, Naiel Nassar, engaged our law firm to represent him on a contingent fee basis. Our representation of Naiel Nassar has been continuous since that time. The ALDOUS LAW FIRM is a litigation firm that specializes in trying complex and high profile cases. The ALDOUS LAW FIRM does not regularly accept hourly fee arrangements. But we have reconstructed our time and work resulting from the prosecution of this case based on contemporaneous notes, docket and calendar entries, documents filed, emails and other communications sent or received, our recollection of tasks performed, and specific activities at hearings and trial. We have accurately stated the amount of time we spent on this case and described what we did.

6.     As described on Exhibit "1" to my declaration, the attorneys at our firm spent the time stated doing the work described which was exclusively performed in the prosecution of the discrimination and retaliation alleged against UT Southwestern Medical Center. Given the complexity of the issues in this litigation, our time limitations and resultant lost opportunities, our firm's reputation and success, our experience and qualifications, and the results obtained, our standard hourly rate of $750.00 per hour for Charla G. Aldous and $400.00 per hour for me is a reasonable hourly rate in Dallas County, Texas for this case. As recently as April 7, 2010 our firm submitted a similar fee application in a case pending in United States District Court for the Northern District of Texas Dallas Division styled *Hill v. Hunt, et al.,* and Judge Reed O'Connor granted our attorneys' fees application and ordered one defendant to pay our client attorneys' fees based upon my stated rate. The rates for Ms. Aldous and I are reasonable rates in Dallas County given our experience, qualifications, reputation and results obtained.

7.     The time spent and work done described in Exhibit 1 to this declaration are the reasonable and necessary fees for our work as a result of prosecuting this case in the amount of

---

DECLARATION OF BRENT R. WALKER                                                      PAGE - 2

$ 177,232.50. My declaration does not speak to the time incurred Brian Lauten, Amy Lauten, or his firm SAWICKI & LAUTEN, LLP, who are making a separate submission for their portion of the attorneys' fees.

8.   The total amount of expenses incurred by my firm in prosecuting this case is $542.00. A true and correct copy of our expenses is also attached to this declaration and contained in Exhibit "1." I have also attached as Exhibit "4," copies of proof of expenses incurred in addition to the summary detail set forth in Exhibit "1."

9.   I anticipate that an additional 60 hours will be spent reviewing any post-verdict motions, appellate briefs, reviewing the record, exhibits submitted into evidence, and assisting the preparation of appellate briefing and argument to the United States Court of Appeals for the Fifth Circuit. It is therefore my opinion that $24,000 would be a reasonable additur for further appellate fees if this matter is unsuccessfully appealed to the Fifth Circuit and not appealed further.

10.   This is the end of my statement.

11.   I declare under penalty of perjury of the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

BRENT R. WALKER

---

DECLARATION OF BRENT R. WALKER                                                    PAGE - 3

**Charla Glass Aldous**
**Aldous Law Firm**
2311 Cedar Springs Road, Suite 200
Dallas, Texas 75201
Phone (214) 526-5595 ~ Facsimile (214) 526-5525
www.aldouslaw.com

| | |
|---|---|
| **Practice Area:** | Civil and Personal Injury Trial; Wrongful Death, Business Litigation, Medical Malpractice, Products Liability |
| **Education:** | Southern Methodist University Dedman School of Law, J.D., 1985<br>Austin College, B.A., 1982<br>  Distinguished Alumni |
| **Bar and Court Admissions:** | The State Bar of Texas<br>United States District Court, Eastern and Northern Divisions of Texas |
| **Memberships/ Affiliations:** | American Bar Association<br>American Board of Trial Advocates-Dallas Chapter<br>  Executive Committee, 2001-present<br>  Treasurer, 2006<br>  President-Elect, 2007<br>  President, 2008<br>American Association for Justice<br>The Inner Circle of Advocates<br>Texas Bar Foundation, Fellow<br>Texas Trial Lawyers Association<br>Dallas County Bar Association<br>Dallas Trial Lawyers Association |
| **Awards/ Recognition:** | Top 100 Texas Super Lawyers (*Law & Politics Media, Inc.*, 2003-2009)<br><br>Top 50 Female Texas Super Lawyers (*Law & Politics Media, Inc.*, 2003-2009)<br><br>Top 100 Lawyers in Dallas/Fort Worth, Texas Super Lawyers (*Law & Politics Media, Inc.*, 2003-2009)<br><br>Dallas Personal Injury Litigator of the Year (*Incisive Media and Best Lawyers in America*, 2009)<br><br>Best Lawyers in America (*Best Lawyers*, 2003-2010)<br><br>Best Lawyers in Dallas (*D Magazine*, 2001, 2003, 2005-2009)<br><br>Trial Lawyer of the Year, Texas Chapter of the American Board of Trial Advocates, 2008<br><br>500 Leading Plaintiff Lawyers in America (*LawDragon*, 2007)<br><br>Texas' Top-Notch Lawyers (*Texas Lawyer*, The Go-To Guide, 2007)<br><br>Ten Winning "Lawyers in America" (*The National Law Journal*, 2005)<br><br>Top 10 Verdicts in the Nation (*Lawyers Weekly USA*, 2000, 2004) |

# BRENT R. WALKER
## ALDOUS LAW FIRM
2311 Cedar Springs Road, Suite 200
Dallas, Texas 75201
Phone 214.526.5596 – Fax 214.526.5525
bwalker@aldouslaw.com

## LEGAL EXPERIENCE.

**ALDOUS LAW FIRM**, Dallas Texas, 2009 - present
Areas of Practice: Complex Commercial, Personal Injury, and Trust Litigation, Appellate Law.

**STEWART STIMMEL LLP**, Dallas, Texas, 2005-2009
Areas of Practice: Health, Personal Injury and Commercial Litigation, Appellate law

**LAW OFFICES OF FRANK L. BRANSON**, Dallas, Texas, 2003-2005
Areas of Practice: Personal Injury and Products Liability Litigation

## EDUCATION:

**SOUTHERN METHODIST UNIVERSITY DEDMAN SCHOOL OF LAW**, Dallas, Texas
*Juris Doctor*, May 2004
Senior Articles Editor, Executive Board, *Computer Law Review and Technology Journal*
SMU National Moot Court Team, 2002

**WASHINGTON AND LEE UNIVERSITY**, Lexington, Virginia
*Bachelor of Arts*, May 2001
Williams School of Commerce, Economics, and Politics degree in Political Philosophy

## PROFESSIONAL ASSOCIATIONS AND HONORS:

State Bar of Texas
Dallas Bar Association
Texas Trial Lawyers Association
Dallas Trial Lawyers Association
Member, William "Mac" Taylor, Jr. Inn of Court
Texas Monthly Super Lawyer Rising Star 2007-2010

## ADMITTED TO PRACTICE:

State of Texas
United States District Courts for Northern and Eastern Districts of Texas

## PUBLICATIONS AND PRESENTATIONS (SAMPLE):

"Effective Discovery Techniques," National Business Institute CLE, July 9, 2008.

*Springes to Catch Woodcocks: A look at some common discovery mistakes that can undermine (or win) the entire case,* Chapter of NBI
Coursebook, EVIDENCE: STRATEGIES FOR FINDING, PRESERVING AND USING EVIDENCE TO SUPPORT YOUR CASE, 2008.

"The Use of Rule 202 Depositions in Potential Medical Malpractice Lawsuits: A Panel with Hon. Carlos Cortez, Bill Liebbe
and Brent Walker," Dallas Bar Association CLE, March 4, 2008.

APP 027

07/11/2008  04:40  9727273704

LAW OFFICES OF

# GILLESPIE, ROZEN, WATSKY & JONES, P.C.

A TEXAS PROFESSIONAL CORPORATION

3402 OAK GROVE AVE.
SUITE 200
DALLAS, TEXAS 75204

DALLAS: (214) 720-2009
METRO: (972) 988-3857
FAX: (214) 720-2291
855 302 LEGAL

Hal K. Gillespie⁺
Yona Rozen⁺
David K. Watsky⁰
James A. Jones
Cheryl R. Drazin*
Joseph H. Gillespie⁺
Karla S. Jackson
M. Jeanette Fedele
James D. Sanford

⁺ Board Certified Labor and Employment Law
  Texas Board of Legal Specialization

July 9, 2008

**VIA EMAIL:** R-Miller4@sbcglobal.net

Mr. Richard M. Miller

Re:  *Richard M. Miller v. Raytheon Company*

Dear Dick:

I enjoyed meeting with you today.  I am looking forward to working with you on your legal matter.  This letter confirms the arrangement we discussed for handling this case against Gillespie, Rozen, Watsky & Jones, P.C. is referred to hereinafter as "GRWJ."

1.   GRWJ will handle the matter (all claims against Raytheon) at a rate of $100.00 per hour, and a contingent fee basis whereby we will receive one-third (33 and 1/3 per cent) of any amount beyond the first $9,231 awarded in trial (or arbitration) or settlement, except as modified in paragraph 2 below. All hourly fees paid count toward our percentage.  If there is no settlement or award, our fees are limited to $100.00 per hour.

2.   If we win at trial, it is possible that you will obtain an award of some amount of attorneys' fees. In this event our contractual contingent fee will be based on the combined amount of all awards, including attorneys fees, provided that if the amount awarded as attorneys fees exceeds the contingency amount on all the awards, including attorneys fees, the full amount awarded as attorneys fees shall be paid to GRWJ as our full attorney's fee in this matter and you will retain the full amount of the award other than the attorneys fees award.

3.   The rate of $100.00 per hour is substantially below the reasonable hourly fee an attorney of my experience and ability can command in the Dallas area (which is currently $475 per hour).  The $100.00 per hour rate is also well below the market rate of any associate of GRWJ who will work on this matter.  We anticipate that if attorney's fees are awarded in trial, attorneys in this firm will be awarded fees based upon their customary hourly rates, and not on the greatly discounted rate of $100.00 per hour.

4.



EXHIBIT
4

07/11/2008  04:40    9727273704

Mr. Richard M. Miller
July 9, 2008
Page 2

5.    You will be responsible for the reasonable costs that are incurred, such as parking expenses, filing expenses, deposition costs, expert witness fees, long-distance telephone, and copy charges. You will be expected to pay such expenses within 30 day of the date we send you a bill for these expenses. We agree to be reasonable with you as to these expenses at all times. In the event of a settlement or award in this case, we are entitled to receive full reimbursement of our out-of-pocket expenses from your 2/3rds share of proceeds. If there is an award for costs at trial, to the extent that we have already been reimbursed for such costs, the award of costs will go to you.

6.

7.

8.

9.

Please indicate your agreement to this arrangement by signing on the space below, and returning a signed copy to me, retaining a copy for your files. A fax or pdf copy will have the same force and effect as an original. I look forward to working with you on this case.

Best regards,

GILLESPIE, ROZEN, WATSKY & JONES, P.C.

By:   _____
      Hal K. Gillespie

HKG/cc

ACCEPTED AND AGREED:

_____        7/11/08
Richard M. Miller               Date

**Gillespie, Rozen & Watsky, P.C.**
**3402 Oak Grove Ave.,Suite 200**
**Dallas, Texas 75204**
**214-720-2009, 214-720-2291Fax**

Invoice submitted to:
**Richard Miller**
**1109 Canton Ct.**
**Allen, TX 75013**

**May 27, 2011**

Invoice #**13913**

Professional Services

|  |  |  | Hrs/Rate |
|---|---|---|---|
| 7/9/2008 HKG | Legal Services<br>Office conference with client . Email correspondence with  client.<br>08-053  Raytheon | | 1.80 |
| 7/15/2008 HKG | Legal Services<br>Review file; email correspondence.<br>08-053  Raytheon | | 0.30 |
| 7/18/2008 HKG | Legal Services<br>Telephone conference with client.<br>08-053  Raytheon | | 0.10 |
| 8/5/2008 HKG | Legal Services<br>Telephone conference with  Miller re developing facts.  Review file<br>and draft, review and revise initial letter to company; mitigation letter<br>to client.<br>08-053  Raytheon | | 3.90 |
| 8/20/2008 HKG | Legal Services<br>Review and draft EEOC charge for Richard Miller.<br>08-053  Raytheon | | 1.70 |
| 8/22/2008 EKT | Legal Services<br>Correct and review Richard Miller's EEOC charge, review related<br>materials in Spriggs treatise.<br>08-053  Raytheon | | 1.50 |
| 8/25/2008 EKT | Legal Services<br>Meet with Richard Miller to obtain signature for EEOC charge<br>08-053  Raytheon | | 0.50 |



EXHIBIT
tabbies*
5

APP 030

**Richard Miller**                                                                 **Page**      **2**

|  |  | Hrs/Rate |
|---|---|---|

| 8/28/2008 EKT | Legal Services<br>Correct EEOC charge in Richard Miller.<br>08-053  Raytheon | 0.80 |
| 9/2/2008 HKG | Legal Services<br>Review EEOC charge; email  correspondence with Edith Thomas.<br>08-053  Raytheon | 0.80 |
| 9/24/2008 HKG | Legal Services<br>Telephone conference with joe Mitchell of EEOC re mediation.<br>08-053  Raytheon | 0.20 |
| 10/15/2008 EKT | Legal Services<br>Confer with client, Hal Gillespie and draft letter.<br>08-053  Raytheon | 1.30 |
| 10/27/2008 HKG | Legal Services<br>Conference with E. Thomas re status of case.<br>08-053  Raytheon | 0.10 |
| 11/3/2008 EKT | Legal Services<br>Confer with client.<br>08-053  Raytheon | 0.20 |
| 11/5/2008 EKT | Legal Services<br>Legal research<br>08-053  Raytheon | 1.40 |
| 11/6/2008 EKT | Legal Services<br>Draft right-to-sue letter, review case law.<br>08-053  Raytheon | 1.10 |
| 11/19/2008 EKT | Legal Services<br>Draft compliant<br>08-053  Raytheon | 2.70 |
| 11/20/2008 EKT | Legal Services<br>Continue work on complaint.<br>08-053  Raytheon | 2.20 |
| 12/4/2008 EKT | Legal Services<br>Continue work on complaint.<br>08-053  Raytheon | 2.30 |
| 12/9/2008 EKT | Legal Services<br>Finish draft complaint.<br>08-053  Raytheon | 2.80 |
| 2/6/2009 EKT | Legal Services<br>Review and finalize complaint.<br>08-053  Raytheon | 0.40 |

**Richard Miller**                                                                                    **Page      3**

|                         |                                                                                                   | Hrs/Rate |
|-------------------------|---------------------------------------------------------------------------------------------------|----------|

2/18/2009 EKT   Legal Services                                                                                    0.40
Review and make minor edits to complaint.
08-053  Raytheon

3/2/2009 HKG   Legal Services                                                                                     1.50
Review file; review and revise plaintiff's original complaint
08-053  Raytheon

EKT   Legal Services                                                                                              0.20
Make corrections to complaint.
08-053  Raytheon

3/3/2009 HKG   Legal Services                                                                                     0.70
Further edit of complaint; email correspondence with e.thomas.
08-053  Raytheon

EKT   Legal Services                                                                                              0.80
Correct and discuss complaint with client.
08-053  Raytheon

3/5/2009 EKT   Legal Services                                                                                     0.20
Confer with client regarding complaint.
08-053  Raytheon

3/6/2009 EKT   Legal Services                                                                                     0.80
Finalize and file complaint.
08-053  Raytheon

3/12/2009 EKT   Legal Services                                                                                    5.20
Draft discovery requests.
08-053  Raytheon

3/23/2009 EKT   Legal Services                                                                                    3.20
Start drafting discovery requests.
08-053  Raytheon

3/30/2009 EKT   Legal Services                                                                                    5.20
Review documents for crafting discovery requests (.4); draft
discovery requests (3.7); work on proof chart and review proof need
to obtain from Defendants (1.1).
08-053  Raytheon

4/22/2009 EKT   Legal Services                                                                                    1.30
Review D's answer and Motion to Dismiss based on venue, review
FRCP 12.
08-053  Raytheon

4/23/2009 EKT   Legal Services                                                                                    3.90
Research and review answer to motion to dismiss; confer with client
regarding same.
08-053  Raytheon

**Richard Miller**                                                                  **Page          4**

|                                                                                   | Hrs/Rate |
| --------------------------------------------------------------------------------- | -------: |

4/30/2009 EKT   Legal Services                                                          5.40
Research and draft response to motion to dismiss based on
improper venue
08-053  Raytheon

5/1/2009 EKT    Legal Services                                                          3.10
Research and draft response to motion to dismiss based on
improper venue
08-053  Raytheon

5/5/2009 EKT    Legal Services                                                          0.10
Send email to Hal Gillespie re Motion to dismiss.
08-053  Raytheon

5/6/2009 EKT    Legal Services                                                          1.90
Draft motion for extension of time to respond to Motion to Dismiss,
confer with opposing counsel regarding same.
08-053  Raytheon

5/7/2009 EKT    Legal Services                                                          0.80
Complete and forward motion for extension of time to lead counsel
08-053  Raytheon

5/20/2009 EKT   Legal Services                                                          1.80
Response to Motion to dismiss, confer with client regarding
response.
08-053  Raytheon

5/22/2009 EKT   Legal Services                                                          0.30
Review and file response to motion to dismiss.
08-053  Raytheon

5/26/2009 EKT   Legal Services                                                          0.50
Attend pretrial conference with Hal Gillespie and Mike Maslanka.
08-053  Raytheon

6/4/2009 HKG    Legal Services                                                          0.20
Review joint status report.
08-053  Raytheon

         EKT    Legal Services                                                          0.70
Review joint report and confer with opposing counsel regarding
same and motion to dismiss
08-053  Raytheon

6/5/2009 EKT    Legal Services                                                          0.30
Confer with opposing counsel via email
08-053  Raytheon

6/9/2009 EKT    Legal Services                                                          0.20
Confer with opposing counsel.
08-053  Raytheon

**APP 033**

**Richard Miller**                                                                                    Page        5

|  |  |  | Hrs/Rate |
|---|---|---|---|

| 6/10/2009 | HKG | Legal Services<br>Review proposed scheduling order.<br>08-053  Raytheon | 0.30 |
|  | EKT | Legal Services<br>Confer with opposing counsel regarding joint status report filing, file joint status report.<br>08-053  Raytheon | 0.90 |
| 6/22/2009 | HKG | Legal Services<br>Email correspondence.  Telephone conference with client re status of case & settlement.<br>08-053  Raytheon | 0.50 |
|  | JS | Legal Services<br>Calendar scheduling order & quick review of case file (.75)<br>08-053  Raytheon | 0.75 |
| 6/29/2009 | EKT | Legal Services<br>Respond to email from client.<br>08-053  Raytheon | 0.30 |
| 7/22/2009 | JS | Legal Services<br>Review case file (.75).<br>08-053  Raytheon | 0.75 |
|  | EKT | Legal Services<br>Draft damages model.<br>08-053  Raytheon | 2.90 |
| 7/23/2009 | EKT | Legal Services<br>Review and discuss case history with Jim Sanford.<br>08-053  Raytheon | 1.90 |
|  | JS | Legal Services<br>Review case file and documents, legal research re: ERISA 510 claims (2.25), Confer w/EKT (.25).  Email Hal Gillespie, confer w/Hal Gillespie (.2).  Draft first interrogatories and document requests (1).<br>08-053  Raytheon | 3.70 |
|  | HKG | Legal Services<br>Conference with  j.sanford re possible ERISA claim.<br>08-053  Raytheon | 0.10 |
| 7/31/2009 | JS | Legal Services<br>Receive and review and responded to opposing counsel email re: disclosures extensions<br>08-053  Raytheon | 0.10 |
| 8/25/2009 | HKG | Legal Services<br>Review file  (.2).  Telephone conference with  Vista Lyons; conference with  J.Sanford; email correspondence re judge | 1.40 |

**Richard Miller**                                                                                            **Page        6**

<u>Hrs/Rate</u>

|  |  |  |
|---|---|---|
| | o'connor and extensions (1.2).<br>08-053  Raytheon | |
| 8/25/2009 JS | Legal Services<br>Review discovery correspondence and draft memo to Hal Gillespie<br>re: status of dictated correspondence (.75) Confer with Hal Gillespie<br>re: same, receive and review Hal Gillespie correspondence to<br>opposing counsel re: discovery/scheduling (.1)<br>08-053  Raytheon | 0.85 |
| 8/27/2009 JS | Legal Services<br>Receive and review and respond to opposing counsel co re:<br>discovery and disclosures extension<br>08-053  Raytheon | 0.50 |
| 9/2/2009 JS | Legal Services<br>Call with opposing counsel re: draft notice to court (.15) receive and<br>review and responded to email from opposing counsel re: same (.1)<br>receive and review draft letter notice to court (.05)<br>08-053  Raytheon | 0.30 |
| 9/14/2009 JS | Legal Services<br>Email to opposing counsel re: discovery follow up<br>08-053  Raytheon | 0.50 |
| 9/18/2009 HKG | Legal Services<br>Telephone conference with  j.sanford re discovery.<br>08-053  Raytheon | 0.10 |
| 9/23/2009 JS | Legal Services<br>Follow up email to opposing counsel re: discovery, confidentiality<br>08-053  Raytheon | 0.10 |
| 9/28/2009 JS | Legal Services<br>Revise and finalize FRCP 26(a)(1) disclosures, revise damages<br>calculations (2.5) Confer with Hal Gillespie re: damages calculations<br>(.2)<br>08-053  Raytheon | 2.70 |
| 9/30/2009 JS | Legal Services<br>Receive and review, respond to opposing counsel email re:<br>discovery  responses, email correspondence<br>08-053  Raytheon | 0.25 |
| 10/1/2009 JS | Legal Services<br>Rev and red-line draft confidentiality agreement; return to Opposing<br>counsel with comments (1.25).<br>08-053  Raytheon | 1.25 |
| 10/6/2009 HKG | Legal Services<br>Email correspondence with  Sanford re deposition of plaintiff.<br>08-053  Raytheon | 0.10 |

**Richard Miller**                                                                               **Page     7**

|  | | Hrs/Rate |
|---|---|---|

10/6/2009 JS    Legal Services                                                              0.35
Resp to Opposing counsel email re deposition dates (.05).  Email
correspondence  w/Hal Gillespie re deposition dates (.15).  Email
correspondence to client re depo dates, rec & rev response (.15).
08-053  Raytheon

10/12/2009 HKG   Legal Services                                                            0.30
Email correspondence with  Sanford re plaintiff's deposition.
Calendar potential deposition date.
08-053  Raytheon

           JS    Legal Services                                                             0.75
Rev Opposing counsel email and confer w/Hal Gillespie re same
(.15); follow up email to Opposing counsel re deposition dates (.1).
Confer w/Hal Gillespie by email re experts (.25).  Rec & resp to
client email
08-053  Raytheon

10/21/2009 EKT   Legal Services                                                            0.70
Review production documents.
08-053  Raytheon

           JS    Legal Services                                                             0.30
Email to client re discovery (.1).  Confer w/EKT (.2).
08-053  Raytheon

10/22/2009 EKT   Legal Services                                                            5.90
Review Defendants discovery responses.
08-053  Raytheon

10/28/2009 EKT   Legal Services                                                            2.80
Review and analyze discovery
08-053  Raytheon

10/29/2009 HKG   Legal Services                                                            0.10
Email correspondence with Sanford re next steps.
08-053  Raytheon

           JS    Legal Services                                                             0.10
Email follow up to Opposing counsel re deposition scheduling and
protective order (.1). Rec & rev Hal Gillespie e-mail (.05)
08-053  Raytheon

10/30/2009 JS    Legal Services                                                             0.05
Rec & rev Opposing counsel email re scheduling (.05)
08-053  Raytheon

11/6/2009 JS    Legal Services                                                              0.70
Rec & review client notes re discovery answers (.4), follow up email
(.05). Client email re deposition dates, call w/Hal Gillespie re depo
dates, email Opposing counsel re deposition scheduling (.25).
08-053  Raytheon

**Richard Miller**                                                                    **Page**      **8**

|  |  | Hrs/Rate |
|---|---|---|
| 11/9/2009 EKT | Legal Services<br>Draft discovery letter and review Raytheon discovery responses.<br>08-053  Raytheon | 4.90 |
| 11/12/2009 EKT | Legal Services<br>Confer with Jim Sanford on discovery letter and review cases.<br>08-053  Raytheon | 0.60 |
| JS | Legal Services<br>Client email re documents (.2).  Review & revise draft discovery<br>letter<br>08-053  Raytheon | 2.70 |
| 11/13/2009 EKT | Legal Services<br>Review and confer with JDS about discovery letter to defendants<br>08-053  Raytheon | 0.30 |
| JS | Legal Services<br>Revise, finalize and send discovery letter (2.5).  Draft second<br>discovery requests, legal research re RIF discovery (2.5).<br>08-053  Raytheon | 5.00 |
| 11/14/2009 JS | Legal Services<br>Confer w/Hal Gillespie by email re experts (.2).  Rev D's<br>interrogatories and email client re same (.2).<br>08-053  Raytheon | 0.40 |
| 11/16/2009 JS | Legal Services<br>Client call, follow up email sending discovery requests (.25).<br>08-053  Raytheon | 0.25 |
| 11/17/2009 JS | Legal Services<br>Email Opposing counsel re extension (.2).<br>08-053  Raytheon | 0.20 |
| 11/18/2009 EKT | Legal Services<br>Confer with JDS regarding case status and to-do list.<br>08-053  Raytheon | 0.10 |
| JS | Legal Services<br>Call and email to Opposing counsel re extension follow up (.25).<br>Client email re extension (.1).<br>08-053  Raytheon | 0.40 |
| 11/23/2009 EKT | Legal Services<br>Draft responses and objections to discovery.<br>08-053  Raytheon | 4.30 |
| 11/24/2009 EKT | Legal Services<br>Review and work on discovery responses, confer with Jim Sanford<br>re same, and discuss possible deponents.<br>08-053  Raytheon | 0.90 |

**APP 037**

**Richard Miller**                                                              **Page      9**

|  |  | Hrs/Rate |
|---|---|---|

| 11/24/2009 JS | Legal Services<br>Rec, rev & resp to Opposing counsel email (.1). Confer w/EKT re<br>discovery responses, client email re same (.4).<br>08-053  Raytheon | 0.50 |
| 11/25/2009 EKT | Legal Services<br>Supplement discovery responses.<br>08-053  Raytheon | 0.60 |
| 11/27/2009 JS | Legal Services<br>Draft answers/objections to Raytheon's 1st Rogs, client emails re:<br>same; review scheduling order, email Hal Gillespie re expert<br>discovery deadlines and expert report (4.5).<br>08-053  Raytheon | 4.50 |
| 11/28/2009 JS | Legal Services<br>Client meeting re discovery answers (2.25).<br>08-053  Raytheon | 2.25 |
| 11/29/2009 JS | Legal Services<br>Cont draft/revise interrogatory answers, begin draft Request for<br>production response; review documents and ready documents for<br>production (4.5).<br>08-053  Raytheon | 4.50 |
| 11/30/2009 JS | Legal Services<br>Call w/Dr. Burkman (.4).  Cont'd, finalized and served discovery<br>responses, reviewed and prepared documents for production  (6).<br>Draft privilege log (.75).  Begin supplemental disclosures (.75).<br>Email Opposing counsel re serving interrogatory answers (.25).<br>08-053  Raytheon | 8.15 |
| 12/1/2009 JS | Legal Services<br>Client email/scheduling (.1).  Document review/forward documents<br>to expert (1).<br>08-053  Raytheon | 1.10 |
| 12/2/2009 EKT | Legal Services<br>Confer with Jim Sanford  and client re upcoming deposition.<br>08-053  Raytheon | 0.70 |
| JS | Legal Services<br>Document review, ready for production (1.5).  Email and telephone<br>conference w/Opposing counsel re document production and<br>discovery matters (.3).  Finalize and send privilege log (.5). Prepare<br>for deposition prep (.75).  Client meeting, deposition prep (3).<br>08-053  Raytheon | 6.08 |
| 12/3/2009 HKG | Legal Services<br>Review file (1.5); office conference with client - re plaintiff's<br>deposition (2.0)<br>08-053  Raytheon | 3.50 |

**Richard Miller**                                                    Page       10

                                                                    Hrs/Rate

12/3/2009 JS   Legal Services                                        4.00
               Client meeting/deposition prep (3.5).  Call w/Dr Burkman re report,
               email Hal Gillespie re same (.5).
               08-053  Raytheon

12/4/2009 HKG  Legal Services                                        9.00
               Prepare for and attendance at plaintiff's dep (9.0).
               08-053  Raytheon

        JS     Legal Services                                        4.00
               Draft, finalize and send discovery letter (4).
               08-053  Raytheon

12/8/2009 JS   Legal Services                                        5.95
               Draft, finalized, and served 3rd Rogs and 3rd RFPs (5).  Client call
               (.25).  Draft and send client email re discovery (.2).  Draft and send
               email to Opposing counsel covering documents being produced
               (.15).  Draft, revise and send letter to Opposing counsel re ESI (.5).
               08-053  Raytheon

12/9/2009 EKT  Legal Services                                        0.80
               Confer with Jim Sanford re case history, review notes re same.
               08-053  Raytheon

        JS     Legal Services                                        0.65
               Rec & rev email from Opposing counsel re Plaintiff's' 3rd RFPs,
               confer w/LDT re same, re-serve 3rd RFPs (.4).  Review EEOC file
               produced by D and confer w/EKT re same (.25).
               08-053  Raytheon

12/10/2009 JS  Legal Services                                        0.50
               Call w/Dr. Burkman (.4).  Client email; rec, rev, & resp (.1).
               08-053  Raytheon

12/11/2009 JS  Legal Services                                        1.00
               Rec & rev Opposing counsel letter re discovery, begin draft motion
               to compel (.75).  Call w/Dr. Burkman (.25).
               08-053  Raytheon

12/14/2009 HKG Legal Services                                        0.80
               Meeting with Burkman; conference with  J.Sanford re experts
               08-053  Raytheon

        JS     Legal Services                                        6.25
               Rev & resp to client email (.1).  Meeting w/Dr Burkman (.75).
               Document review, and email to client re documents (1).  Email
               Opposing counsel re documents (.15).  Email to Dr. Burkman
               sending documents (.25).  Legal research re RIF discovery, me-too
               evidence
               08-053  Raytheon

**Richard Miller**                                                                                    Page      11

|  |  | Hrs/Rate |
|---|---|---|

| 12/15/2009 JS | Legal Services<br>Legal research cont'd re RIF discovery and other complaints of discrim (2).Cont'd draft Motion to compel, pull documents for appendix (1.75) Email Opposing counsel re agreed protective order; rec & rev Opposing counsel response (.1). Email Opposing counsel re conference of Plaintiff's motion to file appendix under seal (.1). Meet with Dr. Burkman (.5); call w/Dr. Burkman (.5). Finalize and file Plaintiff's expert designation (.4). Email Opposing counsel re: extension of expert disclosure date, rec & rev response (.1).<br>08-053 Raytheon | 5.45 |
| 12/16/2009 JS | Legal Services<br>Email to Opposing counsel re issues in motion to compel (.25). Rev. & resp with comments re: joint motion for entry of protective order (.5). Confer w/Hal Gillespie re deposition, draft depo notice, serve notice (1) Review D's second discovery answers, email Opposing counsel to confer re same (.75). Client call and draft declaration in support of motion to compel (2.5). Cont'd draft motion to compel (3). Coordinate deposition scheduling with court reporter (.5).<br>08-053 Raytheon | 8.50 |
| 12/17/2009 JS | Legal Services<br>Cont'd motion to compel, compiled appendix, drafted motion for leave to seal appendix, proposed orders, drafted Sanford declaration (5). Letter to Opposing counsel re outstanding discovery issues (.5). Call w/ opposing counsel re discovery (.4). Call w/Opposing counsel and chambers re protective order (.2).<br>08-053 Raytheon | 6.10 |
| 12/18/2009 JS | Legal Services<br>Cont'd draft motion to compel and motion to seal appendix; review and edit, finalize and file same (6.5).<br>08-053 Raytheon | 6.50 |
| 12/21/2009 JS | Legal Services<br>Arrange for court copies, client copies of motion to compel and motion to seal (.2). Rec, rev & resp to Opposing counsel email re deposition(.15).<br>08-053 Raytheon | 0.35 |
| 12/22/2009 JS | Legal Services<br>Resp to Opposing counsel email (.1).<br>08-053 Raytheon | 0.10 |
| 12/24/2009 JS | Legal Services<br>Rec & rev Opposing counsel email; draft and send response (.3).<br>08-053 Raytheon | 0.30 |

**Richard Miller**                                                                                    Page        12

                                                                                              Hrs/Rate

1/6/2010 EKT   Legal Services                                                                     0.40
               Confer with Opposing counsel and Hal Gillespie via email regarding
               upcoming deadlines.
               08-053  Raytheon

        HKG    Legal Services                                                                     0.50
               Review file (.4).  Email correspondence  re discovery and possible
               continuance (.1).
               08-053  Raytheon

1/7/2010 EKT   Legal Services                                                                     0.80
               Draft deposition notices and confer with opposing counsel regarding
               case management issues.
               08-053  Raytheon

1/8/2010 EKT   Legal Services                                                                     0.40
               Confer with client re deposition changes, forward template for
               drafting changes
               08-053  Raytheon

1/11/2010 JS   Legal Services                                                                     2.80
               team conference (.75).  Call with Opposing counsel (.2).  Rec & rev
               correspondence and discovery (.5).  Rec & review order re
               conference on Plaintiff's motion to compel (.2), contact Opposing
               counsel re conference (email and phone)(.2).  Search for witness
               contact information (.75).  Email to Yona Rozen re status of D's
               position on continuance. (.2)
               08-053  Raytheon

        HKG    Legal Services                                                                     1.50
               Meet with Yona Rozen, Sanford and Thomas re status of case and
               next moves; conference with Yona Rozen re mediation, review
               status report
               08-053  Raytheon

        EKT    Legal Services                                                                     1.30
               Attend meeting and discuss issues in Miller with other firm attorneys.
               08-053  Raytheon

        JS     Legal Services
               Post-trial briefing: legal research (liquidated damages,
               distinguishing Reynolds v. Octel, 5th Cir. age cases), review
               transcript, memo to Yona Rozen  and Hal Gillespie re: same.
               08-053  Raytheon

1/12/2010 JS   Legal Services                                                                     0.45
               Rev & resp to Opposing counsel email re face to face (.1). Client
               email re mediation, rev response (.15).  Rev & respond to client
               email re contacting former coworker (.2).
               08-053  Raytheon

**Richard Miller**                                                                                    **Page      13**

                                                                                                     Hrs/Rate

| | | |
|---|---|---|
| 1/13/2010 YR | Legal Services<br>Review file and draft and revise draft of motion for continuance (3hrs). Meet with Vista Lyons and Jim Sanford to review motion to compel issues (3hours).<br>08-053  Raytheon | 6.00 |
| 1/14/2010 JS | Legal Services<br>Calls to and from chambers concerning extension of filing deadline (.25).  Call to clerk's office re: plaintiff's appendix (.2).  Call w/opposing counsel re extension and joint report (.1).  Draft, revise, and submit letter re extension request (.75) call w/Opposing counsel re same (.15). Emails to and from Opposing counsel re joint report (.25).  Rev and revise draft joint report, begin drafting plaintiff's section, legal research (4).<br>08-053  Raytheon | 5.70 |
| 1/15/2010 JS | Legal Services<br>Call w/Opposing counsel re disputed discovery, mediation, etc. (.2). Call to Yona Rozen  re same (.2).  Call to mediator re scheduling, email opposing counsel re same (.25). Client meeting re depo changes (.75) Conferences w/Opposing counsel re joint report (.5). Draft, finalize and file joint report; legal research re discovery issues (4).<br>08-053  Raytheon | 5.10 |
| HKG | Legal Services<br>Conference with  j.sanford re mediation and discovery disputes.<br>08-053  Raytheon | 0.30 |
| 1/18/2010 JS | Legal Services<br>Email exchange w/Opposing counsel re Lyells deposition (.25). Conference call with Opposing counsel (.5).  Respond to Opposing counsel email re expert report, scan report and resend (.25). Review motion to quash (.5).  Rec & review Opposing counsel email re deposition scheduling (.1).<br>08-053  Raytheon | 1.60 |
| YR | Legal Services<br>Review file and prepare for depositions.<br>08-053  Raytheon | 2.00 |
| 1/19/2010 JS | Legal Services<br>Meeting w/Yona Rozen re discovery and depositions (1).  Email to opposing counsel re deposition scheduling (.5).  Document review and review discovery responses, draft memo re post-termination job search (1)<br>08-053  Raytheon | 2.50 |
| 1/25/2010 JS | Legal Services<br>Confer w/Yona Rozen re discovery (.5).  Rev & resp to Opposing counsel email re discovery (.3), client correspondence re same (.15).<br>08-053  Raytheon | 0.95 |

**Richard Miller**                                                                    **Page        14**

|  |  | Hrs/Rate |
|---|---|---|

1/27/2010 JS   Legal Services      4.25
Prepare for Motion to compel hearing (3). Draft and send deposition
notices, deposition scheduling (1.25).
08-053  Raytheon

1/28/2010 JS   Legal Services      9.20
Prepare for Motion to compel hearing (4.5).  Motion to compel
hearing, client meeting, travel to and from (1.5).  Client meeting (1).
Depo prep, confer w/Yona Rozen (2). Complete and send mediation
form. (.2)
08-053  Raytheon

      YR   Legal Services      3.00
Prepare for deposition
08-053  Raytheon

1/29/2010 JS   Legal Services      1.10
Confer w/Yona Rozen re depositions and discovery, review
documents (1). Notice Kamath deposition (.1).
08-053  Raytheon

      YR   Legal Services      5.00
Take depositions of Sweeney and Hagadorn.
08-053  Raytheon

1/31/2010 JS   Legal Services      3.00
Deposition prep and document review (3).
08-053  Raytheon

2/1/2010 JS   Legal Services      2.10
Resp to Opposing counsel re deposition (.05).  Confer w/Yona
Rozen re depositions and pull documents for deposition; arrange for
court reporter (1.75).  Pull discovery answers for deposition and
prepare and send (.3)
08-053  Raytheon

2/2/2010 YR   Legal Services      10.50
Take Reid deposition (8) and prepare for Lyells deposition (2.5).
08-053  Raytheon

2/22/2010 YR   Legal Services      3.00
Review documents and prepare for depositions.
08-053  Raytheon

5/26/2010 JS   Legal Services      1.25
Confer w/Yona Rozen and Hal Gillespie re trial strategy and pretrial
disclosures, review court's scheduling order, begin pretrial
disclosures (1). Client email re document supplementation, review
Burkman report re possible supplementation (.25).
08-053  Raytheon

**APP 043**

**Richard Miller**                                                                          **Page     15**

|  |  | Hrs/Rate |
|---|---|---|

5/27/2010 JS    Legal Services                                                              4.60
                Begin draft pretrial disclosures, review scheduling and trial setting
                orders, email Hal Gillespie and Yona Rozen re same, and document
                review (4.5).  Respond to client email (.1).
                08-053  Raytheon

5/28/2010 JS    Legal Services                                                              4.50
                Continue draft pretrial disclosures, document review, and deposition
                designations (4.5).
                08-053  Raytheon

        YR      Legal Services                                                              0.30
                Confer with Jim Sanford re: pretrial filings.
                08-053  Raytheon

5/31/2010 JS    Legal Services                                                              0.50
                Cont'd draft pretrial disclosures, deposition designations (5).
                08-053  Raytheon

6/1/2010 JS     Legal Services                                                              7.00
                Cont'd drafting pretrial disclosures, document review, review and
                designate depositions, finalized and filed pretrial disclosures (7).
                08-053  Raytheon

        HKG     Legal Services                                                              0.40
                Pretrial disclosure check
                08-053  Raytheon

6/4/2010 JS     Legal Services                                                              0.25
                Receive, review and respond to Opposing counsel email regarding
                scheduling, email correspondence to team re scheduling of
                settlement conference (.25).
                08-053  Raytheon

        HKG     Legal Services                                                              0.10
                Communication re: face to face dates suggested by opposing
                counsel.
                08-053  Raytheon

6/7/2010 JS     Legal Services                                                              0.40
                Receive, review and respond to client email, prepare client job
                search log for production (.4).
                08-053  Raytheon

6/9/2010 JS     Legal Services                                                              0.50
                Receive Opposing counsel email re settlement conference, forward
                same to client with question, client call, email to Yona Rozen re trial
                strategy and witnesses (.5).
                08-053  Raytheon

6/10/2010 JS    Legal Services                                                              3.50
                Received and reviewed order denying summary judgment, client
                call re same, confer w/Hal Gillespie and Yona Rozen re same and

**Richard Miller**  **Page**  **16**

|  |  | Hrs/Rate |
|---|---|---|

|  |  |  |
|---|---|---|
|  | re trial preparation; begin draft proposed jury charge; begin trial preparations, call w/expert re scheduling (3.5).<br>08-053  Raytheon |  |
| 6/10/2010 HKG | Legal Services<br>Review order denying Motion for summary judgment (.7); conference with and email with Sanford re: next steps (.2).<br>08-053  Raytheon | 0.90 |
| 6/11/2010 JS | Legal Services<br>Draft proposed jury charge (4.5), Receive and review order resetting trial date, client call re same, confer w/Hal Gillespie and Yona Rozen re trial scheduling and strategy (1).<br>08-053  Raytheon | 5.50 |
| HKG | Legal Services<br>Conference with Jim Sanford re: jury instructions and trial strategy.<br>08-053  Raytheon | 0.40 |
| YR | Legal Services<br>Meet with Jim and Hal to prepare for trial<br>08-053  Raytheon | 1.00 |
| 6/14/2010 JS | Legal Services<br>Draft joint pretrial order, revise/finalize first draft of agreed jury charge, confer w/Hal Gillespie and Yona Rozen re same, review client's job search document and email client with comments/questions (4.75).<br>08-053  Raytheon | 4.75 |
| 6/15/2010 JS | Legal Services<br>Draft, finalize and file objections to Defendant's pretrial disclosures, review defendant's exhibit, review insurance policy and email to Hal Gillespie/Yona Rozen re same, emails to/from client re settlement conference and job search information (4.25).<br>08-053  Raytheon | 4.25 |
| 6/17/2010 JS | Legal Services<br>Receive and review D's proposed jury charge; travel to/from and participate in joint settlement conference; various emails to/from Opposing counsel scheduling charge conference; call w/videographer; team meeting re: trial strategy; client meeting re job search documentation and scheduling call to witness (8.75).<br>08-053  Raytheon | 8.67 |
| YR | Legal Services<br>travel to and from and attend face to face settlement conference.<br>08-053  Raytheon | 1.00 |

**Richard Miller**                                                                    **Page      17**

|                |                                                                                                                                                                                                                                                                                                                                          | Hrs/Rate |
|----------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|
| 6/17/2010 YR   | Legal Services<br>Confer with Jim Sanford and review depositions and exhibits in preparation for trial.<br>08-053  Raytheon                                                                                                                                                                                                               | 2.50     |
| HKG            | Legal Services<br>Prepare for and attendance at settlement conference and charge conference (3.5). Email correspondence with Maslanka re: settlement (.3); telephone conference with Miller and email correspondence with Miller re: settlement (.2).<br>08-053  Raytheon                                                                    | 4.00     |
| 6/18/2010 JS   | Legal Services<br>Miller pretrial:  Cont'd drafting/revising agreed jury charge, input objections to D's proposed charge; conference w/Opposing counsel re limine issues, jury charge, and other case issues; revise finalize and file motion in limine (6).<br>08-053  Raytheon                                                            | 6.00     |
| HKG            | Legal Services<br>Prepare for trial - conference re: strategy and jury instructions (.7); review deposition - Lyells and Reid (2.4). Preparation of Hal Gillespie memo re: trial (.7).<br>08-053  Raytheon                                                                                                                                 | 3.80     |
| 6/19/2010 JS   | Legal Services<br>Miller pretrial:  finalize draft of joint pretrial order, notes re trial issues, begin drafting Plaintiff's exhibit list and continue witness list, review Judge Lynn's jury questionnaire for use in Miller, receive and respond to Yona Rozen email, email to Opposing counsel re conferring on agreed exhibits (4).<br>08-053  Raytheon | 4.00     |
| 6/20/2010 JS   | Legal Services<br>pretrial work, including objections to Def's proposed instruction, exhibit list, witness list, voir dire questions, and draft pretrial order; various emails to/from Hal Gillespie re pretrial materials; call w/Opposing counsel re pretrial filings (7).<br>08-053  Raytheon                                            | 7.00     |
| HKG            | Legal Services<br>Review and revise Pretrial order (2.1); email with Jim Sanford.<br>08-053  Raytheon                                                                                                                                                                                                                                     | 2.20     |
| 6/21/2010 JS   | Legal Services<br>Miller pretrial cont'd:  Confer w/Opposing counsel and conference call with Chambers re pretrial matters, call from Chambers re proposed order; reviewed/revised exhibit list and circulate notes re same, revise witness list; revised agreed charge, conferred with Opposing counsel            and inputted Opposing counsel's revisions, finalized and filed same; confer w/Opposing counsel re motion to extend filing DL, review draft motion and forward | 6.50     |

**Richard Miller**                                                                      **Page**      **18**

|  | | | Hrs/Rate |
|---|---|---|---|

comments (6.5).
08-053  Raytheon

6/21/2010 HKG   Legal Services                                                          1.70
Prepare for trial - review pretrial documents (1.0); review
defendant's motion in limine (.7).
08-053  Raytheon

6/22/2010 JS    Legal Services                                                          3.00
Review scheduling order, contact Opposing counsel re joint
settlement status report (.25).  Pretrial work:  review, revise, and
redact Plaintiff's exhibit; revise plaintiff's exhibit list, confer w/Hal
Gillespie re same (2.75).
08-053  Raytheon

        HKG     Legal Services                                                          2.50
Prepare for trial - review exhibits list and objections (.5); email
correspondence with Jim Sanford re: exhibits (.2) review
depositions (1.8)
08-053  Raytheon

6/23/2010 JS    Legal Services                                                          5.25
Confer w/Opposing counsel re exhibit lists/agreed exhibits and joint
pretrial order, revise exhibit lists and joint pretrial order, finalize draft
witness list; finalize and file witness list, exhibit list, proposed voir
dire, and submit joint pretrial order; confer w/Yona Rozen re same
(5.25).
08-053  Raytheon

6/24/2010 JS    Legal Services                                                          1.50
Review D's motion in limine and begin response; draft, forward,
finalize and file joint settlement status report (1.5)
08-053  Raytheon

6/25/2010 JS    Legal Services                                                          7.60
Review Def's motion in limine; legal research; draft, finalize, and file
response to Def's motion in limine; compile appendix re response to
Def's motion in limine (7.5). Receive Opposing counsel email re
supplemental limine motion, confer w/Yona Rozen and respond (.1).
08-053  Raytheon

6/26/2010 HKG   Legal Services                                                          2.50
Prepare for trial - review Lyells deposition.
08-053  Raytheon

6/27/2010 HKG   Legal Services                                                          1.50
Prepare for trial - review Lyells deposition.
08-053  Raytheon

6/29/2010 JS    Legal Services                                                          5.42
Review Def's proposed jury questionnaire, revise joint
questionnaire, confer re same (1.75).  Confer w/Hal Gillespie re
pretrial conference, prepare for pretrial conference, and gather

**Richard Miller**                                                                 **Page     19**

                                                                          <u>Hrs/Rate</u>

materials (.75).  Draft, finalize and file objections and motion to
strike Defendant's deposition designations (2.75).
08-053  Raytheon

6/30/2010 HKG   Legal Services                                                    4.90
Prepare for and attendance at pretrial conference (4.8); telephone
conference with Burkman (.1).
08-053  Raytheon

YR   Legal Services                                                               2.00
Prepare for and attend pretrial conference.
08-053  Raytheon

JS   Legal Services                                                               3.70
Finalize and submit joint questionnaire (.2).  Prepare for pretrial
conference, pretrial conference (3.5)
08-053  Raytheon

7/1/2010 JS   Legal Services                                                      1.05
Team meeting re trial issues (.75).  Client call re trial and pretrial
conference (.3).  Review Anderson depo and revise designations
08-053  Raytheon

YR   Legal Services                                                               4.00
Review exhibits and prepare for trial.
08-053  Raytheon

HKG   Legal Services                                                              2.70
Review Anderson deposition.  Review Kamath deposition.
08-053  Raytheon

7/2/2010 YR   Legal Services                                                      6.00
Trial preparation including review of depositions, exhibits and
pretrial pleadings.
08-053  Raytheon

HKG   Legal Services                                                              3.40
Review depositions and exhibits.
08-053  Raytheon

JS   Legal Services                                                               5.00
Trial prep, including review and revise exhibits, confer w/trial team:
review exhibits and discuss trial strategy (5).
08-053  Raytheon

7/3/2010 YR   Legal Services                                                      4.50
Trial preparation.
08-053  Raytheon

HKG   Legal Services                                                              4.00
Review exhibits and depositions to prepare for trial.
08-053  Raytheon

**Richard Miller**                                                                                    **Page        20**

|  |  | Hrs/Rate |
|---|---|---|

| 7/3/2010 JS | Legal Services | 6.00 |
|  | Trial prep: team meeting, cont'd review of Plaintiff's and Defendant's exhibit, discuss trial strategy (4).  Further trial prep: various email to/from videographer re video depositions, various emails to/from Hal Gillespie re trial evidence, client email re schedule, email to Burkman re scheduling, set up and test ELMO and trial equipment (2). |  |
|  | 08-053  Raytheon |  |
| 7/4/2010 YR | Legal Services | 4.00 |
|  | Prepare for trial. |  |
|  | 08-053  Raytheon |  |
| HKG | Legal Services | 8.00 |
|  | Prepare for trial - review depositions and exhibits; preparation of outlines and order of proof. |  |
|  | 08-053  Raytheon |  |
| 7/5/2010 JS | Legal Services | 8.00 |
|  | Trial prep:  review/revise Plaintiff's exhibit, review Cheryl Miller deposition, begin draft questions, call w/Client re trial, call w/Opposing counsel re trial technology, revise/amend exhibit list and depo designations, coordinate video depositions with R. Tubbs, etc. |  |
|  | 08-053  Raytheon |  |
| YR | Legal Services | 4.00 |
|  | Prepare for trial |  |
|  | 08-053  Raytheon |  |
| HKG | Legal Services | 5.70 |
|  | Prepare for trial - review depositions and exhibits. |  |
|  | 08-053  Raytheon |  |
| 7/6/2010 JS | Legal Services | 8.00 |
|  | Pretrial preparations:  witness prep, review deposition testimony, review D's amended exhibit list and confer with Opposing counsel re agreed exhibits, confer w/Yona Rozen and Hal Gillespie re trial strategy and preparations, review and revise Plaintiff's exhibit (8). |  |
|  | 08-053  Raytheon |  |
| YR | Legal Services | 7.80 |
|  | Prepare for trial |  |
|  | 08-053  Raytheon |  |
| HKG | Legal Services | 13.50 |
|  | Prepare for trial |  |
|  | 08-053  Raytheon |  |
| 7/7/2010 YR | Legal Services | 10.00 |
|  | Prepare for trial, meet with witnesses. |  |
|  | 08-053  Raytheon |  |

**APP 049**

**Richard Miller**                                                                     **Page     21**

|  |  | | Hrs/Rate |
|---|---|---|---|

7/7/2010 HKG  Legal Services
Prepare for trial.
08-053 Raytheon                                                                        9.70

7/8/2010 YR  Legal Services
Attend first day of trial and prepare for second day.
08-053 Raytheon                                                                        12.00

HKG  Legal Services
Prepare for and attendance at trial - Day 1.
08-053 Raytheon                                                                        12.00

JS  Legal Services
Trial prep and set up trial equipment (2.5). Trial (9.5).
08-053 Raytheon                                                                        12.00

7/9/2010 YR  Legal Services
Attend second day of trial and prepare for third day.
08-053 Raytheon                                                                        12.00

HKG  Legal Services
Prepare for and attendance at trial - Day 2.
08-053 Raytheon                                                                        10.40

JS  Legal Services
Trial prep, before trial (1.75). Trial (9). Post-trial meeting and trial
prep (1.25).
08-053 Raytheon                                                                        12.00

7/10/2010 YR  Legal Services
Attend trial and continue to prepare for Miller testimony
08-053 Raytheon                                                                        8.00

HKG  Miscellaneous
Prepare for and attendance at trial - Day 3.
08-053 Raytheon                                                                        7.00

JS  Legal Services
Trial prep, pre-trial session (1.75). Trial (6). Trial prep, post-trial
session (1).
08-053 Raytheon                                                                        8.75

7/11/2010 YR  Legal Services
Prepare with Miller for remaining testimony and cross.
08-053 Raytheon                                                                        10.00

HKG  Legal Services
Continued prepare for completion of trial, closing argument draft.
08-053 Raytheon                                                                        8.00

**Richard Miller**                                                                       **Page      22**

|  |  | Hrs/Rate |
|---|---|---|
| 7/11/2010 JS | Legal Services<br>Trial prep:  review Miller deposition and prepare cross-X questions,<br>client meeting and witness prep (8.5).<br>08-053  Raytheon | 8.50 |
| 7/12/2010 JHG | Legal Services<br>trial support - research on admissibility of EEOC NRTS and memo<br>to Jim (1.1)<br>08-053  Raytheon | 1.10 |
| YR | Legal Services<br>Prepare for and attend trial.<br>08-053  Raytheon | 10.00 |
| HKG | Legal Services<br>Prepare for and attendance at trial - Day 4.<br>08-053  Raytheon | 9.80 |
| JS | Legal Services<br>Trial prep:  pre trial session (2.25); post trial session, including notes<br>for closing (1).  Trial session (8).<br>08-053  Raytheon | 11.25 |
| 7/13/2010 YR | Legal Services<br>Attend final day of trial, jury charge conference, closing and wait for<br>jury.<br>08-053  Raytheon | 10.00 |
| HKG | Legal Services<br>Prepare for and attendance at trial - Day 5.<br>08-053  Raytheon | 9.00 |
| JS | Legal Services<br>trial prep, review jury charge, circulate comments, (1.3), and trial<br>(9.5).<br>08-053  Raytheon | 10.80 |
| 7/14/2010 HKG | Legal Services<br>Organize documents and files.<br>08-053  Raytheon | 0.70 |
| 7/15/2010 YR | Legal Services<br>Emails re: scheduling issue for hearing on equitable relief.<br>08-053  Raytheon | 0.50 |
| YR | Legal Services<br>Preparation for hearing on equitable relief.<br>08-053  Raytheon | 0.80 |
| JS | Legal Services<br>Client call re scheduling, confer w/ Opposing counsel re scheduling<br>front pay hearing, draft and revise notice to court re front pay<br>hearing (2.25).  Legal research re front pay/reinstatement and | 3.25 |

**Richard Miller**                                                                              **Page**      **23**

|  |  | Hrs/Rate |
|---|---|---|

judgment notwithstanding the verdict (1).
08-053  Raytheon

| 7/19/2010 JS | Legal Services<br>Legal research and review of cases re front pay, reinstatement, and other damages issues; draft and circulate memo re same (3.75). Emails to and from court reporter re trial transcript (.1).  Confer w/Yona Rozen re 7/23 hearing (.25).<br>08-053  Raytheon | 4.10 |
| 7/20/2010 JS | Legal Services<br>Confer w/Yona Rozen re front pay hearing and scheduling; various emails to and from client re hearing scheduling; call w/Dr. Burkman re hearing scheduling (.75)<br>08-053  Raytheon | 0.75 |
| 7/21/2010 YR | Legal Services<br>Telephone conference with law clerk and other side re: scheduling of hearing on equitable relief.<br>08-053  Raytheon | 0.30 |
| HKG | Legal Services<br>Review email correspondence; email w/ GRW & client re scheduling.<br>08-053  Raytheon | 0.30 |
| JS | Legal Services<br>Various emails between Yona Rozen and Hal Gillespie re scheduling front pay hearing, email to/from Dr. Burkman re scheduling, confer w/Opposing counsel re same, draft, finalize and file notice of availability (1.5).<br>08-053  Raytheon | 1.50 |
| 7/22/2010 YR | Legal Services<br>Confer with Jim Sanford re: notice of available dates.<br>08-053  Raytheon | 0.30 |
| HKG | Legal Services<br>Email re hearing date.<br>08-053  Raytheon | 0.10 |
| JS | Legal Services<br>Receive and review order re scheduling of evidentiary hearing, email to client re scheduling, email to Dr. Burkman re scheduling, email to Hal Gillespie re scheduling (.25).<br>08-053  Raytheon | 0.25 |
| 7/23/2010 JS | Legal Services<br>Various emails to/from Hal Gillespie, Yona Rozen, Dr. Burkman, and client re scheduling of evidentiary hearing and prep.<br>08-053  Raytheon | 0.50 |

**Richard Miller**                                                                                    **Page**     **24**

|  |  | Hrs/Rate |
|---|---|---|

| 7/28/2010 YR | Legal Services<br>Prepare for hearing on equitable relief.  Meet with client to prepare.<br>08-053  Raytheon | 3.50 |
| HKG | Legal Services<br>Prepare for  reinstatement/front pay hearing (1.5); conference with<br>miller (.7); telephone conference with  Burkman (.3); review damage<br>exhibits (.2).<br>08-053  Raytheon | 2.70 |
| 7/29/2010 YR | Legal Services<br>Prepare for and attend hearing on equitable relief.<br>08-053  Raytheon | 2.50 |
| HKG | Legal Services<br>Prepare for  and attendance at  front pay / reinstatement hearing -<br>6.0 hours<br>08-053  Raytheon | 9.00 |
| JS | Legal Services<br>Prep for reinstatement/front pay hearing, travel to hearing, front<br>pay/reinstatement hearing (4).<br>08-053  Raytheon | 4.00 |
| 9/1/2010 HKG | Legal Services<br>Telephone conference with  Shawn McRoberts court reporter.<br>08-053  Raytheon | 0.10 |
| 9/6/2010 JS | Legal Services<br>Post trial briefing; confer with Hal Gillespie; confer w/opposing<br>counsel re: motion for clarification and/or extension<br>08-053  Raytheon | 7.00 |
| 9/7/2010 HKG | Legal Services<br>Partial preparation of brief re front pay.<br>08-053  Raytheon | 3.60 |
| JS | Legal Services<br>Cont'd draft post-trial briefing, legal research re: pre- and<br>post-judgment interest; receive and review court order vacating<br>briefing schedule (9)<br>08-053  Raytheon | 9.00 |
| YR | Legal Services<br>Legal research for post-trial briefing.<br>08-053  Raytheon | 3.50 |
| 9/20/2010 JS | Legal Services<br>Various emails to/from court reporter regarding trial transcript order<br>attempt to reformat transcript as e-Tran (.75).<br>08-053  Raytheon | 0.75 |

**Richard Miller**                                                          Page      25

|  |  | <u>Hrs/Rate</u> |
|---|---|---|

9/21/2010 AG    Legal Services     2.00
Researching statutory weakness in caps
08-053  Raytheon

9/27/2010 JS    Legal Services     1.50
Legal research: legislative history re TCHRA damages caps (1.5).
08-053  Raytheon

9/28/2010 JS    Legal Services     2.00
Review Def's post-trial briefing and review of Def's authorities, begin
memo to team re same (2).
08-053  Raytheon

10/7/2010 JS    Legal Services     0.75
Legal research/review FRCPs re expert deposition costs; draft,
finalize and send letter to Opposing counsel covering expert's
invoice for deposition (.75).
08-053  Raytheon

11/11/2010 AG    Legal Services     2.00
Reading case file
08-053  Raytheon

11/16/2010 AG    Legal Services     3.00
Reading case progeny and file
08-053  Raytheon

11/17/2010 AG    Legal Services     4.00
Reading case progeny and file
08-053  Raytheon

11/19/2010 AG    Legal Services     1.50
briefing with Jim on case
08-053  Raytheon

12/1/2010 HKG    Legal Services     2.00
Review pleadings and documents.
08-053  Raytheon

12/3/2010 AG    Legal Services     4.00
Reading relevant case law for research prep
08-053  Raytheon

12/6/2010 JS    Legal Services     0.40
Confer w/Yona Rozen re court reporter email, various emails to and
from court reporter (.4).
08-053  Raytheon

12/7/2010 AG    Legal Services     2.00
Reading relevant case law for research prep
08-053  Raytheon

**Richard Miller**                                                                    **Page      26**

|  |  | Hrs/Rate |
|---|---|---|

**12/8/2010 JS**  Legal Services
Receive and review email from court reporter, arrange payment;
review ECF notice re completion of transcript and calendar briefing
dates; various emails to from Hal Gillespie & confer w/Yona Rozen
re scheduling
08-053  Raytheon                                                      0.75

**AG**  Legal Services
Reading relevant case law for research prep
08-053  Raytheon                                                      2.00

**12/9/2010 JS**  Legal Services
Receive transcripts and arrange for printing of set for review, confer
w/ Yona Rozen re requested extension (.25).
08-053  Raytheon                                                      0.25

**12/10/2010 HKG**  Legal Services
Cnw j.s. and Yona Rozen  re strategy & settlement.
08-053  Raytheon                                                      0.20

**12/16/2010 JS**  Legal Services
Begin draft Findings of Fact/Conclusions of Law, review trial
transcript (3)
08-053  Raytheon                                                      3.00

**AG**  Legal Services
Research for post-trial brief
08-053  Raytheon                                                      7.00

**12/17/2010 JS**  Legal Services
Review FRCP 26b case law re expert/deposition costs; draft,
finalize and send letter to Opposing counsel re Dr. Burkman's
deposition fees/costs (1). Continue to review transcript and draft
FOF and COLs (2.5).
08-053  Raytheon                                                      3.50

**AG**  Legal Services
Research for post-trial brief (5.5)
08-053  Raytheon                                                      5.50

**12/19/2010 JS**  Legal Services
Cont'd post trial briefing, review of transcript, legal research re same
08-053  Raytheon                                                      3.50

**12/20/2010 JS**  Legal Services
Cont'd post-trial briefing; reviewed trial transcript, including Miller
direct and cross; confer w/Yona Rozen re post-trial briefing.
08-053  Raytheon                                                      6.50

**HKG**  Legal Services
Conference with J.Sanford re approach to brief.
08-053  Raytheon                                                      0.30

**APP 055**

**Richard Miller**                                                                    **Page      27**

|                                                                                    | Hrs/Rate |
| ---------------------------------------------------------------------------------- | -------- |

12/20/2010 AG    Legal Services                                                           8.00
                 Research and reading for post-trial brief
                 08-053  Raytheon

12/21/2010 AG    Legal Services                                                           6.50
                 Continue drafting and revising post-trial briefing, review of transcript,
                 input record citations into drafts (6.5).
                 08-053  Raytheon

           HKG   Legal Services                                                           2.30
                 Review & revise post-trial brief.
                 08-053  Raytheon

12/22/2010 JS    Legal Services                                                           9.00
                 Cont'd draft post-trial brief and proposed findings of fact and
                 conclusions of law:  revise, finalize, and file (9).
                 08-053  Raytheon

           HKG   Legal Services                                                           1.90
                 Review and revise f's of f and c's of law.
                 08-053  Raytheon

           AG    Legal Services                                                           6.00
                 Research and key citing for post-trial brief
                 08-053  Raytheon

           AG    Legal Services                                                           2.00
                 Reading relevant case law for research prep
                 08-053  Raytheon

12/23/2010 JS    Legal Services                                                           3.00
                 Review trial transcript (.5).  Confer w/Yona Rozen re briefing
                 deadline; email to Opposing counsel re motion for leave to correct
                 document; draft, finalize, and file motion for leave to file corrected
                 document, prepare corrected document for filing; brief review of
                 Defendant's filings; arrange for courtesy copies of filings to client
                 and court (2.5).
                 08-053  Raytheon

           YR    Legal Services                                                           1.00
                 Confer with Hal Gillespie and Sanford; confer with Mike Maslanka
                 and draft and file the motion for extension for filing response.
                 08-053  Raytheon

           AG    Legal Services                                                           6.00
                 Research and key citing for post-trial brief
                 08-053  Raytheon

12/27/2010 JS    Legal Services                                                           5.50
                 Post-Trial briefing response:  review trial transcript; review Def's
                 Motion for JMOL; begin outlining response briefs; legal research

**Richard Miller**                                                                   **Page    28**

|                | Hrs/Rate |
|----------------|----------|

reJMOL and New Trial standards (5.5).
08-053  Raytheon

| 12/29/2010 JS | Legal Services | 9.00 |
|---|---|---|

Post-Trial briefing response:  review trial transcript; review Def's
Motion for JMOL; begin outlining response briefs; legal research re
JMOL and New Trial standards (9).
08-053  Raytheon

| 12/30/2010 JS | Legal Services | 8.00 |

Post-Trial briefing response:  cont'd drafting response briefs; begin
draft of fact statement and inserting record citations (8).
08-053  Raytheon

| 12/31/2010 JS | Legal Services | 5.50 |

Post-Trial briefing response:  cont'd drafting response briefs; begin
draft of fact statement and inserting record citations, confer w/Yona
Rozen re briefing issues (5.5).
08-053  Raytheon

| 1/3/2011 YR | Legal Services | 2.00 |

Review briefs filed by Defendant and begin to draft response.
08-053  Raytheon

| 1/4/2011 YR | Legal Services | 2.00 |

Review pleadings and draft responses.
08-053  Raytheon

| 1/5/2011 AG | Legal Services | 3.50 |

Research on damages and equitable remedies, liquidated damages
replacing punitive damages
08-053  Raytheon

| YR | Legal Services | 5.00 |

Review filings by defendant and draft responses.
08-053  Raytheon

| 1/6/2011 AG | Legal Services | 5.50 |

Research on damages and equitable remedies, front pay v.
liquidated  damages pertaining to ADA
08-053  Raytheon

| YR | Legal Services | 6.00 |

Draft and revise the responses, call to other side and draft motion
for extension of time.
08-053  Raytheon

| CRD | Legal Services | 4.00 |

legal research and drafting response to damages briefing
08-053  Raytheon

**Richard Miller**                                                                  **Page        29**

|  |  | | Hrs/Rate |
|---|---|---|---|
| 1/7/2011 | YR | Legal Services<br>Review transcript and continue to draft responses.<br>08-053  Raytheon | 4.50 |
| 1/10/2011 | YR | Legal Services<br>Continue review of transcript and drafting of factual summary.<br>08-053  Raytheon | 4.50 |
| 1/11/2011 | YR | Legal Services<br>Review transcript and draft factual summary.<br>08-053  Raytheon | 2.00 |
|  | JS | Legal Services<br>Post-trial briefing: legal research (liquidated damages,<br>distinguishing Reynolds v. Octel, 5th Cir. age cases), review<br>transcript, memo to Yona Rozen and Hal Gillespie re same.<br>08-053  Raytheon | 3.25 |
| 1/12/2011 | YR | Legal Services<br>Review transcript and continue drafting responses; confer with Jim<br>Sanford.<br>08-053  Raytheon | 4.50 |
|  | JS | Legal Services<br>Post-trial briefing: legal research (liquidated damages,<br>distinguishing Reynolds v. Octel, 5th Cir. age cases), review<br>transcript, draft legal argument section regarding damages.<br>08-053  Raytheon | 8.00 |
| 1/13/2011 | HKG | Legal Services<br>Review and revise response brief.<br>08-053  Raytheon | 2.60 |
|  | AG | Legal Services<br>Research and memo to Yona regarding because of standard in<br>relation to Gross NOT amending the TCHRA.<br>08-053  Raytheon | 2.00 |
|  | YR | Legal Services<br>Draft and revise response and research.<br>08-053  Raytheon | 10.00 |
|  | JS | Legal Services<br>Post-trial briefing: cont'd drafting and finalized draft of legal<br>argument  section regarding damages (8); confer w/Opposing<br>counsel re motion to exceed page limitation (.25); draft, finalize and<br>file motion for leave to exceed page limitation (1.25).<br>08-053  Raytheon | 9.50 |
| 1/14/2011 | HKG | Legal Services<br>Draft, review and revise response to defendant's JMOL.<br>08-053  Raytheon | 7.40 |

**Richard Miller**                                                                      **Page        30**

|  |  | | Hrs/Rate |
|---|---|---|---|

**1/14/2011 AG**   Legal Services                                                          5.50
Cite checking brief
08-053  Raytheon

**YR**   Legal Services                                                                   7.00
Revise and finalize response.
08-053  Raytheon

**JS**   Legal Services                                                                  10.00
Post-trial briefing: draft, finalize and review response to Def.'s Br. on
equitable remedies; cont'd reviewing and editing response to Def.'s
motion for judgment as a matter of law; draft, finalize and file
emergency motion for extension (10).
08-053  Raytheon

**1/15/2011 YR**   Legal Services                                                          5.00
Revise and finalize brief.
08-053  Raytheon

**JS**   Legal Services                                                                   7.50
Post-trial briefing: finalize and file response to Def.'s Brief on
equitable relief; cont'd review and revising Response to Def.'s
Motion for JMOL (7.5).
08-053  Raytheon

**1/17/2011 YR**   Legal Services                                                          0.40
Draft and file amended certificate of service.
08-053  Raytheon

**1/20/2011 YR**   Legal Services                                                          0.40
receive and review email from Sanford and new 5th cir. Case.
08-053  Raytheon

**JS**   Legal Services                                                                   0.75
Review 5th Circuit case re compensatory damages cap; memo to
Hal Gillespie and Yona Rozen re same; confer w/Yona Rozen and
Hal Gillespie re same (.75).
08-053  Raytheon

**1/21/2011 HKG**   Legal Services                                                         0.20
Email correspondence with  J.Sanford re status of case  & pending
issues
08-053  Raytheon

**1/26/2011 JS**   Legal Services                                                          1.50
Draft motion for leave to reply to Raytheon's response to Plaintiff's
post-hearing brief (.75). Draft letter to court re Learmonth opinion
(.75).
08-053  Raytheon

**Richard Miller**

<b>Page</b>    <b>31</b>

| | | | Hrs/Rate |
|---|---|---|---|

| 1/27/2011 HKG | Legal Services<br>Review and revise letter to the Court re Learmonth v. Sears,<br>Roebuck & Co.<br>08-053  Raytheon | 0.40 |
| JS | Legal Services<br>Revise, finalize and file letter re supplemental authorities (.75).<br>Revise motion for leave to file reply, email Opposing counsel re<br>conference over motion (.4).<br>08-053  Raytheon | 1.15 |
| 1/28/2011 JS | Legal Services<br>Receive and review Opposing counsel response concerning motion<br>for leave to file reply brief; finalize and file motion for leave (.75).<br>08-053  Raytheon | 0.75 |
| 2/1/2011 YR | Legal Services<br>Travel to LA (5) and prepare for deposition (3)<br>08-053  Raytheon | 8.00 |
| 2/3/2011 JS | Legal Services<br>Confer w/Yona Rozen (.15).  Rec & respond to Opposing counsel<br>email re depositions (.25).<br>08-053  Raytheon | 0.40 |
| YR | Legal Services<br>Take Lyells deposition (8) and travel back to Dallas (5).<br>08-053  Raytheon | 13.00 |
| JS | Legal Services<br>Rev & respond to Opposing counsel email re motion for leave (.1).<br>08-053  Raytheon | 0.10 |
| 2/4/2011 JS | Legal Services<br>Confer w/Yona Rozen re discovery and depositions (.75).<br>08-053  Raytheon | 0.75 |
| 2/8/2011 JS | Legal Services<br>Rec & respond to court reporter emails (.2).  Rec & review<br>document production from today, confer w/Yona Rozen re<br>depositions (.75).<br>08-053  Raytheon | 0.95 |
| YR | Legal Services<br>Travel to Boston and prepare for deposition.<br>08-053  Raytheon | 5.00 |
| 2/9/2011 YR | Legal Services<br>Take Vivek Klamath deposition (4) and travel back to Dallas (5).<br>08-053  Raytheon | 9.00 |

<b>APP 060</b>

**Richard Miller**                                                                                    **Page      32**

|                                                                              | Hrs/Rate |

**2/12/2011 JS**   Legal Services
Confer w/Yona Rozen re depositions (.3)).
08-053  Raytheon                                                                      0.30

**2/14/2011 JS**   Legal Services
Depo. prep
08-053  Raytheon                                                                      4.00

**YR**   Legal Services
Prep for Cheryl Miller deposition.
08-053  Raytheon                                                                      1.50

**2/15/2011 JS**   Legal Services
Burkman depo prep (.25).  Burkman depo (2.25).  Prepare and
send depo notices (.25).  Begin draft mediation position statement
(.75).  Review Opposing counsel email re discovery and forward
notes/comments to Yona Rozen (.3).
08-053  Raytheon                                                                      3.80

**YR**   Legal Services
Attend Cheryl Miller deposition.
08-053  Raytheon                                                                      2.00

**YR**   Legal Services
Attend Burkman deposition
08-053  Raytheon                                                                      2.50

**2/16/2011 JS**   Legal Services
Amend Lam depo notice (.25).
08-053  Raytheon                                                                      0.25

**JS**   Legal Services
Receive Burkman email re costs, confer w/Hal Gillespie/Yona
Rozen, email to Opposing counsel re unpaid costs (.4).
08-053  Raytheon                                                                      0.40

**2/17/2011 JS**   Legal Services
Receive, review and respond to Opposing counsel email re
payment of Burkman invoice (.15).
08-053  Raytheon                                                                      0.15

**2/18/2011 JS**   Legal Services
Mediation preparation, revised and finalized mediation position
statement and mediation notebooks(5).
08-053  Raytheon                                                                      5.00

**HKG**   Legal Services
Review Burkman report (.4); review mediation statement (1.0);
conference with  Yona Rozen (.1) ; telephone conference with client
re settlement (.4).
08-053  Raytheon                                                                      1.90

**Richard Miller**                                                                              **Page        33**

|  |  |  | Hrs/Rate |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 2/19/2011 HKG | Legal Services<br>Prepare for  mediation (.7); review settlement file (.2); telephone<br>conference with client  (.3); preparation of memo (.2).<br>08-053  Raytheon | | 1.40 |
| 2/22/2011 HKG | Legal Services<br>Prepare for  and attendance at  mediation.<br>08-053  Raytheon | | 5.00 |
| YR | Legal Services<br>Travel to and from and attend mediation.<br>08-053  Raytheon | | 4.00 |
| JS | Legal Services<br>Miller mediation prep and mediation (3).<br>08-053  Raytheon | | 3.00 |
| 2/23/2011 YR | Legal Services<br>Travel to LA (5) and take deposition of James Lam (3).<br>08-053  Raytheon | | 8.00 |
| 2/24/2011 JS | Legal Services<br>Deposition prep (3.5).<br>08-053  Raytheon | | 3.50 |
| 2/25/2011 JS | Legal Services<br>Depo prep (1.5).  Amos Wilson depo (5).  Witness meeting, depo<br>prep (3.5).  Memo to Yona Rozen re Meihn deposition (.5).<br>08-053  Raytheon | | 10.50 |
| YR | Legal Services<br>Prepare for depositions.<br>08-053  Raytheon | | 2.00 |
| HKG | Legal Services<br>Draft, review and revise  Motion for leave to file suppl brief re Art III,<br>Section 66(c) and (e) (1.1); email and telephone conference with<br>M.Maslanka (.2); conference with  J.Sanford re legal concepts (.2);<br>review Tx Const. (.5).<br>08-053  Raytheon | | 2.00 |
| JS | Legal Services<br>Rev Hal Gillespie emails re TCHRA damages caps legal research<br>and memo, draft and send email response (.5).  Review various<br>emails to/from Opposing counsel re motion for leave to file<br>supplemental briefing; review draft supplemental brief; confer w/Hal<br>Gillespie re same (.75).<br>08-053  Raytheon | | 1.25 |

**APP 062**

**Richard Miller**                                                                    Page        34

|            |    |                                                                                     | Hrs/Rate |
|------------|----|-------------------------------------------------------------------------------------|----------|
| 2/26/2011  | JS | Legal Services<br>Deposition prep (2.5).  Meihn deposition (3).  Crump deposition<br>(4.5).  Memo to file re Crump depo (.5).<br>08-053  Raytheon | 10.50 |
|            | YR | Legal Services<br>Take depositions of Anderson (4 ) and LaMonte (2.5); travel back to<br>Dallas (5).<br>08-053  Raytheon | 11.00 |
| 3/1/2011   | JS | Legal Services<br>Confer w/Yona Rozen re discovery (.3).<br>08-053  Raytheon | 0.30 |
| 3/5/2011   | JS | Legal Services<br>Begin draft of motion to continue trial date, various client emails and<br>email to Hal Gillespie and Yona Rozen re same (1.25).<br>08-053  Raytheon | 1.25 |
| 3/11/2011  | JS | Legal Services<br>Email to opposing counsel re trial continuance (.1).  Confer w/Yona<br>Rozen (.1).<br>08-053  Raytheon | 0.20 |
| 3/17/2011  | JS | Legal Services<br>Quick re of Motion for summary judgment brief, calendar deadlines,<br>and email client re same (.5).<br>08-053  Raytheon | 0.50 |
| 3/18/2011  | JS | Legal Services<br>Call w/Opposing counsel re Def's Motion for summary judgment<br>appendix and motion for leave to supplement, email Yona Rozen re<br>same (.25)<br>08-053  Raytheon | 0.25 |
| 3/19/2011  | JS | Legal Services<br>Various emails to/from Greg Meihn re deposition transcript (.2).<br>08-053  Raytheon | 0.20 |
| 3/22/2011  | JS | Legal Services<br>Draft motion for continuance and proposed order (1.25).  Confer<br>w/Yona Rozen re same (.2).<br>08-053  Raytheon | 1.45 |
| 3/23/2011  | JS | Legal Services<br>Confer w/Hal Gillespie re continuance (.1).  Revise motion (.2).<br>Confer w/client re motion (.2).<br>08-053  Raytheon | 0.50 |

**Richard Miller**

Page      35

<u>Hrs/Rate</u>

| Date | | Description | Hrs/Rate |
|------|---|-------------|----------|
| 3/24/2011 | JS | **Legal Services**<br>Finalize and file motion for continuance (.75).  Rec & respond to Opposing counsel email re extension of time to review depos (.05).<br>08-053  Raytheon | 0.80 |
| | JS | **Legal Services**<br>Rev Hal Gillespie email re TCHRA and other damages caps, legal research re same, draft and send memo re research, confer w/Hal Gillespie re same (3).<br>08-053  Raytheon | 3.00 |
| 3/29/2011 | HKG | **Legal Services**<br>Confer with j.sanford re response to motion for summary judgment.<br>08-053  Raytheon | 0.20 |
| | JS | **Legal Services**<br>Begin draft Motion for summary judgment response and brief, legal research re ADEA/TCHRA age cases, prima case in RIF cases, and Motion for summary judgment standards (4.75).<br>08-053  Raytheon | 4.75 |
| | JS | **Legal Services**<br>Review various email to/from client re Burkman bill (.1).<br>08-053  Raytheon | 0.10 |
| 3/30/2011 | JS | **Legal Services**<br>Cont'd legal research re Motion for summary judgment response, including ADEA/TCHRA standards and RIF cases, review Lyells deposition (5)<br>08-053  Raytheon | 5.00 |
| 3/31/2011 | JS | **Legal Services**<br>Cont'd draft Motion for summary judgment response, review deposition testimony, compile appendix materials (7.5).  Confer w/Yona Rozen re extension (.2), confer w/Opposing counsel (call to M. Maslank and from V. Lyons)(.2), draft motion (.5). . Client call re:Motion for summary judgment response (.9).<br>08-053  Raytheon | 9.30 |
| 4/1/2011 | JS | **Legal Services**<br>Cont'd draft Motion for summary judgment response, reviewed Crump, Lam, Kamath depositions, complied appendix (7.5). Finalized and filed motion to extend response date (.75).<br>08-053  Raytheon | 8.25 |
| 4/2/2011 | JS | **Legal Services**<br>Cont'd draft Motion for summary judgment response, draft fact section  (6)<br>08-053  Raytheon | 6.00 |

**APP 064**

**Richard Miller**                                                                          **Page        36**

|  | | Hrs/Rate |
|---|---|---|

| 4/3/2011 JS | Legal Services<br>Con 'td draft Motion for summary judgment response, legal<br>research re ADEA prima facie case, replacement (6).<br>08-053  Raytheon | 6.00 |
| 4/4/2011 JS | Legal Services<br>Legal research, draft response to Motion for summary judgment (3).<br>08-053  Raytheon | 3.00 |
| 4/5/2011 JS | Legal Services<br>Cont'd draft Motion for summary judgment response, compile<br>Motion  for summary judgment appendix materials, begin draft of<br>plaintiff declaration (6.5).<br>08-053  Raytheon | 6.50 |
| 4/6/2011 JS | Legal Services<br>Cont'd Motion for summary judgment response, legal research (6).<br>Client call, revise draft declaration (1.25).<br>08-053  Raytheon | 7.25 |
| 4/7/2011 JS | Legal Services<br>Cont'd draft Motion for summary judgment response, revise<br>plaintiff's declaration, legal research (10).<br>08-053  Raytheon | 10.00 |
| 4/8/2011 JS | Legal Services<br>Cont'd draft Motion for summary judgment response, finalize<br>plaintiff's declaration, legal research, compile/organize appendix,<br>draft motion for leave to seal appendix (9).<br>08-053  Raytheon | 9.00 |
| HKG | Legal Services<br>Review and revise miller declaration and response to motion for<br>summary judgment.<br>08-053  Raytheon | 4.50 |
| 4/9/2011 EKT | Legal Services<br>Review Motion for summary judgment response.<br>08-053  Raytheon | 0.80 |
| JS | Legal Services<br>Format brief, add pinpoint appendix cites; revise/edit brief, finalize<br>and file motion for leave to seal appendix; finalize and file Motion for<br>summary judgment response and response brief (9).<br>08-053  Raytheon | 9.00 |
| HKG | Legal Services<br>Edit motion for summary judgment response.<br>08-053  Raytheon | 2.00 |
| 4/12/2011 JS | Legal Services<br>Receive & review order re Plaintiff's motion for leave to seal<br>appendix, draft notice re confidential materials (.8), client call re | 1.00 |

**Richard Miller**                                                                                    **Page**      **37**

|  |  | Hrs/Rate |
|---|---|---|
|  | same (.2).<br>08-053  Raytheon |  |
| 4/13/2011 JS | Legal Services<br>Reviewed trial setting order and calendared trial dates (.5).<br>08-053  Raytheon | 0.50 |
| 4/14/2011 JS | Legal Services<br>Confer w/Yona  re Motion for summary judgment response (.1).<br>Client call re confidential materials in Motion for summary judgment<br>appendix (.1).  Various email correspondence with Opposing<br>counsel re: notice of confidential materials in Motion for summary<br>judgment response appendix, review appendix and confidential<br>materials, finalize and file notice (.7).<br>08-053  Raytheon | 0.90 |
| 4/21/2011 JS | Legal Services<br>Confer w/Opposing counsel re extension of Def's Motion for<br>summary judgment reply date (.2).<br>08-053  Raytheon | 0.20 |
| 4/27/2011 JS | Legal Services<br>Legal research re supplemental briefs on prejudgment interest and<br>TCHRA caps' constitutionality (3.5).<br>08-053  Raytheon | 3.50 |
| 4/28/2011 JS | Legal Services<br>Draft supplemental brief on TCHRA caps and reply brief on<br>prejudgment interest (2).<br>08-053  Raytheon | 2.00 |
| 4/29/2011 JS | Legal Services<br>Review, revise, finalize and file supplemental brief on TCHRA caps<br>and reply brief on prejudgment interest (4).<br>08-053  Raytheon | 4.00 |
| 5/9/2011 JS | Legal Services<br>Receive and review Def's response concerning Plaintiff's<br>supplemental brief re prejudgment interest (.4).<br>08-053  Raytheon | 0.40 |
| 5/13/2011 HKG | Legal Services<br>Review Document 168 - Order (1.2); conference with co-counsel<br>(.2); telephone conference with client re opinion and status of case<br>(.3); email correspondence with client (.1).<br>08-053  Raytheon | 1.80 |
| YR | Legal Services<br>Receive and review court order in Miller<br>08-053  Raytheon | 0.50 |

**Richard Miller**                                                                                          Page        38

|                                                                                              | Hrs/Rate |
| --- | --- |

5/16/2011 JS     Legal Services                                                                          2.00
                 Reviewed order partially denying JMOL and new trial; review FRAP,
                 FRCPs, and Local Rules re: deadlines; memo to Hal Gillespie and
                 Yona Rozen re fee petition, appeal, and remiititur deadlines.
                 08-053  Raytheon

5/17/2011 JS     Legal Services                                                                          2.75
                 Legal research re attorney's fees and fee shifting, preparation for
                 motion for attorney's fees, emails to/from Dr. Burkman re materials
                 in re outstanding costs (2.75).
                 08-053  Raytheon

5/19/2011 YR     Legal Services                                                                          0.50
                 Confer with Jim Sanford re: petition and cost
                 08-053  Raytheon

5/20/2011 JS     Legal Services                                                                          8.00
                 Motion for Attorney's fees and costs:  confer w/Yona Rozen re fees
                 and costs; legal research: recoverable and taxable costs, Fifth
                 Circuit authorities on lodestar and attorney's fees, etc.; begin draft
                 motion for fees and supporting declarations; compile invoices and
                 other documentation (8)
                 08-053  Raytheon

5/21/2011 JS     Legal Services                                                                          4.00
                 Motion for Attorney's fees:  continue draft motion for fees and
                 supporting declarations, legal research re entitlement to fees for
                 work on fee petition and for expert fees and other costs.
                 08-053  Raytheon

5/22/2011 JS     Legal Services                                                                          3.50
                 Motion for Attorney's fees:  continue and finish first draft of motion
                 for fees and supporting declarations; review time records and
                 invoices.
                 08-053  Raytheon

5/23/2011 HKG    Legal Services                                                                          2.00
                 Begin preparation of declaration in connection with fee application.
                 08-053  Raytheon

          JS     Legal Services                                                                          0.50
                 Client call, and receive and review follow up e-mails; prepare
                 invoices for inclusion in appendix re: motion for attorney's fees (.5).
                 08-053  Raytheon

5/24/2011 HKG    Legal Services                                                                          2.80
                 Continue preparation of declaration in support of fee petition.
                 08-053  Raytheon

          JS     Legal Services                                                                          1.25
                 Confer w/Hal Gillespie and Yona Rozen re motion for attorney's
                 fees, research re market rates in DFW & memos to Hal

**APP 067**

**Richard Miller**

Page    39

| | | | Hrs/Rate |
|---|---|---|---|
| | | Gillespie/Yona Rozen re same (1.25).<br>08-053  Raytheon | |
| 5/24/2011 | YR | Legal Services<br>Confer re: fee petition and review time records<br>08-053  Raytheon | 1.20 |
| 5/25/2011 | HKG | Legal Services<br>Draft, review and revise declaration in support of fee petition; review & revise motion for fees.<br>08-053  Raytheon | 4.50 |
| | YR | Legal Services<br>Confer with Hal Gillespie and Jim Sanford re: draft of petition; contact with Ed Cloutman re: affidavit; draft declaration filing with petition<br>08-053  Raytheon | 1.20 |
| | JS | Legal Services<br>Cont'd draft Motion for Attorney's fees:  draft/revise supporting declaration; receive, review, and respond to various emails to from Hal Gillespie/Yona Rozen re motion and supporting declarations (1.5).<br>08-053  Raytheon | 1.50 |
| 5/26/2011 | YR | Legal Services<br>Draft and revise declaration; review motion<br>08-053  Raytheon | 3.00 |
| | JS | Legal Services<br>Cont'd Motion for Attorney's fees and supporting materials:  review and revise HKG/YR declarations, compile appendix materials, continued and revised draft brief, review costs and compute costs (4).<br>08-053  Raytheon | 4.00 |
| | HKG | Legal Services<br>Cont'd  draft/revise declaration in support of motion for attorneys' fees; receive, review, and respond to various emails to from J.Sanford and Yona Rozen re motion and supporting declarations (2.6).<br>08-053  Raytheon | 2.60 |
| 5/27/2011 | HKG | Legal Services<br>Cont'd  draft/revise declaration in support of motion for attorneys' fees and exhibits thereto; receive, review, and respond to various emails to from J.Sanford and Yona Rozen re motion and supporting declarations (2.8).<br>08-053  Raytheon | 2.80 |

**Richard Miller**                                                                                    **Page        40**

|                         |                                                                                                                                  | Hrs/Rate |
|-------------------------|----------------------------------------------------------------------------------------------------------------------------------|---------|

5/27/2011 YR   Legal Services                                                                        1.50
               Finalize and revise declaration; review motion
               08-053  Raytheon

        JS     Legal Services                                                                        4.00
               Motion for Attorney's:  Review, revise, format, and finalize motion for
               attorney's fees and supporting appendix (4).
               08-053  Raytheon

        HKG    Legal Services                                                                        1.20
               Review and revise motion for attorneys' fees.

               08-053  Raytheon

                                                                                     _____        Amount
               For professional services rendered                                    1316.02         $0.00

               Additional Charges :

8/5/2008 HKG   Delivery Serv.                                                                        27.29
               Federal Express; Delivery of documents to company attorney
               08-053  Raytheon

8/31/2008 HKG  Copying Charge                                                                        3.36
               August 2008 In-house copying charges.
               08-053  Raytheon

        HKG    Postage                                                                               6.33
               August 2008 In-house postage charges.
               08-053  Raytheon

1/31/2009 HKG  Postage                                                                               0.42
               January 2009 In-house postage charges.
               08-053  Raytheon

2/13/2009 HKG  Copying Charge                                                                        3.78
               Classic Legal Documents; Requesting copies of client's EEOC investigative file
               08-053  Raytheon

2/28/2009 HKG  Copying Charge                                                                        0.70
               February 2009 In-house copying charges.
               08-053  Raytheon

        HKG    Postage                                                                               1.26
               February 2009 In-house postage charges.
               08-053  Raytheon

3/6/2009 HKG   Filing Fees                                                                           350.00
               United States District Clerk, N.District of Texas; Filing Plaintiff's Original Complaint,
               Issuance of Citation and Jury Demand.
               08-053  Raytheon

**Richard Miller**

Page    41

Amount

| Date | | | Amount |
|---|---|---|---|
| 3/31/2009 | HKG | Service Fees<br>Legal Eagles; Service to serve citation to Raytheon<br>08-053  Raytheon | 70.00 |
| | HKG | Copying Charge<br> March 2009 In-house copying charges.<br>08-053  Raytheon | 7.84 |
| | HKG | Postage<br>March 2009 In-house postage charges.<br>08-053  Raytheon | 2.99 |
| 7/31/2009 | HKG | Copying Charge<br>July 2009 In-house copying charges.<br>08-053  Raytheon | 5.46 |
| | HKG | Postage<br>July 2009 In-house postage charges.<br>08-053  Raytheon | 0.88 |
| 9/30/2009 | HKG | Copying Charge<br>September 2009 In-house copying charges.<br>08-053  Raytheon | 25.20 |
| | HKG | Postage<br>September 2009 In-house postage charges.<br>08-053  Raytheon | 6.04 |
| 12/31/2009 | HKG | Copying Charge<br>October - December  2009 In-house copying charges.<br>08-053  Raytheon | 59.36 |
| | HKG | Postage<br>October - November  2009 In-house postage charges.<br>08-053  Raytheon | 55.00 |
| 2/1/2010 | HKG | Parking<br>American Express; Yona Rozen parking expenses Feb 1-3, 2010 for trip to LA<br>08-053  Raytheon | 34.00 |
| 2/2/2010 | HKG | Postage<br>Reimbursed Jim Sanford for postage expense to mail discovery 11/30/2009<br>08-053  Raytheon | 6.49 |
| 2/8/2010 | HKG | Parking<br>American Express; Yona Rozen parking expenses Feb 18-9, 2010 for trip to Boston<br>08-053  Raytheon | 34.00 |
| 2/9/2010 | HKG | Deposition Fee<br>ABC Court Reporters; Deposition of Richard Miller taken on 12/4/2009<br>08-053  Raytheon | 524.08 |

**APP 070**

**Richard Miller**                                                                          **Page     42**

                                                                                                   Amount

2/23/2010  HKG   Airfare                                                                             420.40
                 American Express; Yona Rozen airfare from Dallas to LAX 2/23/10
                 08-053  Raytheon

2/25/2010  HKG   Delivery Serv.                                                                       46.95
                 Federal Express; Delivery of documents to Yona Rozen in California 2/1/2010 for
                 use in deposition
                 08-053  Raytheon

2/26/2010  HKG   Airfare                                                                             439.70
                 American Express; Yona Rozen airfare expense from LAX to Dallas 2/26/10
                 08-053  Raytheon

           HKG   Hotel                                                                              351.92
                 American Express; Yona Rozen hotel expense in Los Angeles for deposition
                 2/23-26/10
                 08-053  Raytheon

           HKG   Meals                                                                                9.49
                 American Express; Yona Rozen meal expense in LA for deposition
                 08-053  Raytheon

           HKG   Parking                                                                             41.95
                 American Express; Yona Rozen parking expenses while in LA for deposition
                 08-053  Raytheon

3/31/2010  HKG   Copying Charge                                                                     156.80
                 January - March 2010  In-house copying charges.
                 08-053  Raytheon

           HKG   Postage                                                                             45.13
                 January - March 2010  In-house postage charges.
                 08-053  Raytheon

4/30/2010  HKG   Copying Charge                                                                      58.10
                 April 2010  In-house copying charges.
                 08-053  Raytheon

           HKG   Postage                                                                              7.35
                 April 2010  In-house postage charges.
                 08-053  Raytheon

6/29/2010  HKG   Deposition Fee                                                                   8,421.47
                 ABC Court Reporters; Deposition of Loretta Sweeney taken on 1/29/10 in Dallas,
                 TX. (Original + copy + Exhibits $674.65); Deposition of Doug Hagedorn taken on
                 1/29/10 in Dallas, Tx. (Original + copy $245.50); Deposition of Allen Frank Reid, II
                 taken on 2/2/10 in Los Angeles, CA (Original + copy + Exhibits $1,346.60);
                 Deposition of Robert Lyells taken on 2/3/10 in Los Angeles, CA (Original + copy +
                 Exhibits $1,344.80); Deposition of Vivek Kamath taken on 2/9/10 in Boston, MA.
                 (Original + copy +Exhibits $886.30)  Deposition of Cheryl Ann Miller taken on
                 2/15/10 in Dallas, TX. (Copy Only - Ms. Buena Vista Lyons took deposition =
                 $269.89); Deposition of Jon Herbert Burkman, Ph.D. taken 2/15/10 in Dallas, TX.
                 (Copy Only - Ms. Buena Vista Lyons took this deposition = $295.92); Deposition of

**Richard Miller**                                                                       Page      43

                                                                                          Amount

|  |  |  |  |
|---|---|---|---|
|  |  | James Lam taken on 2/23/10 in Los Angeles (Original + copy + Exhibits $425.45); deposition of Amos Wilson taken on 2/25/10 in Dallas, TX. (Original+ copy + Exhibits $883.00); Deposition of William Anderson, Jr. taken on 2/26/10; Los Angeles (Original + copy + Exhibits $700.95); Deposition of Gary LaMonte taken on 2/26/10 in  Los Angeles (Original + copy $359.00) Deposition of Gregory Meihn taken on 2/26/10 in Dallas (Original + copy $248.16) and Deposition of Lisa Crump taken on 2/26/10 in Dallas (Original + copy + exhibits $741.25) 08-053  Raytheon |  |
| 6/30/2010 | HKG | Copying Charge<br>June 2010  In-house copying charges.<br>08-053  Raytheon | 23.80 |
|  | HKG | Postage<br>June 2010  In-house postage charges.<br>08-053  Raytheon | 22.62 |
| 7/1/2010 | HKG | Delivery Serv.<br>Federal Express; Delivery of documents to Portable Video Services<br>08-053  Raytheon | 27.61 |
| 7/7/2010 | HKG | Court Costs<br>Office Max; Misc. Easel Pads for trial<br>08-053  Raytheon | 36.04 |
| 7/12/2010 | HKG | Court Costs<br>DFW Court Reporting, Inc.; (Trial) Opening Statements<br>08-053  Raytheon | 177.45 |
| 7/14/2010 | HKG | Court Costs<br>Benchmark Legal Media; Rental of Speakers/stands, projectors/screen, VGA cables/switcher<br>08-053  Raytheon | 430.00 |
|  | HKG | Copying Charge<br>July 2010  In-house copying charges<br>08-053  Raytheon | 535.08 |
|  | HKG | Court Costs<br>binders and (57) exhibit tabs<br>08-053  Raytheon | 103.95 |
| 7/15/2010 | HKG | Parking<br>Reimbursed Jim Sanford  parking at courthouse<br>08-053  Raytheon | 20.00 |
| 7/31/2010 | HKG | Copying Charge<br>July 2010  In-house copying charges<br>08-053  Raytheon | 90.72 |

**Richard Miller**                                                   Page      **44**

                                                                          _Amount_

| Date | | Description | Amount |
|---|---|---|---|

7/31/2010 HKG    Postage
                 July 2010  In-house postage charges.                      0.44
                 08-053  Raytheon

8/12/2010 HKG    Transcript
                 DFW Court Reporting, Inc.;  (Trial) Closing Statements.  100.80
                 08-053  Raytheon

9/20/2010 HKG    Copying Charge
                 Shawn McRoberts RMR, CRR; Vol. 3 7/10/10, evidentiary hearing 7/29/10   306.00
                 08-053  Raytheon

9/30/2010 HKG    Copying Charge
                 September 2010  In-house copying charges.                 6.86
                 08-053  Raytheon

          HKG    Postage
                 September 2010  In-house postage charges.                 2.92
                 08-053  Raytheon

10/31/2010 HKG   Copying Charge
                 October 2010  In-house copying charges.                   0.84
                 08-053  Raytheon

           HKG   Postage
                 October 2010  In-house postage charges.                   0.88
                 08-053  Raytheon

11/12/2010 HKG   Parking
                 Reimbursed Jim Sanford parking at courthouse for trial.   20.00
                 08-053  Raytheon

12/9/2010 HKG    Transcript
                 DFW Court Reporting, Inc.; Jury Trial on Merits V. 1-4; 6-7 transcripts.   1,678.50
                 08-053  Raytheon

12/31/2010 HKG   Parking
                 Jim Sanford parking expense at courthouse 8/25/2010       7.00
                 08-053  Raytheon

1/31/2011 HKG    Postage
                 January 2011  In-house postage charges.                   3.19
                 08-053  Raytheon

                                                                    _____
          Total costs                                               $14,818.44

                                                                    _____
          Total amount of this bill                                 $14,818.44

                                                                    _____
          Balance due                                               $14,818.44
                                                                    ==========

**Richard Miller**                                                                    **Page      45**

### Attorney Summary

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| HKG Gillespie | 226.40 | 0.00 | $0.00 |
| YR  Yona Rozen | 278.20 | 0.00 | $0.00 |
| Adam Greenfield | 78.00 | 0.00 | $0.00 |
| Cheryl R. Drazin | 4.00 | 0.00 | $0.00 |
| Edith K. Thomas | 85.80 | 0.00 | $0.00 |
| Jim Sanford | 642.52 | 0.00 | $0.00 |
| Joseph H. Gillespie | 1.10 | 0.00 | $0.00 |

Please remit payment within 30 days.  If payment arrangements are needed, please contact Debbie Whitney. Thank you in advance for taking care of your account promptly.

Selection Criteria

Slip.Classification        Open
Clie.Selection             Include: Miller

| Title | Amount | % Total | Time | % Total |
|---|---|---|---|---|
| **Attorney: A GREENFIELD** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 78.00 | 5.93% |
| Fees: Billable | 0.00 | 0.00% | 78.00 | 5.93% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 78.00 | 5.93% |
| Total: Billable | 0.00 | 0.00% | 78.00 | 5.93% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| **Total: A GREENFIELD** | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 78.00 | 5.93% |
| Fees: Billable | 0.00 | 0.00% | 78.00 | 5.93% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 78.00 | 5.93% |
| Total: Billable | 0.00 | 0.00% | 78.00 | 5.93% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| **Attorney: CR Drazin** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 4.00 | 0.30% |
| Fees: Billable | 0.00 | 0.00% | 4.00 | 0.30% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 4.00 | 0.30% |
| Total: Billable | 0.00 | 0.00% | 4.00 | 0.30% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| **Total: CR Drazin** | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 4.00 | 0.30% |
| Fees: Billable | 0.00 | 0.00% | 4.00 | 0.30% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 4.00 | 0.30% |



EXHIBIT
6

Gillespie, Rozen & Watsky,  P.C.
Slip Summary Listing by @

| Title | Amount | % Total | Time | % Total |
|---|---|---|---|---|
| Total: Billable | 0.00 | 0.00% | 4.00 | 0.30% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| **Attorney: EK THOMAS** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 85.80 | 6.52% |
| Fees: Billable | 0.00 | 0.00% | 85.80 | 6.52% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 85.80 | 6.52% |
| Total: Billable | 0.00 | 0.00% | 85.80 | 6.52% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: EK THOMAS | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 85.80 | 6.52% |
| Fees: Billable | 0.00 | 0.00% | 85.80 | 6.52% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 85.80 | 6.52% |
| Total: Billable | 0.00 | 0.00% | 85.80 | 6.52% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| **Attorney: HKG Gillespie** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 226.40 | 17.20% |
| Fees: Billable | 0.00 | 0.00% | 226.40 | 17.20% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 226.40 | 17.20% |
| Total: Billable | 0.00 | 0.00% | 226.40 | 17.20% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: HKG Gillespie | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 226.40 | 17.20% |
| Fees: Billable | 0.00 | 0.00% | 226.40 | 17.20% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 226.40 | 17.20% |
| Total: Billable | 0.00 | 0.00% | 226.40 | 17.20% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |

Gillespie, Rozen & Watsky,  P.C.
Slip Summary Listing by @

Page    3

| Title | Amount | % Total | Time | % Total |
|---|---|---|---|---|
| **Attorney: HKG/YR** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Billable | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 14818.44 | 100.00% | | |
| Costs: Billable | 14818.44 | 100.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 14818.44 | 100.00% | 0.00 | 0.00% |
| Total: Billable | 14818.44 | 100.00% | 0.00 | 0.00% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: HKG/YR | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Slip Value | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Billable | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 14818.44 | 100.00% | | |
| Costs: Billable | 14818.44 | 100.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 14818.44 | 100.00% | 0.00 | 0.00% |
| Total: Billable | 14818.44 | 100.00% | 0.00 | 0.00% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| **Attorney: JDSanford** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 642.52 | 48.82% |
| Fees: Billable | 0.00 | 0.00% | 642.52 | 48.82% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 642.52 | 48.82% |
| Total: Billable | 0.00 | 0.00% | 642.52 | 48.82% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: JDSanford | 0.00 | 0.00% | 642.52 | 48.82% |
| Fees: Slip Value | 0.00 | 0.00% | 642.52 | 48.82% |
| Fees: Billable | 0.00 | 0.00% | 0.00 | 0.00% |
| Fees: Unbillable | 0.00 | 0.00% | | |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 642.52 | 48.82% |
| Total: Billable | 0.00 | 0.00% | 642.52 | 48.82% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| **Attorney: JHG J.Gillespie** | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 1.10 | 0.08% |
| Fees: Billable | 0.00 | 0.00% | 1.10 | 0.08% |

| Title | Amount | % Total | Time | % Total |
|---|---|---|---|---|
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 1.10 | 0.08% |
| Total: Billable | 0.00 | 0.00% | 1.10 | 0.08% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: JHG J.Gillespie | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 1.10 | 0.08% |
| Fees: Billable | 0.00 | 0.00% | 1.10 | 0.08% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 1.10 | 0.08% |
| Total: Billable | 0.00 | 0.00% | 1.10 | 0.08% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Attorney: YR  Yona Rozen | | | | |
| Miller | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 278.20 | 21.14% |
| Fees: Billable | 0.00 | 0.00% | 278.20 | 21.14% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 278.20 | 21.14% |
| Total: Billable | 0.00 | 0.00% | 278.20 | 21.14% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Total: YR  Yona Rozen | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 278.20 | 21.14% |
| Fees: Billable | 0.00 | 0.00% | 278.20 | 21.14% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 0.00 | 0.00% | | |
| Costs: Billable | 0.00 | 0.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |
| Total: Slip Value | 0.00 | 0.00% | 278.20 | 21.14% |
| Total: Billable | 0.00 | 0.00% | 278.20 | 21.14% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| | | | | |
| Grand Total | | | | |
| Fees: Slip Value | 0.00 | 0.00% | 1316.02 | 100.00% |
| Fees: Billable | 0.00 | 0.00% | 1316.02 | 100.00% |
| Fees: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |
| Costs: Slip Value | 14818.44 | 100.00% | | |
| Costs: Billable | 14818.44 | 100.00% | | |
| Costs: Unbillable | 0.00 | 0.00% | | |

Gillespie, Rozen & Watsky,  P.C.
Slip Summary Listing by @

| Title | Amount | % Total | Time | % Total |
|---|---|---|---|---|
| Total: Slip Value | 14818.44 | 100.00% | 1316.02 | 100.00% |
| Total: Billable | 14818.44 | 100.00% | 1316.02 | 100.00% |
| Total: Unbillable | 0.00 | 0.00% | 0.00 | 0.00% |