IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD MILLER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-440-O |
| | § | |
| **RAYTHEON COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs
(ECF No. 169), filed on May 27, 2011, as well as Defendant Raytheon Company's Objections (ECF
No. 177) and Plaintiff's Reply (ECF No. 181).

Having reviewed Plaintiff's motion, the Court finds it should be **GRANTED in part**.

## I.    BACKGROUND

Plaintiff Richard Miller ("Plaintiff" or "Miller") filed this lawsuit on March 6, 2009, alleging

that Defendant Raytheon Company ("Defendant" or "Raytheon") terminated him because of his age.

*See* ECF No. 1.  He was 53 years old at the time he was released and had worked for Raytheon, or

a predecessor company, for almost 29 years.  He asserted a claim for age discrimination in violation

of the Age Discrimination in Employment Act ("ADEA"), and an age discrimination claim under

the Texas Commission on Human Rights Act ("TCHRA").  Miller sought compensatory damages,

punitive damages, equitable relief, attorney's fees, expert fees, and costs of suit.  Raytheon defended

its decision to release Miller by arguing that it was facing a severe budget short fall, and he was one

of many employees included in a reduction in force.  The case was submitted to a jury, which found

-1-

for Miller and awarded him actual, mental anguish, and punitive damages on both claims.

The Parties filed post-trial briefs in which Defendant argued that the jury's verdict should be set aside, certain damage amounts remitted, or a new trial ordered. *See* May 13, 2011 Order 2, ECF No. 168. Plaintiff contended that judgment should be awarded in his favor, in the amount specified by the jury. *Id.* The Court affirmed the jury's verdict of willful age discrimination and award of substantial back pay, awarded liquidated damages, and ordered a remitted amount of emotional distress damages. *Id.* Plaintiff Richard Miller now asks, as the prevailing party, for attorney's fees and court costs. *See* Pl.'s Mot. Fees 1, ECF No. 169.

## II.   LEGAL STANDARD

Ordinarily, attorney's fees are not awarded to a prevailing party absent statutory authority or contractual language. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). However, Miller is entitled to fees under the ADEA. Section 216(b) of the Fair Labor Standards Act ("FLSA"), which the ADEA incorporates, states that courts "shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); s*ee also* 29 U.S.C. § 626(b) (incorporating section 216(b) into the ADEA). Therefore, Plaintiff Miller is entitled to fees and costs associated with success on his claims.

The Fifth Circuit uses the lodestar method for calculating reasonable attorney's fees. *Jiminez v. Wood County, Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *SEC v. Megafund Corp.*, No. 3:05-CV-1328-L, 2006 WL 42367 (N.D. Tex. Jan. 9, 2006) (Lindsay, J.). The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the

reasonable hourly rates for the participating lawyers. *See La. Power & Light Co.*, 50 F.3d at 324. Under this method, "a party seeking an award of attorney's fees has the burden of proving the reasonableness of the hours expended and the rate charged, and the district court must be able to determine the reasonable number of hours expended and the reasonable hourly rate for each participating attorney." *Megafund*, 2006 WL 42367, at *1.

In evaluating the reasonableness of the number of hours expended, the court determines "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co.*, 50 F.3d at 325. The burden of proving reasonableness of the billed hours is on the applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). Therefore, the applicant must prove he exercised billing judgment in calculating the hours expended. *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 2185193, at *2 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* (quoting *Saizan*, 448 F.3d at 799). Where no evidence of billing judgment has been submitted, it is appropriate to reduce the fee award by a percentage intended to substitute for the exercise of billing judgment. *Saizan*, 448 F.3d at 799; *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002).

In ascertaining the compensable time, the court determines the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *Kellstrom,* 50 F.3d at 328. The party seeking payment of fees has the burden of establishing the market rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). This requires

evidence establishing the reasonableness of the proposed rate, typically through affidavits of other attorneys practicing in the community.  *Id.*; *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002).  Absent such evidence, the court may rely upon its expertise and judgment to independently assess the valuation of the asserted rate.  *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).

In the second step of the lodestar method, a court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1].  *Jiminez*, 621 F.3d at 379-80.  With these operative standards, the Court now considers the request for payment of fees and costs.

## III.   LEGAL ANALYSIS

Miller seeks approval of fees and expenses incurred in the amount of $711,323 in attorney's fees and $32,978 in taxable costs and other out-of-pocket expenses.  Pl.'s Mot. Fees 4, 12, ECF No. 169.  In support of these amounts, Miller has submitted the affidavits of Hal Gillespie, Yona Rozen, and Edward Cloutman, as well as detailed billing and expense records.  *See id.*; App. to Pl.'s Mot. Fees, ECF No. 170.

### A.   Appropriateness of Fees

The Court first determines the lodestar for the requested attorney's fees submitted by

---

[1]  The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Gillespie, Rozen & Watsky, P.C. ("GRW").   Defendant's counsel makes several objections regarding the hourly rate, fees requested for the participation of Mr. Sanford, time entries for trial, time entries for the equitable hearing, and fees requested for time spent on TCHRA damage caps. *See* Def.'s Obj., ECF No. 177.

> ### 1.      *Reasonable Hours Expended*

Plaintiff requests recovery for 1,316 hours, which he states represents the time reasonably expended and evinces a considerable amount of billing judgment. Pl.'s Mot. Fees 5, ECF No. 169. Those hours are divided among Hal Gillespie, Yona Rozen, James Sanford, Edith K. Thomas, Cheryl Drazin, Joseph Gillespie, and Adam Greenfield. *Id.* at 7 n.22.  Plaintiff's motion states that billing judgment was shown through efficient distribution of assignments, exclusion of paralegal fees, single billing for conferences among GRW attorneys, and efficient methods of obtaining discovery. *Id.* at 5-6.

First, Defendant objects to the hourly fees requested in relation to Mr. Sanford's time at trial. Def.'s Obj. 3-4, ECF No. 177.  Raytheon argues that it had two attorneys while Miller had three. *Id.* at 3.  Defendant states that for a single plaintiff, single claim case, no more than two attorneys were necessary. *Id.* at 3-4.  The additional attorney creates a possibility of duplication of effort and is therefore excessive. *Id.* at 4.  Miller responds that Sanford performed important work during the trial.  Pl.'s Reply 7, ECF No. 181.  He presented one of Miller's witnesses, read from another's deposition, and participated in the other phases of trial and the later evidentiary hearing.  *Id.*

Defendant relies on and cites heavily from *Old Republic Insurance Co. v. Stafford*, No. 3:03-cv-1611, 2005 WL 2026853, at *6 (N.D. Tex. Aug. 22, 2005), for the premise that more than two attorneys were not necessary for a relatively straightforward case.  In that case, the court discounted

-5-

the hours of one attorney. However, the attorney whose hours were excluded did not conduct voir dire, examine witnesses, or present argument before the jury or court. *Old Republic*, 2005 WL 2026853, at *6. Unlike that situation, here, Mr. Sanford participated in the case almost from the time that the complaint was filed and played an active role in the trial itself. Pl.'s Reply 7, ECF No. 181. Therefore, the Court finds that Plaintiff has a right to recover for the hours expended by Mr. Sanford during his work on the trial, as well as the equitable hearing. *See* Def.'s Obj. 7, ECF No. 177 (requesting 100% disallowance for Sanford's hours).

Second, Defendant argues that time entries for trial and preparation for trial should be discounted for Rozen, Sanford, and Gillespie because they are vague and do not satisfy the Plaintiff's burden. *Id.* at 5-7. Additionally, Defendant objects to the time entries for attendance at an equitable hearing on July 29, 2010. *Id.* at 7. Defendant argues that the time entries for Plaintiff's attorneys should be discounted by 25% for the entries stating "prepare for trial" and "prepare for and attendance at trial." *Id.* at 5-6. Plaintiff responds that the entries meet the requirement that they be a "short but thorough description of the services rendered" but agrees to a 10% reduction for time entries stating "trial preparation" and "prepare for trial." Pl.'s Reply 8-9, ECF No. 181. Plaintiff argues that a reduction for the time spent in trial is not appropriate and a 25% reduction would be too harsh a penalty.

The Court finds that a 15% reduction for the entries describing only trial preparation is appropriate. *See Fathergill v. Rouleau*, No. 3:03-CV-879, 2003 WL 22342718, at * 7 n. 28 (N.D. Tex. 2003) (J. Fitzwater) (citing *Johnson,* 488 F.2d at 717) (finding a 15% reduction appropriate for lack of billing judgment); *Nassar*, 2010 WL 3000877, at *4 (finding time entries of "prepare for trial" or "trial preparation" insufficient). Both the Court and Defendant's attorneys were able to

-6-

observe Plaintiff's time in trial, and therefore, the Court will not discount that time.  The same logic applies to Plaintiff's time entries for the hearing held on July 29, 2010.  The Court will reduce the following hours by 15%: 9.45 hours for Gillespie (now 8.03), 33.5 hours for Rozen (now 28.48), and 12.25 hours for Sanford (now 10.41).[2]

Third, Defendant objects to the request for full recovery of time spent traveling.  Def.'s Obj. 5-6, ECF No. 177.  The time entries for Rozen include 20 hours of travel for depositions.  *Id.* at 6. Defendant requests that these entries be reduced by 50%, and as such a reduction is a common practice in the Fifth Circuit, the Court will grant that request.  *See In re Babcock*, 526 F.3d 824, 827-28 (5th Cir. 2008).  Plaintiff agrees to a reduction of all travel back to Dallas from depositions but asks that the time for travel to Los Angeles on February 1, 2011 not be reduced because it included preparation for the deposition.  Pl.'s Reply 8, ECF No. 181.  It is not evident from Rozen's time entries that she prepared during the travel, and therefore, the Court will include those hours in the time reduced.  Accordingly, the Court reduces the 20 hours spent traveling to 10 hours.

Fourth, Defendant objects to the request for fees for hours spent researching the unconstitutionality of TCHRA damage caps.  Def.'s Obj. 7, ECF No. 177.  Defendant argues the time should not be recovered because it is an issue of well established law, and the Plaintiff's argument was rejected by the Court.  *Id.*  Plaintiff responds that it was his right to make a good-faith argument for the development of the law regarding damage caps as applied to the circumstances of the case, and therefore the time should be recoverable.  Pl.'s Reply 9, ECF No. 181.  Additionally, Plaintiff argues that Defendant cites to no cases for the premise that "well-established law"

---

[2]The Court relies on the chart provided by Plaintiff differentiating between time spent in preparation and time spent actually in trial.  *See* App. to Pl.'s Reply 1, ECF No. 181-1.

foreclosed the issue.  "[A] party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim."  *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). Although Plaintiff's argument did not ultimately succeed, Defendant provides no basis for the theory that they were precluded from making it.  Accordingly, the Court will allow Plaintiff to recover fees for time associated with the argument on damage caps.

In summary, the Court finds that Plaintiff has exercised billing judgment as it relates to the request for fees.  However, the Court will modify the requested fees to reduce the time entries with descriptions of general trial preparation by 15% and travel time by 50%.  The Court denies Defendant's request to eliminate Mr. Sanford's time at trial and the time spent researching the constitutionality of TCHRA damages caps.

2.    *Reasonable Hourly Rates*

Plaintiff requests hourly fees ranging from $825 to $175.  Pl.'s Mot. Fees 10, ECF No. 169. The hourly rates include $825 for Hal Gillespie, $775 for Yona Rozen, $400 for James Sanford, and $400 for Edith Thomas, the primary attorneys on Miller's case.  *Id.* at 7.  The party seeking payment of fees has the burden of establishing the market rate based on the prevailing community standards for attorneys of similar experience in similar cases.  *Riley*, 99 F.3d at 760.  Plaintiff cites to attorney affidavits discussing prevailing rates and recent cases to argue that the rates requested are reasonable. Pl.'s Mot. Fees 7-8, ECF No. 169.  Plaintiff also reasons that the high degree of success in this case should be a basis for unusually high hourly rates.  *Id.* at 7 (citing *Nassar v. University of Texas Medical Center*, 2010 WL 3000877 (N.D. Tex. July 27, 2010)).

In his affidavit, Hal Gillespie describes the fees awarded in *Nassar*, and relies on awards in that case ranging from $400 to $750 as a basis for the awards requested in this case.  App. to Pl.'s

Mot. Fees 3-4.  He also cited a *National Law Journal* 2010 survey for partner billing at five Dallas

law firms showing a range for high billing partners from $617 per hour to $1,120 per hour.  *Id.* at

4.  Finally, Mr. Gillespie provided a summary of the experience level of each of the attorneys

involved in Plaintiff's case.  *Id.* at 4-8.  Rozen cites the same case and survey as a basis for her

knowledge of customary rates.  *Id.* at 82-83.  Plaintiff also provides the affidavit of Edward

Cloutman, a labor and employment lawyer who has been practicing for more than 40 years.  *Id.* at

149.  He states that he reviewed the contract between Plaintiff and GRW and finds it to be

reasonable.  *Id.* at 150.  Based on his experience, the *Nassar* case, and other prevailing authority,

he states that he believes the requested fees are reasonable.  *Id.* at 150-152.  Additionally, Plaintiff

states that high hourly rates are warranted in part because this is one of the largest employment

discrimination verdicts in Texas, and Plaintiff was offered significantly less for settlement.  Pl.'s

Mot. Fees 9, ECF No. 169.

Defendant objects to these rates for several reasons.  First, Raytheon argues that Miller

misinterprets the Supreme Court's opinion in *Perdue v. Kenny A*, 130 S.Ct. 1662, 1673 (2010) and

contends that the Court should not allow higher rates based on the attorneys' excellent work.  Def.'s

Obj. 1, ECF No. 177.  Second, Defendant objects to Plaintiff's use of the *National Law Journal*

survey and attempt to tie his attorneys' rates to that of the highest billing partners at five Dallas law

firms.  *Id.* at 2.  Defendant argues that applying rates from large, full service law firms with practice

areas with high billable rates is inappropriate.  *Id.*  Defendant cites to several courts in other circuits

that have held that small or mid-size firms cannot rely on large firm rates.  *Id.*  (citing *Chambless*

*v. Masters Mates & Pilots Pension Plan*, 885 F.2d 1053 (2d Cir. 1989); *Murray v. Mills*, 354 F.

Supp. 2d 231 (E.D.N.Y. 2005); Wilcox v. Sisson, 2006 WL 1443981 (D.D.C. 2006)).  Raytheon

instead asks the Court to look to the *2009 Hourly Fact Sheet from the State Bar of Texas, Department of Research & Analysis* which cites the median hourly rate for labor and employment in Dallas to be $258. *Id.* at 3. The same article has an median hourly rate of $282 across all practice areas for attorneys with over 25 years of experience. Defendant also relies on the *Texas Lawyer's Hourly Billing Rates* survey which shows an average hourly rate for equity partners in firms of less than 30 lawyers of $360. *Id.*

"[T]rial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). Having reviewed the affidavits and surveys provided by the Plaintiff as well as the articles cited by the Defendant, the Court finds that the hourly fees charged by the GRW attorneys are unreasonably inflated. The affidavit of Mr. Cloutman states that "highly skilled civil litigation attorneys are charging over $650 per hour in the Dallas area." *See* App. to Pl.'s Mot. Fees 150, ECF No. 170-3. However, he does not specify that such fees are typical within labor and employment law, and he does not provide any basis for fees as high as $825 and $775. The Court does not find persuasive GRW's reliance on the top five billing rates in the Dallas area as a basis for reasonable community standards. "In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners." *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-cv-1556-B, 2011 WL 3820704, at * 5 (N.D. Tex. Aug. 26, 2011) (citing several cases and the ranges of hourly rates). GRW is requesting $711,323.00 for 1,316 hours of work, an average of approximately $540 per hour. *See* Pl.'s Mot. Fees 4-5. The Court considers the degree of success in Plaintiff's case, the amount of the verdict, the skill of the attorneys involved, and the attorney affidavits. However, the Court finds that a 30% reduction in fees is appropriate to rectify the overly high rates requested. *See Fluor*

*Corp*, 2011 WL 3820704, at *5.

       3.     *Adjustment*

Plaintiff does not request an adjustment up or down based on the *Johnson* factors.  Therefore, the Court will not apply an adjustment.

       4.     *Calculation*

Based on the analysis provided above, the Court makes the following reductions to the requested fees.  The chart below shows a decrease of 15% for vague time entries involving trial preparation and 50% for travel time.

| Attorney | Requested Hourly Rate | Original Time Expended | Time Minus Reductions | "Lodestar" |
|---|---|---|---|---|
| Hal K. Gillespie | $825 | 226.40 | 224.98 | $185,608.50 |
| Yona Rozen | $775 | 278.20 | 263.17 | $203,956.75 |
| Cheryl Drazin | $500 | 4.0 | 4.0 | $2000.00 |
| Joseph H. Gillespie | $475 | 1.10 | 1.10 | $522.50 |
| James D. Sanford | $400 | 642.52 | 640.68 | 256,272.00 |
| Edith K. Thomas | $400 | 85.80 | 85.80 | $34,320.00 |
| Adam Greenfield | $175/$200 | 20.5/57.50 | 20.5/57.50 | $15,087.50 |
| TOTAL | | 1,316.02 | 1297.73 | $697,767.25 |

Therefore, the total amount of fees before the hourly rate adjustment is $697,767.25.  After the 30% reduction for inflated hourly rates, the total amount of fees owed by the Defendant is

$488,437.08.[3]

**B.      Appropriateness of Expenses**

The Court reviewed the $32,978.26 sought in expenses including $1,311.69 for copying costs, postage, and delivery charges, $8,945.55 in taxable deposition costs, $15,125.00 in expert witness fees, $350 in filing fees, $4,413.28 in travel costs, $2,262.75 in trial transcripts, and $569.99 in trial costs.  Pl.'s Mot. Fees 14, ECF No. 169.  Raytheon did not object to any of these expenses. *See generally* Def.'s Obj., ECF No. 177.  The Court finds payment in the requested amount to be appropriate.

## IV.      CONCLUSION

Based on the foregoing analysis, including consideration of the factors identified by the Fifth Circuit in *Johnson*, the Court **GRANTS in part** Plaintiff's motion for attorney's fees and costs (ECF No. 169).  The Court finds that an award of $488,437.08 for attorney's fees and $32,978.26 in costs is reasonable, resulting in a total award of $521,415.34.

**SO ORDERED** this **15th** day of **September, 2011**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3]  When making an overall reduction in either the hourly fee rate or the number of hours billed, reducing the total fees has the same effect as adjusting either component before multiplying the two together to obtain the lodestar.  *See Fathergill*, 2003 WL 22342718, at * 7 n. 28 (applying this concept to a reduction in the number of hours billed and showing that: fees x (.85 x hours) = .85 x (fees x hours). The Court finds that this is an appropriate means of correcting the attorneys' inflated hourly rates.